**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NGUYEN THANH TU** | § | |
| **a/k/a TU NGUYEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:26-CV-1218** |
| | § | |
| **ATUTA, INC. d/b/a PHO BOLSA TV,** | § | |
| **VU HOANG LAN, ANDREW LE TV,** | § | |
| **AN THIEN LE aka ANDREW LE,** | § | |
| **PREMIERLINE GROUP, LLC.,** | § | |
| **TUAN THANH HO, HGP USA CORP.,** | § | |
| **HOANG GIA PEARL, JSC,** | § | |
| **PHUNG BACH DOAN, ESTHER K. LE,** | § | |
| **THANH NGA T. TRAN,** | § | |
| **PRISCILLA T. LE, TAI VAN PHAM aka** | § | |
| **TONY PHAM, and JOHN NGUYEN** | § | |
| | § | |
| *Defendants.* | § | |

<u>**NOTICE OF REMOVAL**</u>

**TO THE HONORABLE JUDGE OF THIS COURT:**

**Defendant AN THIEN LE a/k/a ANDREW LE** (the "Removing Defendant") files

this Notice of Removal of the civil action pending in the 164th Judicial District Court of

Harris County, Texas, under Cause No. 2026-05947, styled *Nguyen Thanh Tu a/k/a Tu*

*Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV, et al.* (the "State Court Action"), to the United

States District Court for the Southern District of Texas, Houston Division. In support

thereof, Removing Defendant respectfully shows the Court as follows:

## I.    INTRODUCTION

1.    On or about January 29, 2026, Plaintiff Nguyen Thanh Tu ("Plaintiff"), *a judicially declared vexatious litigant*,[1] filed his Original Petition in the State Court Action naming fourteen (14) defendants. (Exhibit A.)

---

[1] Previously, Nguyen Thanh Tu a/k/a Tu Nguyen filed a nearly identical lawsuit against nine defendants in the 11th Judicial District Court of Harris County, Texas, asserting substantially the same allegations. See Cause No. 2025-77842, *Nguyen Thanh Tu, also known as Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV; Vu Hoang Lan; Andrew Le; An Thien Le a/k/a Andrew Le; Premierline Group, LLC; Tuan Thanh Ho; HGP USA Corp.; Hoang Gia Pearl Co.; and Phung Bach Doan*, in the 11th Judicial District Court of Harris County, Texas.

That case was subsequently removed to federal court and assigned to the Honorable David Hittner. *See* Civil Action No. 4:25-cv-04982, *Nguyen Thanh Tu, also known as Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV, et al.*, in the United States District Court for the Southern District of Texas, Houston Division. Judge Hittner dismissed the action because Tu Nguyen had previously been declared a vexatious litigant and failed to comply with mandatory prefiling requirements imposed under Texas law.

Under Texas vexatious litigant law, a person subject to a prefiling order is prohibited from filing new litigation in a Texas court without first obtaining permission from the appropriate local administrative judge. TEX. CIV. PRAC. & REM. CODE § 11.101(a). Specifically, Section 11.101(a) provides that "[a] vexatious litigant subject to a prefiling order may not file new litigation in a court to which the order applies without permission of the appropriate local administrative judge." Id. Section 11.102(a) further requires the vexatious litigant to file an application for permission with the local administrative judge of the administrative judicial district in which the proposed litigation would be filed, and Section 11.102(b) requires the litigant to file a copy of that application with the clerk of the court in which the litigation is proposed to be filed. TEX. CIV. PRAC. & REM. CODE § 11.102(a)–(b). Additionally, the local administrative judge may condition permission on the furnishing of security for the benefit of the defendants. TEX. CIV. PRAC. & REM. CODE §§ 11.055(a), 11.056(a).

Because Tu Nguyen failed to obtain valid prefiling authorization from the proper local administrative judge and failed to comply with the statutory filing requirements, the federal court properly dismissed his action. This prior dismissal is significant because it demonstrates a pattern of repetitive and duplicative litigation involving substantially identical claims filed in violation of Texas Civil Practice and Remedies Code Chapter 11.

It should be noted that Tu Nguyen did not obtain permission from the appropriate local administrative judge, as required by Section 11.101(a) and Section 11.102(a). Nor did he properly file the required application with the clerk of the court in which the litigation was proposed to be filed, as mandated by Section 11.102(b). Instead, Tu Nguyen sought permission from a local administrative judge, the Honorable Latosha Lewis Payne, who did not have authority over the court in which the litigation was filed, which does not satisfy the mandatory requirements of Chapter 11. His failure to comply with these statutory prerequisites rendered his filing unauthorized and subject to dismissal.

Such conduct underscores Tu Nguyen's status as a vexatious litigant and further supports dismissal of the present action for failure to comply with mandatory prefiling requirements under TEX. CIV. PRAC. & REM. CODE §§ 11.101–.102 and for abuse of the judicial process.

2.      As of the filing of this Notice of Removal, Thirteen (13) Defendants have appeared in the state court action by jointly filing a General Denial. Defendant Tai Van Pham aka Tony Pham also has appeared in the state court action by filing a General Denial. (Exhibits B and C.)

3.      This Notice of Removal is filed by Defendant An Thien Le a/k/a Andrew Le pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As shown below, this Court has original subject-matter jurisdiction over this action, and removal is both timely and procedurally proper.

## II.      JURISDICTION

4.      As stated, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) because (1) there is complete diversity of citizenship between Plaintiff and all fourteen (14) Defendants, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      Original jurisdiction also exists under **28 U.S.C. § 1332(a)(2)** because one Defendant, Hoang Gia Pearl, JSC is a corporation, which was organized in Vietnam and its headquarters is in Vietnam (*see* Exhibit A, Plaintiff Original Petition) and the exception in that provision is inapplicable.

6.      **Amount in Controversy:** Plaintiff seeks a money judgment of "not less than $100,000,000, including compensatory, consequential, and punitive damages." (Exhibit B, at p. 35). This exceeds the jurisdictional threshold of **$75,000** required for removal.

7.    **Citizenship of the Parties** as jurisdictionally admitted by Plaintiff in his Original Petition filed on January 29, 2026, at pp. 1-3.

- **Plaintiff:** An individual residing in Harris County, Texas, and therefore a **citizen of Texas**. (Exhibit A, p. 1- Original Petition filed on January 29, 2026.)

- **California Defendants:** Plaintiff alleges that the following Defendants are Residents/domiciliaries, and therefore, citizens of California. (Exhibit A, pp 1-3-- Original Petition filed on January 29, 2026.):

    - 1. Vu Hoang Lan,

    - 2. An Thien Le a/k/a Andrew Le,

    - 3. Andrew Le TV,

    - 4. Tuan Thanh Ho,

    - 5. Phung Bach Doan,

    - 6. Esther K. Le,

    - 7. Thanh Nga T. Tran, and

    - 8. Priscilla T. Le.

- **Corporate Defendants** were each incorporated and/or maintain their headquarters in California**:**

    - 9. ATUTA, Inc. d/b/a Pho Bolsa TV,

    - 10. Premierline Group, LLC,

    - 11. HGP USA Corp. and

     o   12. Hoang Gia Pearl, JSC.

(Ex. A, pp 1-3--Original Petition filed on January 29, 2026).

- **Foreign Defendant – Hoang Gia Pearl, JSC:** This entity is incorporated under the laws of the Socialist Republic of Vietnam and maintains its Headquarters in Vietnam. (Exhibit A--Original Petition, p. 3 filed on January 29, 2026).

- **Fraudulent Joinder of Texas Defendant – John Nguyen:** Removing Defendant asserts that the Texas citizenship of Defendant John Nguyen must be disregarded for the purpose of determining diversity jurisdiction because he has been fraudulently joined. *See* Section IV., *infra*.

8.     Accordingly, **complete diversity exists** between Plaintiff (Texas) and Defendants (California and Vietnam) as required by **28 U.S.C. §§ 1332(a)(1)–(2)**.

### III.    REMOVAL IS PROVIDENT AND TIMELY

9.     This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days after service or appearance. All Defendants appeared in the State Court Action by filing a joint answer on February 14, 2026 (Exhibit B). This Notice, filed on February 14, 2026, is therefore well within the 30-day statutory period.

10.     Defendant **AN THIEN LE aka ANDREW LE** (the "Removing Defendant"), files this Notice of Removal of the civil action currently pending as Cause No. 2026-05947 in the 164th Judicial District Court of Harris County, Texas, styled *Nguyen Thanh Tu a/k/a*

*Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV, et al.* (the "State Court Action"), to the United

States District Court for the Southern District of Texas, Houston Division.

11.    In support, Removing Defendant respectfully shows as follows:

12.    This Notice of Removal is filed by An Thien Le aka Andrew Le pursuant to

28 U.S.C. §§ 1332, 1441, and 1446. As set forth below, this Court has original jurisdiction

over this action, and the removal is timely and procedurally proper.

13.    Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within

thirty (30) days after all and each defendants have/has made a general appearance by

filing a joint answer. (Exhibit B: Defendants' Original Joint Answer filed February 13,

2026.) Defendant Tai Van Pham aka Tony Pham also has made a general appearance by

filing an answer (Ex. C). This Notice is being filed well within the 30-day period after all

defendants have answered.[2] As the court in *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841

(S.D. Tex. 2022), has held:

> What effect, if any, the state-court answer had on the thirty-
> day limit for removal?  Although post-*Murphy Brothers*, the
> Fifth Circuit has not had an occasion to address this question
> on the facts of this case, at least three federal district courts in
> Texas have. **In each case, these courts have held that Section
> 1446(b)'s thirty-day removal period for a defendant who
> had not been formally or properly served commenced to run
> on the date on which the defendant filed an answer in state
> court.** *Cerda v. 2004-EQRI, LLC* , No. SA-07-CV-632-XR, 2007
> WL 2892000, at *3 (W.D. Tex.Oct. 1, 2007); *George-Baunchand
> v. Wells Fargo Home Mortg., Inc.* , No. CIV.A.H-10-3828, 2010

---

[2] *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841 (S.D. Tex. 2022).

WL 5173004, at *3–4 (S.D. Tex.Dec. 14, 2010); *Chambers v. Greentree Servicing, LLC* , No. 3:15-CV-1879-M-BN, 2015 WL 4716596, at *4(N.D. Tex.Aug. 7, 2015).

*Texas law governing general appearance and waiver of service of process lends some support for these courts' holding*. *Cf.Murphy Bros., Inc.,*526 U.S. at 351, 119 S.Ct. 1322 ("Unless a named defendant *agrees to waive service*, the summons continues to function as the *sine qua non* directing an individual or entity [named defendant] to participate in a civil action or forgo procedural or substantive rights."(first italic added)).**A "defendant may enter an appearance," and "[s]uch appearance ... shall have the same force and effect as if the citation had been duly issued and served as provided by law." Tex. R. Civ. P. 120**.Thus, a defendant" can waive defects in service by entering a general appearance." *J. O. v. Tex. Dep't of Family & Protective Servs.,*604 S.W.3d 182, 188(Tex. App.—Austin 2020, no pet.) (citing Tex. R. Civ. P. 120). **And "[f]iling an answer constitutes a general appearance**."*Phillips v. Dallas Cnty. Child Protective Servs. Unit* , 197 S.W.3d 862, 865(Tex. App.—Dallas2006, pet denied)**.**

(Emphasis added.)

## IV.    FRAUDULENT JOINDER OF DEFENDANT JOHN NGUYEN

### A.  Legal Standard for Fraudulent Joinder

14.    The Fifth Circuit has established that a non-diverse defendant is fraudulently joined when the removing party demonstrates that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

15.    Removing Defendant asserts that the citizenship of Defendant John Nguyen must be disregarded for the purpose of determining diversity jurisdiction

because he has been fraudulently joined. The fraudulent joinder doctrine ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity. Under this doctrine, a federal court may disregard the citizenship of a non-diverse defendant when the removing party demonstrates that there is "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.*

16.    The defendant must demonstrate that there is "absolutely no possibility" of recovery against the non-diverse defendant in state court. While the Court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party, the possibility of recovery must be "reasonable, not merely theoretical." If there is no arguably reasonable basis for predicting that state law might impose liability on the facts involved, the joinder is fraudulent.[3] This analysis functions similarly to a Rule 12(b)(6) motion, looking for the existence of a colorable cause of action. *See id*.

**B. Plaintiff Fails to State a Claim Against John Nguyen**

17.    Applying this standard to Plaintiff's Original Petition (Exhibit A), there is no reasonable basis to predict that Plaintiff can recover against Defendant John Nguyen.

18.    To determine whether a reasonable basis for recovery exists, the Court conducts a Rule 12(b)(6)–type analysis, applying federal pleading standards to the state-court petition. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193,

---

[3] *Travis v. Irby*, 326 F.3d 644, 648–49 (5th Cir. 2003).

208 (5th Cir. 2016). Under this standard, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the plaintiff fails to state a plausible claim against the non-diverse defendant, that defendant's citizenship must be disregarded for purposes of determining diversity jurisdiction. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d at 573.

### 1) Absence from Defamation Counts

19.     The core of Plaintiff's lawsuit is Defamation. Yet the Original Petition fails to state a plausible claim for defamation against John Nguyen. Under Texas law, a corporate officer or agent may be held personally liable for a tort only if he "participated in the tortious conduct or had knowledge of it and acquiesced." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). Specifically, to establish defamation, the plaintiff must allege that the defendant published a false statement to a third party. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

20.     As stated above, the whole theme of Plaintiff's lawsuit is defamation. However, in the specific causes of action for "Defamation Per Se" and "Common-Law Defamation," Plaintiff identifies only certain individuals as publishers of allegedly defamatory statements. Plaintiff pleads that "Defendants Le, Ho, and Vu published false statements," and that "Defendant Pham published false statements." (Ex. A ¶¶ 57, 69.) John Nguyen is not identified as a publisher in any defamation count, nor is any specific defamatory statement attributed to him. The truth is: He is not! Absent allegations that

Nguyen personally published or participated in publishing a defamatory statement, Plaintiff cannot establish a defamation claim against him under Texas law. See *McLemore*, 978 S.W.2d at 571.

### 2) Insufficient Conspiracy Allegations

21.    Plaintiff attempts to implicate John Nguyen solely through vague and conclusory allegations that he served as the "nerve center" for HGP USA and was appointed to "spearhead the company's international expansion." (Ex. A ¶¶ 11, 15.) These allegations reflect only corporate status, not personal tortious conduct. Texas law is clear that corporate officers are not personally liable merely because of their corporate role; liability arises only from personal participation in the alleged tort. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

22.    Moreover, civil conspiracy is a derivative tort that depends on the existence of an underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Because Plaintiff has failed to plead any viable underlying tort against John Nguyen, any derivative conspiracy claim fails as a matter of law. *See id.*

23.    Furthermore, under Texas law, a corporation cannot conspire with its own agents or officers acting within the scope of their employment. This principle—known as the intracorporate conspiracy doctrine—recognizes that a corporation and its agents constitute a single legal entity incapable of conspiring with itself.  *See Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1995, writ

denied).

24.     Accordingly, because John Nguyen is alleged only to have acted as a corporate director, and no independent tortious conduct outside the scope of his corporate role is alleged, Plaintiff's conspiracy claim fails as a matter of law.

## C.  No Reasonable Basis for Liability

25.     The Court must determine whether there is a reasonable basis—not merely a theoretical possibility—for predicting liability against John Nguyen. *Smallwood*, 385 F.3d at 573. Plaintiff's Original Petition relies solely on John Nguyen's alleged corporate status while failing to allege any John Nguyen's specific personal participation in defamatory conduct or other tortious activity. Accordingly, Plaintiff has no reasonable possibility of recovery against John Nguyen, as he has been fraudulently joined ONLY for purposes of defeating diversity jurisdiction to stay their case in Texas, avoiding to land back in Judge Hittner's Court.

## D.  John Nguyen's Affidavit Evidence

26.     As further evidence of fraudulent joinder, Defendant John Nguyen has submitted a sworn affidavit (attached as Exhibit I) refuting all material allegations asserted against him. In determining fraudulent joinder, the Court may consider summary-judgment-type evidence, including affidavits. *Smallwood*, 385 F.3d at 573; *Int'l Energy Ventures*, 818 F.3d at 210.

**1) Absence of Social Media or Community Involvement**

27.    John Nguyen testifies that he has never been involved in the Vietnamese online community and has never discussed or posted comments on social media regarding Plaintiff or the matters at issue. He further affirms that he is not a YouTube content creator and does not operate any YouTube channel. Nguyen further testifies that he has made no Facebook postings related to Plaintiff Nguyen Thanh Tu or any alleged controversy.

**2) Limited and Terminated Business Relationship with HGP USA**

28.    John Nguyen's involvement with HGP USA, CORP. ("HGP USA") was strictly limited to a failed Amazon-related business proposal. He met Defendant Thanh Tuan Ho in January 2025 and briefly served as a Director of HGP USA from February 24, 2025 to May 20, 2025. After Amazon rejected the sale proposal, Nguyen promptly requested to be removed from the company. Since his removal on May 20, 2025, Nguyen has had no management authority, ownership interest, or any involvement with HGP USA.

**3) Corporate History of HGP USA**

29.    Based on official California Secretary of State records, John Nguyen provides the corporate history of HGP USA (Entity No. 202002810005) **(Ex. J1).** It was formed on January 9, 2020, and subsequently converted into HGP USA, a California Stock Corporation (Entity No. 4773292) **(Ex. J1)**, which remains active. These records confirm

John Nguyen's limited and temporary involvement for only three months. See Ex. I, Affidavit of John Nguyen.

### 4) Categorical Denial of Plaintiff's Allegations

30.     Plaintiff alleges that Nguyen served as the "nerve center" of HGP USA and was responsible for engaging the Vietnamese diaspora in Texas. (Ex. A ¶ 15.) Nguyen unequivocally denies these allegations and attests that they are false, unsupported, and without factual basis.

31.     Nguyen further attests that his directorship lasted only approximately three months, from February 24, 2025, to May 20, 2025, after which he had no involvement with HGP USA

### 5) Lack of Tortious Conduct or Conspiracy

32.     John Nguyen affirms that he has never authored, published, approved, or directed any defamatory statement or tortious communication concerning Plaintiff. He has never acted jointly or in conspiracy with any Defendant, and Plaintiff has failed to identify any actionable conduct attributable to him.

### 6) Purpose of Joinder

33.     Nguyen states his belief that Plaintiff named him solely because of his Texas citizenship, for the improper purpose of defeating federal diversity jurisdiction. His joinder serves no legitimate substantive purpose and constitutes improper joinder under Fifth Circuit law. See *Smallwood*, 385 F.3d at 573.

### E. Conclusion on Diversity Jurisdiction

34.     Because John Nguyen has been fraudulently joined, his Texas citizenship must be disregarded for jurisdictional purposes. When the citizenship of the improperly joined defendant is disregarded, complete diversity exists between Plaintiff (Texas) and the properly joined Defendants (California and Vietnam), and the amount in controversy exceeds $75,000. Accordingly, removal is proper under 28 U.S.C. §§ 1332 and 1441, and the forum-defendant rule does not apply to fraudulently joined defendants.

### V.     LIST OF MATTERS BEING FILED

35.     To effectuate removal, the following documents are filed contemporaneously with this Notice of Removal or will be filed as required by the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas:

- **Ex. A**: Plaintiff's Original Petition filed January 29, 2026

- **Ex. B**: Defendants' Original Joint Answer of thirteen (13) Defendants filed February 14, 2026

- **Ex. C**: Defendant Tai Van Pham aka Tony Pham's Original Answer filed February 14, 2026

- **Ex. D:** State Court Docket Sheet for Cause No. 2026-05-947, 164th Harris County District Court.

- **Ex. E1**: Joint Consents to Removal

    o   Atuta, Inc. D/B/A Pho Bolsa TV

- o Vu Hoang Lan

- o Andrew Le TV

- o Premierline Group, LLC

- o Tuan Thanh Ho

- o HGP USA Corp.

- o Hoang Gia Peral Co.

- o Phung Bach Doan

- o Esther K. Le

- o Thanh Nga T. Tran

- o Priscilla T. Le

- o John Nguyen

- **Ex. E2**: Consent to removal of:

  - o Tai Van Pham aka Tony Pham

  (REMOVING PARTY is AN THIEN LE aka ANDREW LE)

- **Exs. F1-F5:** Disclosure Statements (FRCP 7.1): Separate disclosures will be filed for the following defendants:

  - o **Ex. F1:** Corporate Disclosure Statement of ATUTA, Inc. d/b/a Pho Bolsa TV

  - o **Ex. F2:** Corporate Disclosure Statement of Premierline Group, LLC

  - o **Ex. F3:** Corporate Disclosure Statement of HGP USA Corp.

  - o **Ex. F4:** Corporate Disclosure Statement of Hoang Gia Pear, JSC

- o  **Ex. F5:** Disclosure Statement Regarding Defendant Andrew Le TV

- **Ex. G:** List of All Counsel of Record

- **Ex. H:** Declaration of Lloyd E. Kelley in Support of Removal

- **Ex.** I: Affidavit of John Nguyen

- Ex. J1: Adding John Nguyen on February 24, 2025

- Ex. J2: Deleting John Nguyen on May 20, 2025

- **Civil Cover Sheet**

- **Filing Fee:** The statutory filing fee has been paid.

- **Notice to State Court:** A Notice of Filing of Notice of Removal will be promptly filed with the Clerk of the 164th Judicial District Court of Harris County, Texas, to provide notice of removal in compliance with 28 U.S.C. § 1446(d).

## VI.    VENUE

36.    Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441(a), because it is the federal judicial district and division embracing the place where the State Court Action is pending.

## VII.    PROCEDURAL REQUIREMENTS

34.    As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice of Removal as identified in Section II above.

35.    Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served or made a general appearance must join in or consent to the removal. *Esquivel v. LA Carrier*, 578 F. Supp. 3d 841 (S.D. Tex. 2022).   All named Defendants consent to the removal of this action to demonstrate their unanimous agreement. Each of the thirteen (13) Defendants is filing a consent which are attached hereto as **Exhibit E1;** and consent to the removal by Defendant Tai Van Pham aka Tony Pham attached hereto as **Exhibit E2,** as required by case law in the Fifth Circuit.

36.    Written notice of the filing of this Notice of Removal will be promptly served on all parties and filed with the Clerk of the 164th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1446(d).

## VIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **AN THIEN LE aka ANDREW LE** respectfully requests that this case be removed from the 164th Judicial District Court of Harris County, Texas, to this Honorable Court, and that this Court assume full jurisdiction over this matter.

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.1203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766

Fax:(281) 652-5973

COUNSEL FOR DEFENDANT AN THIEN LE aka ANDREW LE AND OTHER DEFENDANTS

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
SPECIAL COUNSEL FOR DEFENDANT PHUNG BACH DOAN

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**