1/29/2026 10:15 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 110593366
By: Rhonda Momon
Filed: 1/29/2026 10:15 AM

EXHIBIT A

CAUSE NO. _____

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § | IN THE DISTRICT COURT OF |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| ATUTA, INC. d/b/a PHO BOLSA TV, | § | |
| VU HOANG LAN, ANDREW LE TV, | § | |
| AN THIEN LE aka ANDREW LE, | § | HARRIS COUNTY, TEXAS |
| PREMIERLINE GROUP, LLC., | § | |
| TUAN THANH HO, HGP USA CORP., | § | |
| HOANG GIA PEARL, JSC., PHUNG | § | |
| BACH DOAN, ESTHER K. LE,  THANH | § | |
| NGA T. TRAN, PRISCILLA T. LE, TAI | § | |
| VAN PHAM aka TONY PHAM, and | § | |
| JOHN NGUYEN, | § | |
|     *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**COMES NOW**, Tu Nguyen (aka Nguyen Thanh Tu or NTT), Plaintiff, and files this Original Petition and would respectfully show the Court as follows:

### A.    *Discovery Level*

1.    Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### B.    *Parties*

2.    This suit is brought by  Tu Nguyen , an individual who resides in Harris County, Texas.

3.    Lan Hoang Vu ("Vu") is an individual residing in Westminster, California.  Vu may be served with process at 9550 Bolsa Ave STE 228 – Westminster, CA 92683, 9600 Bolsa Ave Westminster, unit 106 – Westminster, CA 92683, and 9361 Bolsa Ave  #202 Westminster, CA 92683, or email: lanhoangvu@yahoo.com or text @ 714-227-0324.

4.    ATUTA, Inc. dba Pho Bolsa TV ("Bolsa TV") is located in Westminster, California. Bolsa TV may be served by serving Vu at 9550 Bolsa Ave STE 228 - Westminster, CA 92683,  9600

Bolsa Ave Westminster, unit 106 - Westminster, CA 92683, and 9361 Bolsa Ave  #202 Westminster, CA 92683, lanhoangvu@yahoo.com, or text @ 714-227-0324.

5.      An Thien Le a.k.a. Andrew Le ("Le") is an individual residing in Fountain Valley, California.  He has worked for Pho Bolsa TV at least since 2020. Le may be served with process at 17759 Toiyabe St., Fountain Valley, CA 92708, and 14541 Brookhurst St, D1 Westminster, California 92683, or email: tatnle@gmail.com; vpandrewle@gmail.com,  or text @ 714-458-5288 and 714-872-8888.

6.      Esther K. Le is an individual residing in Fountain Valley, California.  She may be served with process at 17759 Toiyabe St., Fountain Valley, CA 92708, and 14541 Brookhurst St, D1 Westminster, California 92683.

7.      Than Nga T. Tran is an individual residing in Fountain Valley, California.  He may be served with process at 17759 Toiyabe St., Fountain Valley, CA 92708, and 14541 Brookhurst St, D1 Westminster, California 92683.

8.      Priscilla T. Le is an individual residing in Fountain Valley, California.  She may be served with process at 17759 Toiyabe St., Fountain Valley, CA 92708, and 14541 Brookhurst St, D1 Westminster, California 92683.

9.      Andrew Le TV is based in Fountain Valley, California. It is an extension of Pho Bolsa TV, established by Le to create a media ecosystem aimed at dominating the Vietnamese-language media market in the United States. Le TV may be served by serving Le at 17759 Toiyabe St., Fountain Valley, CA 92708, and 14541 Brookhurst St, D1 Westminster, California 92683, or email: tatnle@gmail.com; vpandrewle@gmail.com,  or text @ 714-458-5288 and 714-872-8888.

10.     Premierline Group, LLC ("Premierline") is incorporated in the state of California, with Esther K. Le ("Esther") serving as its Chief Executive Officer as of November 29, 2025.

Premierline may be served at either 17759 Toiyabe St., Fountain Valley, CA 92708 or 14541 Brookhurst St., D1, Westminster, CA 92683.

11.    Hoang Gia Pearl, JSC ("HGP")is located at 1156-1158 Huỳnh Tấn Phát, KP5, Phường Tân Phú, Quận 7, Thành phố Hồ Chí Minh, Việt Nam.  HGP is also registered in the United States as HGP USA Corp, an LLC, and its "nerve center" is via its Director, John Nguyen of Grand Prairie, Texas.  HGP may be served with process through its Director John Nguyen, at 2540 Northlake Drive, Grand Prairie, TX 75054.

12.    Tuan Thanh Ho aka Anthony Tuan Ho ("Ho") is an individual residing in Fountain Valley, California, and is the Chief Executive Officer and Chairman of the Board of HGP.  Ho may be served with process at 11363 Snowdrop Ave. Fountain Valley, CA 92708.

13.    Phung Bach Doan, known as ("Phung") is a co-founder and the Deputy General Director of HGP.  She is vicariously liable for the defamatory actions committed by Ho, another co-founder, during their joint business activities and within the scope of their authority. Phung can be served at the address 11363 Snowdrop Ave, Fountain Valley, CA 92708, or via email at the following addresses: cskh@hoanggiapearl.com; finifer@hoanggiapearl.com; info@hoanggiapearl.com

14.    Tai Van Pham, also known as Tony Pham ("Pham"), runs a YouTube channel called TONY PHAM USA. Pham resides in Kansas City, Missouri. Pham may be served at the following addresses: 435 Denver Ave., Kansas City, MO 74124, or 2531 Broadway Bluffs Dr., Columbia, MO 65201. He can also be contacted via email at LIVEINUS@gmail.com or by text at 1 (816) 724-5698.

15.    John Nguyen is a Texas resident and at all pertinent times,  was the "nerve center" for HGP. Mr. Nguyen, in February of 2025, was appointed to the board of directors of HGP USA Corp, entrusted with spearheading the company's international expansion, focusing on both the Vietnamese and non-Vietnamese speaking in the Teas market.  His mission was to engage the

dynamic Vietnamese diaspora of over 700,000 Vietnamese Americans in Texas, many of whom were targeted by Defendants' actions.   Mr. Nguyen may be served with process at 2540 Northlake Drive, Grand Prairie, TX 75054.

###### C.    *Jurisdiction and Venue*

16.    This Court has subject matter jurisdiction because the amount in controversy and the damages sought are within the jurisdictional limits of this Court.   Personal jurisdiction is proper because Defendant GHP has its nerve center in Texas, Defendant John Nguyen resides in Texas, and all Defendants had substantial contacts with Texas and targeted audience viewers, users, and subscribers in Harris County, Texas, and the damages resulting from the conduct of Defendants was felt, at least in party, in this County.

17.    Venue is proper pursuant to §15.002, §15.005, and §15.017 of the Texas Civ. Prac. & Remedies Code, as Defendants Le, Vu, and Ho committed the torts subject of this suit in Harris County, Texas, and Plaintiff resided in Harris County, Texas at the time of the accrual of the cause of action.

###### D.    *Background Facts*

18.    In the case of Gerard R. Williams III v. Dai Duong Pham, et al., Plaintiff Tu Nguyen ("NTT"), stands as a peripheral defendant. Gerard R. Williams III ("Williams") applied for an injunction that targeted explicitly certain defendants identified as YouTubers and media entities. Plaintiff firmly believed he was not among those targeted YouTubers or media, which led him to conclude that his presence at the hearing was unnecessary, given that no injunctive motions were directed at him. Consequently, Plaintiff chose not to attend the hearing on February 20, 2025.

19.    Nevertheless, on March 20, 2025, the Court, in Gerard R. Williams III v. Dai Duong Pham, et al., entered an Injunction, that included NTT. (See attached **Exhibit A**).

20.    Defendant Pho Bolsa TV, under the ownership of Vu and ATUTA, deployed Defendant

Le to Houston to cover the hearing with the purpose of shaping public opinion favorable to Williams. Alongside Le at Harris County Civil Court #1 was Defendant Ho, who presented himself officially as the cameraman for Pho Bolsa TV, wearing Pho Bolsa TV's staff badge. This substantial allocation of personnel, time, and resources unmistakably reflects the defendants' commitment to orchestrating a calculated and public campaign aimed at defaming Plaintiff. Ho, who had no media experience, evidently joined in to ensure that Williams' interest was well served, as the two were good friends and possibly business partners, by waging a well-orchestrated smear campaign against Plaintiff. The intention was crystal clear: to maximally disseminate false and damaging information about Plaintiff through ATUTA, Inc., which operates as Pho Bolsa TV, Andrew Le TV, and the Facebook page of Premierline Group, LLC ("Premier"). This reckless behavior, also involving Royal Pearl (also known as Hoàng Gia Pearl or its international name, HOANG GIA PEARL DONG THAP COMPANY LIMITED ("HGP")) and John Nguyen, has severely tarnished Plaintiff's reputation not only in Harris County, Texas but also throughout the U.S. and globally.

21.      Defendant Andrew Le is the founder, sole owner, and alter ego of Premierline Group, LLC ("Premierline"), which is an alter ego of Pho Bolsa TV.  Premierline operates a Facebook page named Premierline and a YouTube channel called Andrew Le Office, also known as Andrew Le TV. This dynamic platform features engaging interviews and daily news segments co-hosted by Defendant Vu. Additionally, Andrew Le produces a weekly program titled "GÓC NHÌN ANDREW LÊ," (Andrew Le's Perspective) which airs on Pho Bolsa TV.

22.      He strategically promotes his content through the "Premierline" brand on platforms like Facebook and Andrew Le TV. By featuring a profile picture that showcases him as both a member of the Pho Bolsa TV team and the director, producer, and anchor of the weekly show "GÓC NHÌN ANDREW LÊ," he effectively emphasizes his close connection to Pho Bolsa TV, thus creating an

ecosystem that captures a large market share of the Vietnamese-speaking viewership both in Vietnam and among the Vietnamese diasporas. Pho Bolsa TV is among the very few U.S.-based media organizations permitted by the Vietnamese Government to operate in Vietnam.

23.     Premierline's public Facebook page is strategically designed to engage a Vietnamese-speaking audience, including those in the Vietnamese diaspora in the United States. With around 5 million Vietnamese individuals living abroad, including 2.5 million in the United States alone, and 100 million in Vietnam, this platform plays a vital role in connecting this expansive community. Additionally, it targets over 1.7 million registered subscribers of Pho Bolsa TV, as well as more than 800,000 Vietnamese Americans in California and 400,000 Vietnamese Americans in Harris County, making it a powerful tool for outreach.

24.     Defendant Le adeptly harnesses Premierline's public Facebook page as a powerful commercial platform, igniting interest and elevating awareness of Premierline's businesses while generating revenue. An increase in viewership directly translates into increased revenue. He actively invites visitors to explore his YouTube channels, Andrew Le TV, and Pho Bolsa TV, for product purchases, subscriptions, advertising opportunities, talk shows, and daily news.

25.     Defendant Le has shared hundreds of Facebook Reels on this public page, primarily in Vietnamese, which has significantly enhanced traffic to Premierline's Facebook presence and boosted the visibility of Pho Bolsa TV. This strategy not only fuels revenue growth for both entities but also taps into cultural connections, fostering deeper engagement with a growing audience within the expanding ecosystem.

26.     Furthermore, Defendant Le promotes initiatives for both Premierline Group, LLC, and his employer, Pho Bolsa TV, through Premierline's Facebook page and his media channels. He showcases over one hundred episodes of various programs that he has directed and produced, such as interviews, "The Andrew Le Show," and his weekly series "Góc Nhìn Andrew Lê" (Andrew

Le's Perspective). Daily live news segments featuring both Defendants -- Le and Vu -- are also featured. These episodes, filmed at the Premierline Group office—known as Andrew Le TV—are streamed on Pho Bolsa TV, enhancing reach and impact. See clickable link photos 1 and 2.



27.    On February 20, 2025, Williams and his wife, singer Bich-Tuyen (also known as Tuyen Nguyen on Facebook), attended the temporary injunction court hearing in Harris County, supported by Le, Ho, and Khoa Le, another YouTuber, with the intent of shaping public opinion to their advantage. Defendants Le and Vu, both associated with Pho Bolsa TV, were not attending as media representatives, instead, they are working as mercenaries for Williams and his wife to manipulate public opinion from the outset.

28.    Likewise, Ho, a co-founder and the CEO of the flourishing multimillion-dollar conglomerate Hoang Gia Pearl, JSC (HGP), and his wife, Phung Bach Doan ("Phung"), the co-founder and Deputy General Director of HGP[1], enjoy a strong friendship with Williams and particularly his wife Tiffany Nguyen, who is well-known in the Vietnamese diaspora and in Vietnam as singer Bich-Tuyen, and with her parents Minh Nguyen and Ha Truong  HGP stands as a cornerstone in the Asian pearl industry,



---

[1]    https://www.nguoiduatin.vn/loat-giai-thuong-cua-nu-doanh-nhan-doan-bach-phung-nha-dong-sang-lap-ngoc-trai-hoang-gia-204586010.htm;https://www.nguoiduatin.vn/loat-giai-thuong-cua-nu-doanh-nhan-doan-bach-phung-nha-dong-sang-lap-ngoc-trai-hoang-gia-204586010.htm;https://eva.vn/tin-tuc-thoi-trang/phia-sau-thanh-cong-cua-ngoc-trai-hoang-gia-la-nu-doanh-nhan-doan-bach-phung-day-ban-linh-c290a541428.html; https://afamily.vn/hai-thap-ky-xay-dung-va-phat-trien-hoang-gia-pearl-cua-doanh-nhan-doan-bach-phung-20221219215500051.chn?fbclid=IwY2xjawMznS5lcHRuA2FlbQIxMABicmlkETEyZWdpN3RNNFVTMVdmaGY2AR4hx6-yEZNa-dUBZ8Sqpck-9Vc6d1b473vRT50875cS8vJysddVWM8R5FCIsg_aem_FEN2VUKo-dAa8JnFISypqg; https://ngoisaodoanhnhan.vn/chuyen-gia-tam-ly-ly-thi-mai-lan-dau-chia-se-ve-cau-chuyen-khien-minh-day-dut/?fbclid=IwY2xjawMzovRlcHRnA2FlbQIxMABicmlkETEyZWdpN3RNNFVTMVdmaGY2AR6cgZisZKlqRX8nOH1iQQkFrTcB2-wMmsnSBdj6nzLBq4Xa_9UWoveQUAJkow_aem_co6GvVFPGcAB-UFbHtlFiQ

representing a significant multimillion-dollar enterprise operating extensively in both the U.S. and Vietnam. See clickable link photo 4.

29.     Ho took on the role of a camera operator for Pho Bolsa TV to ensure that Williams and his wife prevail in the court of public opinion while Williams' lawsuit against Vietnamese superstar singer Dam Vinh Hung was proceeding through the court system. His strategic partnership with the other Defendants reflects Ho's strong alliance with the  Williamses and his willingness to protect their interests.  For example, in multiple comments on Le's Facebook page, he aggressively advocated a lawsuit against Ngo Ky, a well-known and vocal member of the Vietnamese community overseas. Also, in a separate comment regarding another case in County Court 1, where Williams stood as the plaintiff against Thu Thuong Derek Pham, and Plaintiff, Ho expressed his concerns that they might evade justice in the injunctive order. He clearly aimed to defend the Williamses by working with other Defendants to silence their critics.

30.     On February 19, 2025, Defendant Vu saw them off to the airport to attend the temporary injunction hearing on February 20, 2025. Meanwhile, Defendant Le captivated the audience with compelling opening remarks that set the tone for the proceedings: "As we embark on this mission, I'm thrilled to have *my boss* (Vu) supporting me. Let's give a warm welcome to our *new cameraman* (Ho) and make sure he feels right at home! I can't wait to share our upcoming reports with all of you." Ho then described his enthusiasm, "I've got an exciting assignment lined up for 3 days and 2 nights, filled with delicious food and engaging tasks!" See Facebook photos below:





31.    For the three-day assignment starting on February 20, 2025, at the Harris County Courthouse, Defendant Ho displayed Pho Bolsa TV-issued staff badge, which designated him as the official cameraman. Between 7:15 and 7:22 a.m. on that day, Ho shared his excitement about working as a cameraman for Pho Bolsa TV. The badge not only recognized him but also underscored his involvement in publicizing a high-profile defamation case.

32.    This badge stands as a testament to the collaborative efforts of Vu, Le, and Ho to disseminate and amplify the disinformation that threatens Plaintiff and his reputation. Ho's involvement amounts to being a "co-conspirator to defamation," as he contributed to spreading a false and damaging narrative about  Plaintiff. By operating the camera, he played a pivotal role in disseminating misleading statements and images in a video narrated by Le and authorized by Vu, which ultimately harmed Plaintiff's

reputation. In this context, Ho was not just a bystander; he actively engaged in the preparation and dissemination of a defamatory publication. As an agent, he diligently worked toward achieving the objectives of the agency (Pho Bolsa TV HGP, and Defendant Nguyen) in his role as an ad hoc cameraman.  See clickable link photo 5.

33.    Ho is a celebrated public figure in Vietnam, renowned for his exceptional skill as a master craftsman of rare pearls. As the youngest recipient of the prestigious title of Meritorious Artisan, he epitomizes the richness of Vietnam's artistic heritage.[2]

34.    By participating as the cameraman covering the lawsuit involving friends who are well-known the entertainment industry, Ho aimed to highlight his close relationship to this couple and draw significant public attention from Vietnam and the global Vietnamese community to himself and his company, leveraging his status as a highly regarded and internationally recognized craftsman.

35.    Defendant Le proudly declared that he garnered nearly five hundred thousand viewers in just a few hours during his coverage of the temporary injunction hearing on February 20, 2025. This remarkable achievement took place during a live interview with the popular YouTuber Khoa Le, known to fans as "Cu Lu Nhi." During and after that hearing, Defendant Le actively encouraged viewers to sign up as paid members, emphasizing the value of exclusive content.

36.    All defendants have participated in a deliberate collusion, executing a well-orchestrated plan with specific roles assigned to each participant. The evidence is compelling: Vu approved and

---

[2] https://doanhnhansaigon.vn/the-kieng-ba-chan-cua-doanh-nhan-ho-thanh-tuan-241172.html; https://english.vtv.vn/news/a-special-pearl-set-was-gifted-to-the-first-lady-2025011011374927.htm; https://baothanhhoa.vn/nghe-nhan-ho-thanh-tuan-duoc-vinh-danh-tai-su-kien-thang-di-san-nguoi-my-goc-a-250764.htm;https://tednlichtphem.vn/chuyen-lay-tong-thong-my-gui-thu-cam-on-nghe-nhan-ho-thanh-tuan-c17a98582.html;https://vnexpress.net/nghe-nhan-uu-tu-ho-thanh-tuan-tro-thanh-pho-chu-tich-gia-4404520.html; https://www.phunumcmyang.com.vn/tin-tuc/nghe-kim-hoan/nghe-nhan-7x-lam-thay-doi-lich-su-ngoc-trai-the-gioi.html;https://vnbusiness.vn/thi-truong/thoi-hon-dai-quoc-lcn-ngoc-trai-1104297.html; https://thethaovanhoa.vn/nghe-nhan-ho-thanh-tuan-duoc-vinh-danh-tai-su-kien-thang-di-san-nguoi-my-goc-a-2025060315442011.htm;https://hoikimhoansaigon.vn/vinh-danh-quoc-te-nghe-nhan-ho-thanh-tuan-tai-nha-trang-hoa-ky/

authorized the issuance of an exclusive 3-day employee badge for Ho, who acted as a cameraman (with the endorsement/complicity of his company and Defendant Nguyen) only for this one specific occasion and directed Le and Ho to cover the hearing under the name of Pho Bolsa TV, strategically using social media to defame Plaintiff maliciously. They collaborated to tarnish Plaintiff's reputation for two evident purposes: (a) to shape public opinion in favor of the Williamses, while they awaited the progression of Williams' lawsuit against Dam Vinh Hung in the judicial system, and (b) to create sensational news that would boost viewership, clicks, stickiness for Vu's and Le's social media outlets and increase revenue for Vu, Le, Pho Bolsa TV, Andrew Le TV, HGP (particularly in Texas), and Premierline.

37.    At the heart of this plot to defame Plaintiff is Vu, the co-owner of Pho Bolsa TV, who boasts over 1.7 million subscribers. Alongside him are his partners, Dung Taylor TV and Andrew Le TV. Williams and his wife have strategically chosen all three. Defendants Ho, a close ally of the Williams family, Vu, and Le have acted together in a powerful and multifaceted alliance to harm Plaintiff. Together, they seek to bolster the public image of Gerard R. Williams III and his wife. This alliance is instrumental in crafting their narratives, shaping public opinion, and enhancing the Williamses' standing within the Vietnamese community, both in the U.S., particularly in Harris County, and in Vietnam.



38.    It is evident that Pho Bolsa TV and Andrew Le TV do not operate as legitimate media outlets; rather, they function as instruments chosen explicitly by the Williamses to act as his mouthpieces in shaping public opinion. Defendant Le has repeatedly stated on Pho Bolsa TV that "I'm not media" whenever ethical concerns have been raised, underscoring their dubious role in

this situation.[3]

39.     Pho Bolsa TV is one of the few, if not the only, U.S.-based media outlets allowed by the Vietnamese government to officially operate in Vietnam. Essentially, Pho Bolsa TV has a unique opportunity to capture the market of 100 million people.

40.     In Vietnam, all media is state-owned, either wholly or partially. Licensed news agencies are expected to operate strictly within the limits of their licenses. Any violations can lead to fines, suspensions, or even the revocation of their licenses. This licensing structure places news outlets under the direct control of party or state entities, creating an imbalance of power that the government often exploits to manipulate the media.

41.     For foreign media outlets wishing to operate in Vietnam, additional layers of licensing and permissions are required beyond the standard press license. These include press visas for foreign correspondents, press cards for permanent correspondents, and operating licenses for foreign media offices. The process highlights the challenges foreign news media frequently encounter when trying to obtain these credentials. Thus, Pho Bolsa TV stands out as the "go to" media outlet that targets both the Vietnamese audience in Vietnam and overseas.

42.     Defendant Le has been a staff member of Pho Bolsa TV since 2020, fulfilling various roles, including reporter, editor, director, and producer. During a live broadcast on October 2, 2023, Defendant Vu openly discussed their three-year collaboration, being enthusiastic about their long-time association. He stated, "I look forward to many more years together!" This remark highlighted their strong and longstanding alliance.  Since 2020, Defendant Le has prominently displayed his Pho Bolsa TV badge, clearly identifying him as "staff" or "reporter." This badge serves as a

---

[3] YouTube channel is unlikely to be considered a news media entity on its own, as a 2021 Washington State Supreme Court ruling clarified that simply operating a YouTube channel does not qualify an entity as news media, even if traditional news organizations use YouTube to host their content. While many Americans consume news on YouTube, this does not automatically make individual YouTubers or their channels news outlets, particularly when they rely on micro-celebrity practices rather than the journalistic standards of traditional news organizations.

testament to his dedicated role within the organization right up to the date this complaint was filed. On February 20, 2025, between the timestamps 22:42 and 22:51, Defendant Le reported live from the Harris County Courthouse, stating, "Today, representing Pho Bolsa TV and Andrew Le TV, I will be reporting live for you ", and confirmed that Defendant Vu would also be joining the broadcast. During the segment from 3:53 to 3:47 on July 11, 2021, Defendant Vu took the opportunity to introduce Defendant Le, emphasizing Le's position as the esteemed editor and presenter of Pho Bolsa TV. Furthermore, as of October 01, 2025, Pho Bolsa TV officially recognizes Defendant Le as an integral member of their team, highlighting their ongoing partnership and steadfast commitment to collaboration. See clickable link photo 8.

43.    Although the hearing in County Court #1 did not address the merits of the lawsuit filed by Williams against Plaintiff, which Defendants Vu and Le knew as they were present, Defendant Le went on to state, "The judge has reached a conclusion. The absence of Mr. Nguyen Thanh Tu and Ms. Nhu Ta today clearly indicates his guilt in the charges of defamation and slander. Due to his failure to appear in court, the judge will not entertain any letters or motions submitted by Mr. Tu."[4] This statement was false because as a civil matter, there is no "guilt", and  the Court did entertain Plaintiff's motion to vacate its ruling on March 20, 2025.

44.    Furthering this known falsity, during a break in proceedings, Defendant Le elaborated to the audience, "It's important to note that two of the four individuals being sued today, Mr. Nguyen Thanh Tu and Ms. Nhu Ta, have already been *convicted*."[5]  This is also a demonstrably false

---

[4] Timestamps between 7:35 & 8:04  https://rumble.com/v6rbt2s-andrew-le-tv-and-pho-bolsa-tv-reporting-from-houston-texas-02-20-2025.html
[5] Timestamps between 14:20 & 14:28  https://rumble.com/v6rbt2s-andrew-le-tv-and-pho-bolsa-tv-reporting-from-houston-texas-02-20-2025.html

statement, which Defendant Le knew as he was present.

45.    Defendants Le and Vu mobilized their collective resources, including the Premierline Facebook page and Andrew Le TV platforms, as well as Pho Bolsa TV, to carry out a calculated campaign of disinformation and malicious attacks against Plaintiff. These harmful actions were conducted under the guise of Premierline and Pho Bolsa TV. Notably, Defendant Le disseminated false information from the Harris County Courthouse through the Pho Bolsa TV platform and Premierline's Facebook page. This deceitful post inaccurately claimed that Plaintiff had been held in contempt of court, a serious criminal offense. Defendant Le was fully aware that this claim was unfounded and unwarranted, especially because he had publicly boasted his pursuit of a doctorate in law.

46.    On February 25, 2025, Plaintiff took a crucial step by dispatching defamation mitigation letters to Vu, Le, Pho Bolsa TV, Andrew Le TV, and Premierline. These letters, sent through email, text, and WhatsApp, explicitly demanded that the defendants correct, clarify, or retract their false statements.



47.    Instead of opting for a responsible and thoughtful approach, Defendant Le chose to intensify his attacks. He stated, "U leaked this email and our communication to the public. ***So be prepared for note (more) attacks out there. Not me.***" See photo 9.   On February 26, 2025, he posted on Premierline's Facebook, "Andrew Le has not received any lawsuit from NTT yet. ***I can't wait for it!***" Furthermore, on February 27, 2025, Defendant Le posted on Premierline's Facebook, "That's between the people involved. It doesn't concern me. ***I'm waiting for him to file the lawsuit***, so I can review the material and quickly refresh my memory." See attached Plaintiff's Declaration.

48.     This conduct clearly illustrates that Defendant Le, along with his collaborators and co-conspirators, fully recognized that his statements were defamatory, given their blatant falsehoods and their reckless disregard for the truth. He anticipated facing a defamation lawsuit from me but showed a troubling indifference to the possible repercussions, relying on the misguided belief that he was shielded by the label of a declared vexatious litigant.

49.     The defendants exhibited a reckless disregard for the seriousness of the situation, openly mocking it. On November 3, 2025, a follower on Premierline's Facebook page commented on my lawsuit against Defendants Le, Ho, Vu, and the company, stating, "Get ready to deal with this guy; it's going to be very tiring." In response, Defendant Le replied, "Who is tired? I'm not. *I'm enjoying it.*" See attached Plaintiff's Declaration.  This exchange starkly illustrates their lack of concern for the seriousness of their actions. Unsurprisingly, the assault on Plaintiff persisted without interruption, fueled by Defendants Le, Vu, and Ho, as well as the entities that sanctioned and authorized these actions, of which they are the founders, co-founders, and directors.

50.     For instance, on Premierline's Facebook page and Pho Bolsa TV's venue, Defendants Le and Vu rallied their audience to join them on the Andrew Le Show. They asserted, "Today, March 20, 2025, the Harris County Court issued a temporary injunction (TI) order against Nguyen Thanh Tu and Nhu Ta for contempt of court for failing to appear on February 20, 2025, despite having received proper notice. This order prohibits Nguyen Thanh Tu and Nhu Ta from making any comments, writings, or actions related to the Williams family across all media platforms. The TI order will remain in effect until the conclusion of Williams vs. YouTubers case." This underscores the serious commitment of the defendants to resorting to falsities to destroy Plaintiff's reputation.

51.     Although neither the signed temporary injunction nor the transcript from the March 3, 2025, status conference stated that Plaintiff was in contempt of court, Defendant Le, waving a copy of the injunction, stated on Pho Bolsa TV, his Premierline's Facebook page, and  YouTube channel

a message titled "NHƯ TA VIẾT THƯ XIN LỖI MONG TÒA THA THỨ, NHƯNG TÒA VẪN RA LỆNH PHẠT CẢ HAI THANH TÚ NHƯ TA" (Translation: Nhu Ta wrote a letter of apology, asking for forgiveness from the court, but the court still issued an order of punishment against both Thanh Tu (and) Nhu Ta.): "Contempt of court is also a crime."[6] ... The judge said that since the 20th – in the court minutes of March 3, she said that "you did not appear in court on February 20, you disrespected [the court], you were in contempt of court."[7] Defendant Le further stated: "Oh, so am I right or wrong, Mr. Tu? Mr. Tu, I said you were in **contempt of court**, right? The judge confirmed. And I also said the court has stamped you (on February 20, 2025, TI hearing). Is it stamped now? Did I say anything wrong? Mr. Nguyen Thanh Tu? You are a dishonest person, no honesty."[8] ... "I told you (the supporters), but you did not listen. That is your business, but don't come here to support individuals with **criminal record**, as it might negatively impact your reputation."[9] (Emphasis added). See attached Plaintiff's Declaration.

52.    On March 23, 2025, Defendant Le shared a video on Premierline's Facebook page titled "Giải mã: NGUYỄN THANH TÚ LÀ AI? NGƯỜI CÓ TIỀN ÁN TIỀN SỬ Ở MỸ HIỆN GIỜ Ở ĐÂU?" (Translation: Decode: WHO IS NGUYEN THANH TU? WHERE IS THE PERSON WITH A CRIMINAL RECORD IN THE U.S. NOW?). (Emphasis added) The video "doxxed" Plaintiff by publicly disclosing his home address, his wife's name, and other sensitive personal information.[10] This behavior has the potential to escalate into stalking. At the very least,

---

[6] Timestamp @: 1:09:27 & 1:09:28 https://rumble.com/v6xscg6-andrew-le-nh-t-vit-th-xin-li-mong-ta-tha-th.html
[7] T timestamps between 1:13:20 &1:13:32 https://rumble.com/v6xscg6-andrew-le-nh-t-vit-th-xin-li-mong-ta-tha-th.html
[8] Timestamps between 1:21:01 & 1:21:31 https://rumble.com/v6xscg6-andrew-le-nh-t-vit-th-xin-li-mong-ta-tha-th.html
[9] Timestamps between 1:10:49 & 1:11:01 https://rumble.com/v6xscg6-andrew-le-nh-t-vit-th-xin-li-mong-ta-tha-th.html
[10] Texas. **Section 42.074** of the Tex Penal Code criminalizes doxing – "Unlawful Disclosure of Residence Address/Tel. Number." Under this statute, a person commits doxing if he or she "posts on a publicly accessible website the residence address or telephone number of an individual with the intent to cause harm or threat of harm to the individual or a member of the individual's family or household." It is a Class B misdemeanor, punishable by six months in jail and a maximum $2000 fine, to post an individual's address or number on a publicly accessible

Defendants Le and Vu clearly sought to put Plaintiff and his family in a position of public ridicule and harm their reputation within the Vietnamese community in Harris County, TX. Worse yet, their disinformation campaign may put Plaintiff, his wife and his children in harm's way as they would face hostility from local viewers of Pho Bolsa TV and Andrew Le TV. See attached Plaintiff's Declaration.

53.    To maximize the reach of their disinformation campaign, Defendants Le and Vu also targeted Vietnamese viewers beyond Harris County, Texas. They focused on the 5 million Vietnamese individuals living overseas and the 100 million people in Vietnam. Additionally, they aimed at the  more than 1.7 million registered subscribers of Pho Bolsa TV. See clickable link photo 10. By using specific hashtags, they enable individuals to search for and *easily access* all related content on social media platforms. The false statement is so damaging to the Plaintiff's reputation that harm is presumed, allowing the case to proceed without the need to prove actual damage. This situation arises from specific categories of statements, particularly those that were wrongfully asserted by Le, Vu, and Ho that Plaintiff is a criminal with a record and has committed contempt of court or engaged in criminal behavior. Such accusations are not only harmful; they undermine the fundamental principles of justice and fairness. Similarly, the hashtag that falsely accuses the Plaintiff of being a criminal with a record and having committed contempt of court is considered defamation per se.

54.    Defendant Le not only serves as a businessman but also proudly identifies as a pastor with expertise in law. Meanwhile, Defendant Vu from Pho Bolsa TV fervently advocates for Defendant

---

website with the intent to cause harm or a threat of harm to the individual or a member of the individual's family/ household.

Le's credentials, showcasing him as a dedicated and accomplished "Ph.D." law student. Defendants Premierline, ATUTA d/b/a Pho Bolsa TV, and Vu have deliberately assigned Defendants Le and Ho to come to Harris County, Plaintiff's location of residence, to wage acts of defamation, fully aware of Le's track record of harassment, gaslighting, and spreading disinformation on multiple social media platforms. Their failure to act in response to Plaintiff's letters points to complicity and intent to harm.

55.    On November 3, 2025, Pham appeared on TONY PHAM USA in a segment titled "Toang thật rồi Phương Hằng phản hay quá Trương Ngọc Ánh phen này rất mệt!" During this segment, Pham made serious and unfounded allegations against Plaintiff. Tony claimed, "I heard it through the grapevine that Mr. Gia Nguyen is lending Nguyen Thanh Tu, Plaintiff, a significant $100,000



for a lawsuit. There are questions about who is truly supporting Nguyen Thanh Tu." To, at 7:09, Pham has crossed the Rubicon by making baseless accusations suggesting Plaintiff has a connection to Sir Daniel K. Winn, Gia Nguyen's cousin. He implied that Winn was involved in Plaintiff's ongoing civil case and the $100,000 loan from Gia Nguyen, framing it in a potentially criminal context. These accusations are not only baseless but also jeopardize Plaintiff's reputation and expose Plaintiff's business to grave risks with the Vietnamese government. Compounding this matter is the fact that the individuals mentioned by Pham have been implicated in the arrest of Truong Ngoc Anh, a prominent actress in Vietnam, who is currently under criminal investigation. This makes the claims against Plaintiff all the more concerning and damaging. (See attached Plaintiff's Declaration).

56.    On November 4, 2025, Bich Tuyen made a notable comment on Premierline Group's Facebook page under a post by Andrew Le in cahoots with Tony Pham and others. She remarked, "

I heard in an online community that someone received a $100,000 loan and later discovered that a wealthy entertainment producer was the source of the funding. I'm not sure if that's a blessing or a curse." Her comment resonated deeply with many, particularly given its timely appearance alongside Tony Pham, the Williams' mercenary, who is comparable to other notable mercenary figures such as Pho Bolsa TV, Andrew Le TV, and Dung Taylor TV. (See attached Plaintiff's Declaration).

**E.    *Defamation Per Se as to Defendants Le, Ho, and Vu***

57.    Defendants Le, Ho, and Vu published and conspired to publish the following false statements regarding Plaintiff:

-'"It is important to note that two of the four individuals being sued today, Mr. Nguyen Thanh Tu and Ms. Nhu Ta, have already been convicted.";

-"Contempt of court is also a crime.";

-"WHO IS NGUYEN THANH TU? WHERE IS THE PERSON WITH A **CRIMINAL RECORD** IN THE US NOW?"

-"You are a dishonest person"; and

-Plaintiff has a "criminal record".

58.    Additionally, Defendants conspired to "Doxx" Plaintiff.

59.    The statements described above are untrue and defamatory per se as they accuse Plaintiff of a crime, having a criminal record, and being dishonest, all of which injure Plaintiff's reputation, profession, and/or occupation.

60.    Defendants' statements were not privileged and were made with actual malice in that they were made with knowledge that they were false or with reckless disregard as to whether they were true or false.

61.     Plaintiff seeks presumed damages for the loss of his reputation and severe emotional distress from all Defendants.

**F.      *Defamation Common Law Defamation as to Defendants Le, Ho, and Vu***

62.     Plaintiff hereby incorporates the specific allegations contained in ¶¶ 57 and 58 above.

63.     These statements involved a private matter as Plaintiff is not a public figure and is not involved in any public controversy in connection with his personal life, profession, trade, or business.

64.     These statements referred to Plaintiff by name.

65.     Defendants acted with actual malice or were at least negligent when they made these statements.

66.     Defendants acted with reckless disregard for the truth or falsity of the statements made.

67.     The statements described above are untrue and defamatory as they falsely accuse Plaintiff of a crime, having a criminal record, and being dishonest, all of which injure Plaintiff's reputation, profession, and/or occupation.

68.     Plaintiff seeks damages for loss of his reputation and severe emotional distress from all Defendants.

**G.      *Defamation Per Se as to Defendant Pham***

69.     Defendant Pham published the following false statements regarding Plaintiff:

        -"I heard it through the grapevine that Mr. Gia Nguyen is lending Nguyen Thanh Tu, Plaintiff, a significant $100,000 for a lawsuit. There are questions about who is truly supporting Nguyen Thanh Tu."

70.     Defendant Pham reasonably anticipated that this false statement would be repeated online, which it was.

71.    Defendant Pham is liable for anticipated republications.

72.    The statement described above is untrue and defamatory per se as it accuses Plaintiff of being dishonest – taking money from a gangster, which injures Plaintiff's reputation, profession, and/or occupation.

73.    Defendant's statement was not privileged and was made with actual malice in that it was made with knowledge that it was false or with reckless disregard as to whether it was true or false.

74.    Plaintiff seeks presumed damages for the loss of his reputation and severe emotional distress from Defendant Pham.

**H.    *Common Law Defamation as to Defendant Pham***

75.    Plaintiff hereby incorporates the specific allegations contained in ¶69 above.

76.    This statement involved a private matter as Plaintiff is not a public figure and is not involved in any public controversy in connection with his personal life, profession, trade, or business.

77.    This statement referred to Plaintiff by name.

78.    Defendant acted with actual malice or were at least negligent when he made this statement.

79.    Defendant acted with reckless disregard for the truth or falsity of the statement made.

80.    The statement described above is untrue and defamatory and falsely accuses Plaintiff of being dishonest – taking money from a gangster, which injures Plaintiff's reputation, profession, and/or occupation.

81.    Plaintiff seeks damages for loss of his reputation and severe emotional distress from Defendant Pham.

**I.    *Conspiracy***

82.    "Let the master answer" - The liability in question does not arise directly from the actions of Premierline Group, LLC, ATUTA, Inc. (operating as Pho Bolsa TV), or HGP. The actions of

the founders, co-founders, co-owners, and directors, including Defendant John Nguyen, have created a foreseeable risk that has caused harm to the Plaintiff while trying to promote the interests of Premierline, ATUTA, Inc. (operating as Pho Bolsa TV), HGP, and Royal Pearl.

83.    Defendants Vu, Le, and Ho are personally responsible for their actions because they not only authorized but also actively directed, approved, and facilitated the spread of false and damaging statements about Plaintiff.

## J.    Fraudulent Transfer

84.    On November 29, 2025, after Plaintiff filed his initial suit against Le, et al, Defendant Le made a calculated decision to transfer ownership of Premierline Group, LLC to his family members. His eldest daughter, Esther K. Le ("Esther"), now leads as the CEO, while Priscilla T. Le ("Priscilla") and Thanh Nga Thi Tran ("Nga") actively contribute as partners. It's important to note that in Texas, a transfer of ownership does not extinguish a company's previous defamation liability; instead, that liability typically carries over to the new owners.

## K.    Exemplary Damages

85.    Defendants made these false allegations with actual malice.

86.    Defendants acted with reckless disregard for the truth or falsity of the statements made.

87.    Plaintiff seeks the imposition of exemplary damages on all Defendants, jointly and severally .

## L.    Jury Demand

88.    Plaintiff hereby demands a trial by jury and tenders the jury fee with this pleading.

89.    Accordingly, the plaintiff is entitled to a money judgment against defendants in an amount to be determined at trial, but not less than $100,000,000, including actual and punitive damages.

## M.    Pre-Filing Order

90.     Plaintiff attaches hereto his Order Granting Leave to File Suit, by the Local Administrative Judge of Harris County, Texas. (See **Exhibit C**).

 **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon final hearing, the Court award Plaintiff damages and exemplary damages against all Defendants, jointly and severally, and award Plaintiff all other relief to which he is justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com

By: _/s/  Brian Turner_
Brian Turner
State Bar No. 20310450
ATTORNEY FOR PLAINTIFF

EXHIBIT – A

1242113

Harris County - County Civil Court at Law No. 1

1/16/2025 10:45 AM
Teneshia Hudspeth
County Clerk
Harris County

CAUSE NO. 1242113

| | | |
|---|---|---|
| GERARD RICHARD WILLIAMS III | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| DAI DUONG PHAM (A/K/A DEREK PHAM) | § | |
| THU THUONG DOAN, and NHU TA, | § | |
| *Defendants.* | § | HARRIS COUNTY, TEXAS |

**as to Defendants TU NGUYEN(aka**
**TEMPORARY INJUNCTION THANH TU NGUYEN) and NHU TA.**

On this day, the Court heard the application for a temporary injunction submitted by

Plaintiff GERARD RICHARD WILLIAMS, III ("Plaintiff") against Defendants DAI DUONG

PHAM (A/K/A DEREK PHAM), THU THUONG DOAN, TU NGUYEN (A/K/A THANH TU

NGUYEN), and NHU TA. Having considered Plaintiff's Amended Petition and Applications for

**Defendants TU NGUYEN AND NHU TA did not appear, despite receiving proper notice.**

Temporary Injunction and Permanent Injunction, the verification thereof, the evidence presented

in court, and the arguments of counsel, the Court finds as follows:

The Court finds that Plaintiff has demonstrated:

- ◇ **Probable irreparable injury** for which there is no adequate remedy at law.

- ◇ **A likelihood of success on the merits** of his claims for internet defamation, civil

  harassment, and invasion of privacy.

- ◇ A material risk of physical harm unless Defendants are immediately restrained.

Furthermore, the Court finds that:

- ◇ Defendants' actions, if unrestrained, will continue to interfere with Plaintiff's rights

  and damage his personal and business reputation.

1

- This interference will cause imminent and irreparable harm to Plaintiff's business and personal well-being, including incalculable damage, for which no adequate remedy at law exists.

- Plaintiff has sought relief expeditiously and has provided, or attempted to provide, reasonable notice to Defendants under the circumstances.

- Immediate and irreparable harm will occur unless Defendants are restrained without delay.

- The balance of equities between Plaintiff and Defendants favors the issuance of injunctive relief, as it protects Plaintiff's physical safety and personal and business reputation.

**Temporary Injunction Necessary to Preserve the Status Quo**

The Court finds that a temporary injunction is necessary to maintain the status quo between the parties pending a trial on the merits.

**IT IS THEREFORE ORDERED that:**

**Defendants TU NGUYEN AND NHU TA shall refrain from making future comments (oral or written) on**

1. ~~Defendants are required to delete~~ all YouTube livestreams, Facebook posts, or other social media content mentioning and/or defaming Gerard Richard Williams III and his family members.

**Defendants TU NGUYEN AND NHU TA shall refrain from making future comments (oral or written) on**

2. ~~Defendants are required to delete~~ all YouTube livestreams, Facebook posts, or other social media content encouraging violence or murder against Plaintiff, his wife Tuyen Nguyen Williams, or his family.

**Defendants TU NGUYEN AND NHU TA shall refrain from making futue comments (oral or written) on**

3. Defendants are required to delete all YouTube livestreams, Facebook posts, or other social media content alleging that Plaintiff:

- Is a "dishonest, stingy, deceitful, inhuman, and cheating individual and husband."

- Is "engaging in illegal activities by cheating the insurance carrier."

2

    o   Is a "scammer and cruel."

    o   Is a "stinky prostitute," a "hypocrite," or a "liar."

    o   That Plaintiff and his wife are "Satans."

**IT IS FURTHER ORDERED that** this Temporary Injunction shall remain in effect pending a trial on the merits of this action.

The clerk of the above-entitled Court shall forthwith, on the filing by Plaintiff of the required bond, and on approving the same according to the law, issue a temporary injunction in conformity with the law and the terms of the order.

This Order shall not be effective unless and until Plaintiff executes and files with the clerk a bond, in conformity with the law, in the amount of $ **1000.00** .

SIGNED on the _____ day of **3/20/2025** 2025.

_____

JUDGE PRESIDING

FILED
03/20/2025 1:35:24 PM
Teneshia Hudspeth
County Clerk
Harris County, Texas
donna.brodell

# EXHIBIT – B

**CAUSE NO. _____**

| | | |
|---|---|---|
| IN RE TU NGUYEN, | § | IN THE DISTRICT COURT OF |
| PLAINTIFF | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | ____ JUDICIAL DISTRICT |

### ORDER GRATING LEAVE TO FILE SUIT

Mr. Nguyen was ordered a vexatious litigant by the 10th Judicial District Court of Galveston, Texas in Cause No. 17-cv-0790. Pursuant to that order, Mr. Nguyen is prohibited from "filing pro se any new litigation in a court of this State unless permission has been granted by the Local Administrative Judge." Texas Civil Practice and Remedies Code sec. 11.102(a) prohibits vexatious litigants "from filing, pro se, new litigation" without the permission of the local administrative judge. Mr. Nguyen, through his counsel Brian Turner, now requests permission to file or maintain a lawsuit against Atuta, Inc., et al.

The Administrative Judge has reviewed Mr. Turner's letter, attachments and arguments, and the applicable authorities. The Administrative Judge's review included the orders of dismissal issued in the Southern District of Texas, Civil Action No. 4:25-cv-4982.

Chapter 11 of the Civil Practices and Remedies Code was amended in 2013 to clarify that the statute only applies to pro se litigants. Specifically, the definition of plaintiff was amended to state: "Plaintiff means an individual who commences or maintains a litigation *pro se*." §11.001(5) (emphasis added). Other portions of the vexatious litigation statue were similarly modified. See §§11.102(a), 11.103(a), and 11.1035.

Because Mr. Nguyen is represented by counsel, he is not acting pro se and is not subject to the pre-filing requirements of Chapter 11. The Administrative Judge offers no opinion on whether Mr. Nguyen's case has merit or if it is being filed for the purposes of harassment or delay. To the

extent needed, the Administrative Judge GRANTS permission for Mr. Nguyen to proceed with the litigation so long as he is represented by counsel.

If Mr. Nguyen is at any time no longer represented by counsel, then he will need to follow the statutory obligations outlined in Chapter 11, including seeking permission to proceed with or maintain any existing litigation.

Mr. Webb may seek review of this decision by writ of mandamus to an appellate court. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(c).

Signed: _December 19, 2025_

Houston, Texas

Judge Latosha Lewis Payne
Local Administrative District Judge
Harris County, Texas

# EXHIBIT D

# AndrewLe TV

Contact: 14541 Brookhurst St, D1, Westminster CA 92683, USA
Phone: (714) 458-5288, Fax: 714-998-8228; Email: premierline@me.com

April 8, 2025

MR. BRIAN TURNER
308 N Washington Ave
Bryan, TX 77803-5309

Re: Tu Nguyen A/K/A Thanh Tu Nguyen

Dear Sir:

This letter is in response to your correspondence addressed to me Andrew Le, AndrewLe TV, and Premierline Insurance Agency, dated Mar 24, 2025.

At the outset, we respectfully remind you that Mr. Tu Nguyen (also known as Thanh Tu Nguyen) has been formally declared a vexatious litigant, and his name is currently listed in the Public Registry maintained by the Texas Office of Court Administration. This declaration was issued by the District Court of the 10th Judicial District in Galveston County, which found that Mr. Nguyen had repeatedly filed frivolous lawsuits and motions and demonstrated a likelihood of continuing such conduct.

For your reference, we are enclosing a copy of the court's Order along with a link to the registry: https://www.txcourts.gov/judicial-data/vexatious-litigants/

Pursuant to the Texas Vexatious Litigant Statute—TEX. CIV. PRAC. & REM. CODE §§ 11.101, 11.102, and 11.052—the fact that Mr. Nguyen is represented by counsel does not exempt him or his attorney from the obligations imposed by the statute. These obligations include, but are not limited to, obtaining pre-filing approval from the appropriate Administrative Judge and posting monetary security to cover potential attorneys' fees should the litigation fail.

We also wish to emphasize that, according to § 11.101(e) of the same statute: "A prefiling order entered under Section 11.101 by a district or statutory county court applies to each court in this state."

In summary:

a. The Vexatious Litigant Statute applies to Mr. Tu Nguyen regardless of whether he is represented by legal counsel.

b. The relevant statutory provisions applicable to this matter are §§ 11.101, 11.102, 11.103, and 11.1035, under Subchapter C: Prohibition of Filing New Litigation.

c. No additional court in Texas or California is required to make a new determination as to Mr. Nguyen's vexatious status—he is already legally recognized as such.

Please further note that Section 73.005 provides:

> The truth of the statement in the publication on which an action for libel is based is a defense to the action.

Additionally, pursuant to section Sec. 73.056. (a):

> A person who has been requested to make a correction, clarification, or retraction may ask the person making the request to provide reasonably available information regarding the falsity of the allegedly defamatory statement not later than the 30th day after the date the person receives the request. Any information requested under this section must be provided by the person seeking the correction, clarification, or retraction not later than the 30th day after the date the person receives the request.

TEX. CIV. PRAC. & REM. CODE § 73.056 (a).

Consequently, please provide the undersigned with any "reasonably available information" regarding the falsity of the allegedly defamatory statement no later than the 30th day after you receive this request. We are happy to work with you and are confident in demonstrating that Andrew Le, AndrewLe TV, and Premierline Insurance Agency are committed to serving the Vietnamese Asian community and exercises great care in fact-checking all information.

Sincerely,

Andrew Le
AndrewLe TV
Premierline Insurance Agency

2



**9039 Bolsa Ave, 302, Westminster CA 92683, USA**
**Email: phobolsatv@gmail.com**

April 21, 2025

MR. BRIAN TURNER
308 N Washington Ave
Bryan, TX 77803-5309
Re: Tu Nguyen A/K/A Thanh Tu Nguyen

Dear Sir:

This letter is in response to your correspondence addressed to me Vu Hoang Lan and Pho Bolsa TV, dated Mar 24, 2025.

First of all, Mr. Andrew Le operates his own platform and independently shared his own commentary. Any claim attributing this statement to me or Pho Bolsa TV is factually incorrect. Neither I nor Pho Bolsa TV authorized or disseminated any content related to the court hearing in question. Pho Bolsa TV has not published or promoted any defamatory material regarding you. In fact, there was no statement about you on our Platform on that court day. Consequently, there is nothing to retract or correct.

Please let me respectfully remind you that Mr. Tu Nguyen (also known as Thanh Tu Nguyen) has been formally declared a vexatious litigant, and his name is currently listed in the Public Registry maintained by the Texas Office of Court Administration. This declaration was issued by the District Court of the 10th Judicial District in Galveston County, which found that Mr. Nguyen had repeatedly filed frivolous lawsuits and motions and demonstrated a likelihood of continuing such conduct.

For your reference, we are enclosing a copy of the court's Order along with a link to the registry: **https://www.txcourts.gov/judicial-data/vexatious-litigants/**
Pursuant to the Texas Vexatious Litigant Statute—TEX. CIV. PRAC. & REM. CODE §§ 11.101, 11.102, and 11.052—the fact that Mr. Nguyen is represented by

counsel does not exempt him or his attorney from the obligations imposed by the statute. These obligations include, but are not limited to, obtaining pre-filing approval from the appropriate Administrative Judge and posting monetary security to cover potential attorneys' fees should the litigation fail.

We also wish to emphasize that, according to § 11.101(e) of the same statute: "A prefiling order entered under Section 11.101 by a district or statutory county court applies to each court in this state."

In summary:

a.       The Vexatious Litigant Statute applies to Mr. Tu Nguyen regardless of whether he is represented by legal counsel.

b.       The relevant statutory provisions applicable to this matter are §§ 11.101, 11.102, 11.103, and 11.1035, under Subchapter C: Prohibition of Filing New Litigation.

c.       No additional court in Texas or California is required to make a new determination as to Mr. Nguyen's vexatious status—he is already legally recognized as such.

Please further note that Section 73.005 provides:

The truth of the statement in the publication on which an action for libel is based is a defense to the action.

Additionally, pursuant to section Sec. 73.056. (a):

A person who has been requested to make a correction, clarification, or retraction may ask the person making the request to provide reasonably available information regarding the falsity of the allegedly defamatory statement not later than the 30th day after the date the person receives the request.  Any information requested under this section must be provided by the person seeking the correction, clarification, or retraction not later than the 30th day after the date the person receives the request.

TEX. CIV. PRAC. & REM. CODE § 73.056 (a).

Consequently, please provide the undersigned with any "reasonably available information" regarding the falsity of the allegedly defamatory statement no later than the 30th day after you receive this request. We are happy to work with you and are confident in demonstrating that myself Lan Hoang Vu and Pho Bolsa TV are committed to serving the Vietnamese Asian community and exercises great care in fact-checking all information.

2

Sincerely,

Lan Vu

Founder and President of Pho Bolsa TV