IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN,<br>　　　*Plaintiff,*<br><br>v.<br><br>ATUTA, INC. d/b/a PHO BOLSA TV,<br>VU HOANG LAN, ANDREW LE TV<br>AN THIEN LE aka ANDREW LE,<br>PREMIERLINE GROUP, LLC.,<br>TUAN THANH HO, HGP USA CORP.,<br>HOANG GIA PEARL, JSC., PHUNG<br>BACH DOAN, ESTHER K. LE,  THANH<br>NGA T. TRAN, PRISCILLA T. LE, TAI<br>VAN PHAM aka TONY PHAM, and<br>JOHN NGUYEN,<br>　　　*Defendants.* | CIVIL ACTION NO. 4:26-CV-1218 |

## PLAINTIFF'S MOTION TO REMAND

**COMES NOW**, Tu Nguyen (aka Nguyen Thanh Tu or NTT), Plaintiff in the above-styled cause, and pursuant to 28 U.S.C. 1447(c), files his Motion to Remand and would respectfully show the Court as follows:

### A.     *Procedural History*

1.     The present suit is for defamation against certain individuals and their co-conspirators.

2.     This action was originally filed in District Court in Harris County, was removed to Federal Court, and assigned Civil Action No. H-25-4982 and assigned to the Honorable David Hittner.

3.     Judge Hittner issued an Order requiring Plaintiff Tu Nguyen to obtain a pre-filing letter from the Local Administrative Judge, within time certain, or the case would be dismissed.

4.     Although permission was sought, permission was not timely obtained, so true to his word, the Court dismissed the case.  Defendants sought the dismissal to be with prejudice, which this Court did not do.

5.  As the case had been dismissed, should the Plaintiff decide to re-file, permission could be sought at the court level of Plaintiff's choosing – Harris County Civil Court, Harris County District Court, or United States Federal Court.

6.  Plaintiff chose to refile in the original Court – Harris County District Court, thus permission was properly sought and granted from that Local Administrative Judge. A copy of the permission Order was attached to Plaintiff's Original Petition as Exhibit "B".

7.  It has been determined that the nerve center of co-conspirator HGP USA HGP is also registered in the United States as HGP USA Corp, an LLC, and its "nerve center" is via its Director, John Nguyen of Grand Prairie, Texas.

8.  Finally, as stated in ¶15 of Plaintiff's Original Petition, John Nguyen is a Texas resident and in February of 2025, shortly before the main incident giving rise to this suit, was appointed to the board of directors of HGP USA Corp, entrusted with spearheading the company's international expansion, focusing on both the Vietnamese and non-Vietnamese speaking in the Teas market. His mission was to engage the dynamic Vietnamese diaspora of over 700,000 Vietnamese Americans in Texas, many of whom were targeted by Defendants' actions.

9.  As soon as a Demand for Retraction pursuant to §73.055 of the Texas Civ. Prac. & Rem. Code was sent to Defendant Ho (Defendant Nguyen's boss), Defendant Ho removed Defendant Nguyen as a Director of HGP USA, further indicia of wrongdoing.

10. Paragraphs 20, 28, 29, 32, 34, and 36 of Plaintiff's Original Petition provide further extensive detail as to the roles that HGP USA Corp. and John Nguyen played in this conspiracy.

11. After the present suit was properly refiled in Harris County District Court, Defendants removed this case pursuant to 28 U.S.C. §1441.

### B.  Law and Argument

12. As there are no Federal Law Claims, as acknowledged in Defendants' email to the Court

of February 16, 2026, the sole basis of removal is diversity of citizenship.

13. The removal statute must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941).

14. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, *Twombly*, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, **accepted as true**, to "state a claim to relief that is plausible on its face," *id.*, at 570, 127 S.Ct. 1955. (emphasis ours). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. *Ashcroft v. Iqbal,* 562 U.S. 662, 663 (2009).

15. "The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not." *Smallwood v. Illinois Central Railroad Co.,* 385 F. 3d 568, 573 (5th Cir. 2004).

16. The joinder of a party is not fraudulent unless "it was without any reasonable basis." *Chesapeake & Ohio Railway Co. v. Cockrell,* 232 U.S. 146, 153 (1914).

17. A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title  [citizens of different States]   may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.  28 U.S.C. §1441(b)(2).

18. As Defendant Nguyen is properly joined and is a Texas Citizen, and as Plaintiff's Original

Petition establishes a reasonable basis for liability, diversity does not exist and the case should be remanded.

19. As stated in ¶8 above, during the time of the incidents giving rise to this suit, HGP USA's Director John Nguyen lived in Texas, and as its focus was on developing the enormous Vietnamese-American community in Texas, Texas was where their leading management controlled and coordinated its activities. Thus, the State of Texas was the nerve center for HGP USA. *See Hertz Corp. v. Friend,* 559 U.S. 77, 80-81, 130 S.Ct. 1181, 1186 (2010). Diversity does not exist and the case should be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen prays tht this matter be set for hearing, and that upon hearing, this Court grant his Motion to Remand and remand this case to Harris County District Court, and for other and further relief to which he may be justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com

By: /s/ Brian Turner
Brian Turner
State Bar No. 20310450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via email, on this 18th day of February, 2026.

/s/ Brian Turner
Brian Turner