IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:26-CV-1218 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC, PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM aka TONY PHAM, and JOHN NGUYEN | § § § § § § § § § § § | |
| *Defendants.* | § | |

**DEFENDANTS' JOINT NOTICE OF RELATED CASE (CAUSE NO. 2025-77842) AND PROCEDURAL HISTORY OF THE CURRENT LITIGATION (CAUSE NO. 2026-05947)[1]**

TO THE HONORABLE COURT:

Defendants jointly file Notice **of** Related Case and Procedural History of the Current Litigation, involving Plaintiff Nguyen Thanh Tu (a/k/a Tu Nguyen) and the fourteen (14) defendants in the above-referenced matter, which has recently been removed to the United States District Court for the Southern District of Texas, Houston

---

[1] Defendants did put the information about related case, but this formal notice is to specifically clarify.

Division.

## I.   LITIGATION HISTORY

### A. The Refiled Defamation Action IS A RELATED MATTER to the Previously Dismissed Action

On January 29, 2026, Plaintiff filed his Original Petition in the 164th Judicial District Court of Harris County, Texas, under Cause No. 2026-05947, naming fourteen defendants. Thirteen of those defendants are citizens of states different from Plaintiff and are therefore completely diverse. Plaintiff, however, also named John Nguyen, a Texas citizen, who was fraudulently joined in an apparent attempt to defeat federal diversity jurisdiction.

### B. The Previously Dismissed Defamation Action

This refiled action is factually and substantively identical to Plaintiff's prior action filed under Cause No. 2025-77842 in the 11th Judicial District Court of Harris County, Texas. That prior action was removed to federal court and assigned to the Honorable David Hittner as Civil Action No. 4:25-cv-04982 in the United States District Court for the Southern District of Texas, Houston Division. Judge Hittner subsequently dismissed that action in its entirety.

The present lawsuit represents a duplicative attempt to relitigate the same claims against substantially the same defendants.

### C. Affidavit of Defendant John Nguyen Demonstrating Fraudulent Joinder in this Refiled Defamation Action which is a Related Matter

Both Plaintiff's dismissed action and the present refiled action assert claims arising

under Texas defamation law. In this second attempt to pursue the same allegations, Defendant John Nguyen has submitted a sworn affidavit, attached as Exhibit I to Defendants' Notice of Removal, conclusively refuting all material allegations asserted against him.

In determining whether a defendant has been fraudulently joined, courts may consider summary-judgment-type evidence, including affidavits and sworn testimony. See *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).

Mr. Nguyen testifies under oath that:

- He has never been involved in the Vietnamese online community and has never discussed or published any statements concerning Plaintiff or the matters at issue;

- He is not a YouTube content creator and does not operate any YouTube channel;

- He has never published any statements about Plaintiff Nguyen Thanh Tu on Facebook or any other social media platform; and

- He has had no involvement whatsoever in any alleged defamatory conduct.

Plaintiff's only apparent basis for naming Mr. Nguyen is his Texas residency. Mr. Nguyen's brief and unrelated association with Defendant HGP USA Corp., a California corporation, provides no factual or legal basis for defamation liability. Specifically, Mr.

John Nguyen was temporarily listed as a director of HGP USA Corp. from February 24, 2025, to May 20, 2025—a period of approximately three (3) months—after which he voluntarily requested removal from the board following Amazon's rejection of HGP USA's proposed merchandise program. (See Doc. # __the attached affidavit attached to Notice of Removal and attached hereto for the Court's convenience) This limited, unrelated corporate affiliation has no connection to Plaintiff's defamation allegations and further confirms that John Mr. Nguyen was improperly joined solely to defeat diversity jurisdiction. There is no reasonable basis to predict that Plaintiff can recover against Mr. Nguyen under Texas law.

## II.   PLAINTIFF'S STATUS AS A DECLARED VEXATIOUS LITIGANT

Plaintiff's prior federal action before Judge Hittner was dismissed because Plaintiff had previously been declared a vexatious litigant and failed to comply with mandatory statutory prefiling requirements. Under TEX. CIV. PRAC. & REM. CODE § 11.101(a), a person subject to a prefiling order is prohibited from filing new litigation in Texas courts without first obtaining permission from the appropriate local administrative judge. Compliance with Chapter 11 is mandatory.

Plaintiff failed to comply with these statutory requirements ordered by Judge Hittner. Specifically, Plaintiff did not properly serve the Clerk of the Court AND the defendants with any application for permission to file new litigation, as required by

statute. Plaintiff subsequently sought purported permission[2] from the Honorable Latosha Lewis Payne untimely, and he obtained permission to proceed in Judge Hittner's Court on December 19, 2025—after his prior action had already been dismissed. Moreover, Judge Payne was not the appropriate local administrative judge with authority over to issue an Order permitting proceeding in Judge Hittner's Court. The Order also failed to set the security bond.

Previously and specifically, Nguyen Thanh Tu a/k/a Tu Nguyen filed a nearly identical lawsuit against nine defendants in the 11th Judicial District Court of Harris County, Texas, asserting substantially the same allegations. (See Cause No. 2025-77842, *Nguyen Thanh Tu, also known as Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV; Vu Hoang Lan; Andrew Le; An Thien Le a/k/a Andrew Le; Premierline Group, LLC; Tuan Thanh Ho; HGP USA Corp.; Hoang Gia Pearl Co.; and Phung Bach Doan*, in the 11th Judicial District Court of Harris County, Texas.)

That case was subsequently removed to federal court and assigned to the Honorable David Hittner. (See Civil Action No. 4:25-cv-04982, *Nguyen Thanh Tu, also known as Tu Nguyen v. Atuta, Inc. d/b/a Pho Bolsa TV*, et al., in the United States District Court for the Southern District of Texas, Houston Division.)  Judge Hittner dismissed the action because Tu Nguyen had previously been declared a vexatious litigant and failed

---

[2] See **Exhibit A**: Order Granting Leave to file Suit dated December 19, 2025, signed by Judge Latosha Lewis Payne, Local Administrative District Judge, Harris County, Texas.

5

to comply with mandatory prefiling requirements imposed under Texas law.

Under Texas vexatious litigant law, a person subject to a prefiling order is prohibited from filing new litigation in a Texas court without first obtaining permission from the appropriate local administrative judge. TEX. CIV. PRAC. & REM. CODE § 11.101(a). Specifically, Section 11.101(a) provides that "[a] vexatious litigant subject to a prefiling order may not file new litigation in a court to which the order applies without permission of the appropriate local administrative judge." *Id*. Section 11.102(a) further requires the vexatious litigant to file an application for permission with the local administrative judge of the administrative judicial district in which the proposed litigation would be filed, and Section 11.102(b) requires the litigant to file a copy of that application with the clerk of the court in which the litigation is proposed to be filed. TEX. CIV. PRAC. & REM. CODE § 11.102(a)–(b). Additionally, the local administrative judge may condition permission on the furnishing of security for the benefit of the defendants. TEX. CIV.PRAC. & REM. CODE §§ 11.055(a), 11.056(a).

Because Tu Nguyen failed to obtain valid prefiling authorization from the proper local administrative judge and failed to comply with the statutory filing requirements, the federal court properly dismissed the previously filed identical action. This prior dismissal is significant because it demonstrates a pattern of repetitive and duplicative litigation involving substantially identical claims filed in violation of Texas Civil Practice and Remedies Code Chapter 11.

It should be noted that Tu Nguyen did not obtain permission from the appropriate local administrative judge, as required by Section 11.101(a) and Section 11.102(a). Nor did he properly file the required application with the clerk of the court in which the litigation was proposed to be filed, as mandated by Section 11.102(b). Instead, Tu Nguyen sought permission from a local administrative judge, the Honorable Latosha Lewis Payne, who did not have authority over the court in which the litigation was filed, which does not satisfy the mandatory requirements of Chapter 11. His failure to comply with these statutory prerequisites rendered his filing unauthorized and subject to dismissal.

Such conduct underscores Tu Nguyen's status as a vexatious litigant and further supports dismissal of the present action for failure to comply with mandatory prefiling requirements under TEX. CIV. PRAC. & REM. CODE §§ 11.101–.102 and for abuse of the judicial process.

Plaintiff's failure to comply with Chapter 11's mandatory procedural safeguards render his attempt to initiate new litigation improper and reflects a continuing pattern of abusive and duplicative filings.

### III.   CONCLUSION

Plaintiff's repetitive refiling of substantively identical claims, combined with his improper attempt to defeat federal diversity jurisdiction through the fraudulent joinder of a non-diverse defendant and his failure to comply with mandatory vexatious litigant prefiling requirements, demonstrates an ongoing abuse of the judicial process.

Defendants respectfully provide this procedural background, supra, to ensure that the Court is fully apprised of the relevant history as this matter proceeds in federal court.

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: /s/ *Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No. 11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
COUNSEL FOR DEFENDANT AN THIEN LE aka ANDREW LE AND OTHER DEFENDANTS

**THE TAMMY TRAN LAW FIRM**
By: /s/ *Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
SPECIAL COUNSEL FOR DEFENDANT PHUNG BACH DOAN

/s/ *Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335

Email: pollandlaw@yahoo.com
COUNSEL FOR DEFENDANT
TAI VAN PHAM aka TONY PHAM

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

By: /s/ *Lloyd E. Kelley*
**Lloyd E. Kelley**