IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NGUYEN THANH TU** | § | |
| **a/k/a TU NGUYEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:26-CV-1218** |
| | § | |
| **ATUTA, INC. d/b/a PHO BOLSA TV,** | § | |
| **VU HOANG LAN, ANDREW LE TV,** | § | |
| **AN THIEN LE aka ANDREW LE,** | § | |
| **PREMIERLINE GROUP, LLC.,** | § | |
| **TUAN THANH HO, HGP USA CORP.,** | § | |
| **HOANG GIA PEARL, JSC,** | § | |
| **PHUNG BACH DOAN, ESTHER K. LE,** | § | |
| **THANH NGA T. TRAN,** | § | |
| **PRISCILLA T. LE, TAI VAN PHAM aka** | § | |
| **TONY PHAM, and JOHN NGUYEN** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

THE KELLEY LAW FIRM
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
COUNSEL FOR DEFENDANT AN THIEN
LE aka ANDREW LE AND OTHER
DEFENDANTS

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
SPECIAL COUNSEL FOR DEFENDANT
PHUNG BACH DOAN

*/s/ Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
COUNSEL FOR DEFENDANT
TAI VAN PHAM aka TONY PHAM

**Table of Contents**

DEFENDANTS' JOINT RESPONSE IN OPPOSITION TO  PLAINTIFF'S MOTION TO REMAND ................................................................................................................. 1

I.    The Fifth Circuit's Well-Established Two-Part Test Governing Fraudulent Joinder . 7

   A.    The Two Methods in Performing Her Honor Analysis: This Court Can Either Employ the 12 (b) (6) Motion Analysis OR the Court Can Use the Piercing the Pleading Method. ........................................................................................................ 8

     1)    Rule 12(b)(6)-Type Analysis ................................................................................ 8

     2)    The Method of Piercing-the-Pleadings and Consider Summary-Judgment-Type Evidence ............................................................................................................ 9

   B.    The Governing Standard Under Both Methods ....................................................... 10

II.    In the Instant Case, Plaintiff Tu Nguyen's Petition Completely Fails to Allege the Elements of Defamation Per Se and Per Quod Under Substantive Texas Law Against Resident Defendant John Nguyen ........................................................................................ 11

   A.    Federal Pleading Standard, Not Rule 8 (a) (2), Governing Fraudulent Joinder ... 11

     1)    Under the federal standard, the complaint/original petition must plead sufficient factual content ........................................................................................... 11

     2)    Either Plaintiff misrepresents the law to the Court or failed to conduct adequate research, because Rule 8 (a) (2) "short and plain statement" pleading is inapplicable in a fraudulent joinder case. .......................................................... 12

   B.    As such, Plaintiff Tu Nguyen's Original Petition Fails to Allege the Elements of Defamation Per Se or Per Quod and Fails to Establish Any Reasonable Basis for Liability Against Resident Defendant John Nguyen ....................................................... 13

   C.    Plaintiff Tu Nguyen Is Required to Plead Specific Acts of Defamation ............... 15

   D.    Fault Requirement and Public Figure Standard ....................................................... 16

   E.    The Original Petition Only Casually Mentioned a few References Concerning John Nguyen (*See* Appendix A: Analyzing Plaintiff's Allegations Contained in His Original Petition and Motion to Remand) ......................................................................... 17

   F.    On the Original Petition, Resident Defendant John Nguyen is not identified as a publisher in any defamation count, nor is any specific defamatory statement attributed to him ............................................................................................................... 18

   G.    Plaintiff's Original Petition Fails to Sufficiently State/Allege Civil Conspiracy ... 18

     1)    Elements of Civil Conspiracy Under Texas Law ................................................. 18

    2)    Plaintiff's Petition regarding civil conspiracy merely stated at paragraph 82:. 19

  H.   Plaintiff's Conclusory Allegations Regarding Corporate Status Do Not Establish Personal Liability ................................................................................................................. 20

  I.   Plaintiff's Original Petition Fails to State His Claim For Civil Conspiracy, If Any, Fails as a Matter of Law ..................................................................................................... 21

III.   The Piercing-Complaint Method ............................................................................. 22

  A.   The Court May Consider Summary-Judgment-Type Evidence and Disregard Improperly Joined Defendants ..................................................................................... 22

  B.   John Nguyen's Limited and Terminated Business Relationship with HGP USA Further Confirms the Absence of Liability ...................................................................... 24

  C.   Complete Absence of Social Media Involvement or Publication of Any Statement 25

  D.   John Nguyen Followed the Test of Negating A Possibility of Recovery Discussed in *Smallwood* .................................................................................................................. 26

  E.   In the instant case, Defendants submitted a sworn affidavit of the in-state resident, John Nguyen, who clearly and unequivocally stated that he: ....................... 26

IV.   Plaintiff Cannot Rely on Conclusory Allegations and Must Present Competent Evidence to Rebut Defendant John NGUYEN'S EVIDENCE. ............................................ 27

  A.   Plaintiff's Motion to Remand Improvidently Alleged Facts Without Supporting Evidence ............................................................................................................................ 27

V.   Because John Nguyen Was Improperly Joined, His Citizenship Must Be Disregarded ............................................................................................................................ 28

VI.   Conclusion ................................................................................................................ 28

CERTIFICATE OF SERVICE ................................................................................................ 30

## Table of Authorities

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................ 9, 11

*Badon v. RJR Nabisco Inc.*, 224 F.3d 382 (5th Cir. 2000) ............................. 18, 21, 25

*Bedford v. Spassoff*, 520 S.W.3d 901 (Tex. 2017) .............................................. 12, 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................... 9, 11, 14, 33

*Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840 (S.D. Tex. 2001) ................... 7

*Burden v. Gen. Dynamics Corp.*, 60 F.3d 213 (5th Cir. 1995) ................... 7, 20, 21, 25

*Capnord v. Cosey*, 618 F. Supp. 3d 348 (W.D. La. 2022) .................................... 8

*Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (5th Cir. 1990) .......................... 20, 25

*Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 868 (11th Cir. 2014) ................... 10

*Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758 (5th Cir. 2016) ................................ 21

*Doe v. Cloverleaf Mall*, 829 F. Supp. 866 (S.D. Miss. 1993) ................................. 7

*Fields v. Pool Offshore Inc.*, 182 F.3d 353 (5th Cir. 1999) ............................... 20

*Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608 (Tex. 1996) .......................... 17

*First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214 (Tex. 2017) ..... 16, 18

*Greer v. Abraham*, 489 S.W.3d 440 (Tex. 2016) ...................................... 14

*Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999) ........................... 19, 25

*Hancock v. Variyam*, 400 S.W.3d 59 (Tex. 2013) ...................................... 12

*Hornbuckle v. State Farm Lloyds*, 385 F.3d 538 (5th Cir. 2004) ............................. 8

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015) ........................................... 12, 13

*Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409 (Tex. 2020) ................................................... 12

*Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016) ................................................ 5, 6, 9, 10, 14

*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993) ...................................... 20

*Leitch v. Hornsby*, 935 S.W.2d 114 (Tex. 1996) ....................................... 18

*LeJeune v. Shell Oil Co.*, 950 F.2d 267 (5th Cir. 1992) ........................... 20, 25

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc) ......................... 21

*N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) ...................................... 14

*Ross v. Citifinancial, Inc.*, 344 F.3d 458 (5th Cir. 2003) .................................... 7

*Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854 (Tex. 1968) ................................................... 17

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc) 5, 7, 10, 13, 21, 26, 30

*Tilton v. Marshall*, 925 S.W.2d 672 (Tex. 1996) ...................................... 19

*Tri v. J.T.T.*, 162 S.W.3d 552 (Tex. 2005) ........................................ 16, 17

*Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95 (Tex. App.—Houston [14th Dist.] 1995, writ denied) ............... 19

*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568 (Tex. 1998) .................................. 16

**Statutes**

28 U.S.C. § 1332 ................................................... 26

**Rules**

Fed. R. Civ. P. 8(a)(2) ......................................... 12, 14
Fed. R. Civ. P. 9 ................................................. 14
Fed. R. Civ. P. 12(b)(6) ......................................... 6, 9, 10, 14, 19, 24

TO THE HONORABLE COURT:

Defendants file this Joint Response in Opposition to Plaintiff Thanh Tu Nguyen a/k/a Tu Nguyen's Motion to Remand and respectfully show the Court that removal was proper under the Fifth Circuit's well-established framework governing fraudulent joinder. Under controlling precedent, Defendants have satisfied their heavy burden of demonstrating that the resident Defendant John Nguyen was improperly joined solely to defeat federal diversity jurisdiction. Specifically, there is no reasonable basis for the Court to predict that Plaintiff could recover against the resident Defendant under applicable state law. Accordingly, the resident Defendant's citizenship must be disregarded in order for the Court to determine diversity jurisdiction. Remand is therefore unwarranted.

## I.    The Fifth Circuit's Well-Established Two-Part Test Governing Fraudulent Joinder

The Fifth Circuit has long recognized that improper joinder may be established in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). The second method governs this action. Under this standard, the removing defendant must demonstrate that there is no reasonable basis for the Court to predict that the plaintiff might recover against the in-state defendant. *Id. See International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 200–08 (5th Cir. 2016) *(holding that after removal, federal pleading standards—Rule 12(b)(6)—govern the fraudulent-*

*joiner analysis rather than the state pleading standard* or Fed. R. Civ. P. 8.)

If no such reasonable basis exists, the non-diverse defendant is deemed improperly joined, and that defendant's citizenship is disregarded for purposes of determining diversity jurisdiction. *Smallwood*, 385 F.3d at 573.

**A. The Two Methods in Performing Her Honor Analysis: This Court Can Either Employ the 12 (b) (6) Motion Analysis <u>OR</u> the Court Can Use the Piercing the Pleading Method.**

In the Fifth Circuit, courts employ two distinct methods to resolve fraudulent joinder claims, when a removing defendant alleges that a resident defendant has been improperly joined to defeat diversity jurisdiction. The first method involves conducting a Rule 12(b)(6)-type analysis by examining the allegations in the complaint (or Original Petition of Plaintiff in this case) to determine whether it states a valid state law claim against the resident defendant. The second method permits the court to pierce the pleadings and consider summary-judgment-type evidence to assess whether there is any reasonable basis for recovery against the non-diverse defendant. *Smallwood*, 385 F.3d 568 at 573–74.

**1) Rule 12(b)(6)-Type Analysis**

Under the first methods, the district court conducts an analysis analogous to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court thus initially examines the allegations in the complaint (or Original Petition in this case) to determine whether the plaintiff has

stated a claim under state law <u>against the resident defendant</u>. *Smallwood*, 385 F.3d at 573.

When determining whether there is a reasonable possibility of recovery under state law, the court evaluates whether the *plaintiff has alleged sufficient facts to state a viable claim* under the Federal Pleading standard. If the plaintiff cannot survive a Rule 12(b)(6)-type challenge, improper joinder is established. *Id.*; *see Int'l Energy Ventures Mgmt.*, 818 F.3d at 207–08 (federal pleading standards govern the Rule 12(b)(6)-type analysis in fraudulent joinder cases).

Moreover, in conducting this inquiry, the court must evaluate all well-pleaded factual allegations in the light most favorable to the plaintiff and resolve all contested issues of substantive fact in the plaintiff's favor. *Doe v. Cloverleaf Mall*, 829 F. Supp. 866, 870 (S.D. Miss. 1993). The central inquiry is whether there is any reasonable basis for the Court to predict that the plaintiff might recover against the non-diverse defendant under state law. *Smallwood*, 385 F.3d at 573. This method is limited in scope because it confines the court's review to the face of the pleadings without considering extrinsic evidence.

### 2) The Method of Piercing-the-Pleadings and Consider Summary-Judgment-Type Evidence

This method allows the Court to look beyond the plaintiff's allegations and examine objective evidence to determine whether a factual basis exists for recovery. *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462–63 (5th Cir. 2003) ("For fraudulent joinder vel non, it is well established that the district court may "pierce the pleading" and consider summary-judgment-type evidence."); *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th

Cir. 1995)(Affirmed District Court's denial of motion to remand and granted summary judgment dismissing tort claims against defendants). In conducting this method, courts may properly consider affidavits, deposition testimony, and other summary-judgment-type evidence in determining whether the plaintiff has any reasonable possibility of recovery against the resident defendant. *See Blanchard v. State Farm Lloyds*, 206 F. Supp. 2d 840, 845 (S.D. Tex. 2001) ("If the facts plaintiff allege do not state actionable claim against the nondiverse defendant, a hypothetical possibility that such a claim could be brought is not enough to warrant remand.")

## B.  The Governing Standard Under Both Methods

Regardless of which method is employed, the removing party bears the burden of demonstrating improper joinder. *f* 385 F.3d at 574. <u>The fundamental question is whether there is any reasonable basis for predicting that state law might impose liability on the non-diverse defendant</u>. *Id.* at 573; *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004)[1]. Rather than a mere theoretical possibility of recovery, there must be at least an arguably reasonable basis for predicting that state law would allow recovery. *Capnord v. Cosey*, 618 F. Supp. 3d 348, 353–54 (W.D. La. 2022).

---

[1] "We again noted the propriety of employing a summary judgment type procedure to resolve fraudulent joinder claims and held that conspiracy allegations against the local defendants were properly disregarded where unsupported by any summary judgement type evidence."

II.     **In the Instant Case, Plaintiff Tu Nguyen's Petition Completely Fails to Allege the Elements of Defamation Per Se and Per Quod Under Substantive Texas Law Against Resident Defendant John Nguyen**

To survive a fraudulent joinder challenge in a removal case, the test is whether Plaintiff Tu Nguyen pleads sufficient factual allegations to state a plausible claim against Resident Defendant John Nguyen under the applicable Texas defamation law according to federal pleading standards. As stated supra, the removing defendants bear the burden of demonstrating that there is no reasonable basis for this Honorable Court to predict that Plaintiff Tu Nguyen might recover against the in-state defendant. *Smallwood,* 385 F.3d at 573 (en banc); *see Int'l Energy Ventures Mgmt.,* 818 F.3d 193 at 207–08.

**A.  Federal Pleading Standard, Not Rule 8 (a) (2), Governing Fraudulent Joinder**

Plaintiff asserts that Rule 8 (a)(2) allows "a short and plain statement of the claim." This is a misrepresentation of federal pleading standard for a fraudulent joinder claim. In a fraudulent joinder analysis, federal courts apply federal pleading standards. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.,* 818 F.3d 193, 208 (5th Cir. 2016). Furthermore, in a fraudulent joinder analysis, Rule 8 (a)(2) of the Federal Rules of Civil Procedure is inapplicable.

**1)  Under the federal standard, the complaint/original petition must plead sufficient factual content.**

"Factual allegations must be enough to raise a right to relief above the speculative level" to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations or formulaic recitations of elements are insufficient to establish a reasonable basis for recovery. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd;.*

The Fifth Circuit in this revised opinion of *Int'l Energy Ventures Mgmt.* has advised:

> It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading, [not state pleading], standard articulated in *Bell Atlantic Corp. v. Twombly:* "To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.' "

The Fifth Circuit reaffirmed: "Despite this, several of our unpublished opinions have inadvertently confused, or perhaps merely overlooked, that directive of the *Smallwood* opinion by assuming that the state pleading standard governs." *See also Crespo v. Coldwell Banker Mortg.*, 599 Fed. Appx. 868, 873 (11th Cir.2014) (unpublished) ("Although we apply state substantive law for purposes of the [improper] joinder rule, we must read the complaint through 'Federal, not [state], lenses.)

**2) Either Plaintiff misrepresents the law to the Court or failed to conduct adequate research, because Rule 8 (a) (2) "short and plain statement" pleading is inapplicable in a fraudulent joinder case.**

*International Energy Ventures Mgmt.*, 818 F.3d 193, 204–05 is controlling in the instant case. In *International Energy Ventures Mgmt*, the Fifth Circuit held that Rule 8 and Rule 9 notice-pleading standards do not govern the fraudulent-joinder analysis and that the proper test is the federal Rule 12(b)(6) plausibility standard.

The Fifth Circuit further explains:

Rule 8 and—in specific circumstances—Rule 9 provide the statutory component of the federal pleading standard, Rule 12(b)(6) provides the one and only method for testing whether that standard has been met. Thus, the jurisprudential component of the standard has been developed in the context of the Conley opinion and others interpreting Rule 12(b)(6), <u>not Rule 8 and 9</u>. Accordingly, the so-called Rule 12(b)(6) – type analysis, which incorporates both components, is shorthand for the federal pleading standard itself. Although the Conley opinion verbalized this federal pleading standard (and this Rule 12(b)(6 – type analysis) as it existed at the time that the dispute in Smallwood was decided, that standard (or that analysis) has since been supplanted by the one promulgated by the Supreme Court in in the Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal opinions.

*Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). (Emphasis added.) The U.S. Supreme Court said: "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' . . , a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. The Court finally inequivalently held, "To survive a motion to dismiss, a complaint must contain sufficient factual matter… to state a claim to relief that is plausible on its face." *Id.*, 550 U.S. at 570.

## B. As such, Plaintiff Tu Nguyen's Original Petition Fails to Allege the Elements of Defamation Per Se or Per Quod and Fails to Establish Any Reasonable Basis for Liability Against Resident Defendant John Nguyen

Plaintiff's Original Petition completely fails to allege the essential elements required to establish defamation—whether per se or per quod—against Resident Defendant John Nguyen. Specifically, the Original Petition contains no *scintilla* of factual

allegations establishing:

1.  that Resident Defendant John Nguyen published any *false statement of fact* to a third party;

2.  that such statement by Resident Defendant John Nguyen was false and defamatory concerning Plaintiff Tu Nguyen;

3.  that Resident Defendant John Nguyen acted with the requisite degree of fault—here, actual malice, because Plaintiff is a public figure or at least a limited public figure; or

4.  that any alleged statement by Resident Defendant John Nguyen caused legally cognizable damages to Plaintiff.

5.  Specifically, Plaintiff <u>failed</u> to identify the specific defamatory statements and provide factual context on his Original Petition regarding:

    - who made the statement;

    - whether the statement was false

    - when and where the statement was made;

    - the substance of the statement;

    - to whom the statement was published; and

    - how the statement was false and defamatory.

*See Lipsky*, 460 S.W.3d at 593–94; *see Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017);

*Innovative Block of S. Tex., Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 415 (Tex. 2020).

Indeed, the Original Petition fails to identify even a single defamatory statement attributable to Resident Defendant John Nguyen. Nor does it allege any statement falling within the narrow four (4) categories recognized **as defamatory per se** under Texas law.[2]

---

[2] A statement is defamatory per se when it falls within one of the categories that the common law considers so obviously harmful to reputation that the jury may presume the existence of general damages. *Id*. General

14

To establish defamation *per se*, Plaintiff must allege either John Nguyen's statements that unambiguously: 1) charge Plaintiff with a crime, or 2) injure Plaintiff in his profession, or 3) impute Plaintiff with serious misconduct, or 3) impute Plaintiff sexual disease. In such cases, damages may be presumed. *In re Lipsky*, 460 S.W.3d 579, 596 (Tex. 2015); *Hancock v. Variyam*, 400 S.W.3d 59, 64 (Tex. 2013).

This complete absence of factual defamation allegations under Texas law forecloses any reasonable basis for liability. As further evidence of improper joinder, Resident Defendant John Nguyen has submitted a sworn affidavit attached as Exhibit I to Defendants' Notice of Removal, unequivocally refuting Plaintiff's conclusory allegations.

## C. Plaintiff Tu Nguyen Is Required to Plead Specific Acts of Defamation

Texas courts have consistently held that vague or generalized allegations that fail to identify specific defamatory statements are insufficient as a matter of law. *See Lipsky*, 460 S.W.3d at 592–93. Furthermore, if the alleged false statement were in foreign language (*e.g.* Vietnamese in this case), a number of Texas Court requires the foreign language transcript - such as Vietnamese - has to be certified by a certified translator and

---

damages are awarded for noneconomic harm, such as the embarrassment, humiliation, or loss of respect caused by the defamatory publication. *Id*. Defamation *per quod*, on the other hand, is "[d]efamation that either (1) is not apparent but is proved by extrinsic evidence showing its injurious meaning, or (2) is apparent but not a statement that is actionable per se." BLACK'S LAW DICTIONARY 526 (11th ed. 2019); *see also Hancock*, 400 S.W.3d at 63–64 (discussing the distinction between *per quod* and per se). Defamation *per quod* is actionable on allegations and proof of special damages. *See Waste Mgmt. of Tex.*, 434 S.W.3d at 160 (upholding awards of special and exemplary damages while holding evidence of general damages to reputation legally insufficient.

attached to the Petition to avoid jurisdictional abuse.

If Plaintiff's Original Petition fails to allege sufficient factual matter to establish a plausible defamation claim against the resident defendant, there is no reasonable basis for recovery, and the resident defendant is improperly joined. *See Smallwood*, 385 F.3d at 573; *Int'l Energy Ventures*, 818 F.3d at 207–08. Conversely, only where the plaintiff pleads specific factual allegations establishing each essential element of defamation, does a reasonable basis for recovery exist sufficient to defeat removal jurisdiction.

In the instant case, Plaintiff Tu Nguyen must plead specific defamatory statements attributable to Resident Defendant John Nguyen. If the Original Petition 1) fails to identify any statement made by Resident Defendant John Nguyen, 2) fails to allege publication to any third party by Resident Defendant John Nguyen, 3) fails to allege falsity, 4) fails to plead actual malice because Plaintiff Tu Nguyen is a public figure (see Part D), and 4) fails to plead damages, then there is no reasonable basis for recovery, and Resident Defendant John Nguyen is fraudulently joined as a matter of law**.** *See Smallwood*, 385 F.3d at 573; *International Energy Ventures Mgmt.*, 818 F.3d 193, 204–05; *Twombly*, 550 U.S. at 570; *Bedford*, 520 S.W.3d at 904.

### D.  Fault Requirement and Public Figure Standard

Where the plaintiff is a public figure or limited-purpose public figure as Plaintiff Tu Nguyen here, the plaintiff must plead and ultimately prove actual malice—that the defendant published the statement with knowledge of its falsity or reckless disregard for

the truth. *Greer v. Abraham*, 489 S.W.3d 440, 443–44 (Tex. 2016); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279–80 (1964).

Failure to plead facts supporting actual malice defeats a defamation claim involving public figures. *See Greer*, 489 S.W.3d at 443–44.

### E. The Original Petition Only Casually Mentioned a few References Concerning John Nguyen (*See* Appendix A: Analyzing Plaintiff's Allegations Contained in His Original Petition and Motion to Remand)

Allegation No. 1: "John Nguyen . . . at all pertinent times, was the 'nerve center' for HGP," and that Mr. Nguyen, in February of 2025, was appointed to the board of directors of HGP USA Corp., entrusted with spearheading the company's international expansion, focusing on both Vietnamese and non-Vietnamese speakers in the Texas market. His mission was to engage the dynamic Vietnamese diaspora of over 700,000 Vietnamese Americans in Texas, many of whom were targeted by Defendants' actions." *See* Plaintiff's Amended Original Petition at paragraph 15.

Allegation No. 2: "The actions of the founders, co-founders, co-owners, and directors, *including Defendant John Nguyen*, have created a foreseeable risk that has caused harm to the Plaintiff while trying to promote the interests of Premierline, ATUTA, Inc. (operating as Pho Bolsa TV), HGP, and Royal Pearl." *See* Plaintiff's Amended Original Petition at Section 82. Plaintiff's Petition fails to identify a single allegedly defamatory statement attributable to John Nguyen. Nor does it allege any statement falling within the narrow four (4) categories recognized as defamatory per se under Texas law. This

complete absence of factual allegations forecloses any reasonable basis for liability.

**F. On the Original Petition, Resident Defendant John Nguyen is not identified as a publisher in any defamation count, nor is any specific defamatory statement attributed to him.**

As stated above, the whole theme of Plaintiff's lawsuit is defamation. However, in the specific causes of action for "Defamation Per Se" and "Defamation Per Quod," Plaintiff identifies only certain individuals as publishers of allegedly defamatory statements. Plaintiff specifically pleads that "Defendants Le, Ho, and Vu published false statements," and that "Defendant Pham published false statements." (Ex. A ¶¶ 57, 69.) *The resident Defendant John Nguyen is not identified as a publisher in any defamation count, nor is any specific defamatory statement attributed to him*. Absent allegations that John Nguyen personally published or participated in publishing a defamatory statement, Plaintiff cannot establish a defamation cause of action (whether per se or per quod) against him under Texas law. *See McLemore*, 978 S.W.2d at 571.

Plaintiff's Original Petition, therefore, wholly fails to allege the essential elements required to establish defamation against John Nguyen.

**G. Plaintiff's Original Petition Fails to Sufficiently State/Allege Civil Conspiracy**

**1) Elements of Civil Conspiracy Under Texas Law.**

Under Texas law, a plaintiff asserting a claim for civil conspiracy must establish five essential elements: (1) a combination of two or more persons; (2) an object to be accomplished, either an unlawful purpose or a lawful purpose by unlawful means; (3) a

meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts taken in furtherance of the object or course of action; and (5) damages proximately resulting from the conspiracy. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005); *see also First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).

A civil conspiracy claim further requires proof of specific intent, meaning that each alleged conspirator must have had a conscious intent to agree to accomplish an unlawful objective or a lawful objective by unlawful means. *Id*. This element necessarily requires a true "meeting of the minds" regarding the object or course of action, supported by factual allegations showing agreement and coordinated action. *Tri*, 162 S.W.3d at 556 (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)). Moreover, Texas courts require that each alleged conspirator be aware of the wrongful nature of the intended conduct at the time of the agreement. *Firestone Steel Prods. Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex. 1996); *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 857 (Tex. 1968). Mere parallel conduct, conclusory assertions, or generalized allegations of conspiracy are insufficient to establish the required agreement or specific intent.

**2) Plaintiff's Petition regarding civil conspiracy merely stated at paragraph 82:**

"Let the master answer" The liability in question does not arise directly from the actions [of] Premierline Group, LLC, ATUTA, Inc (operating as Pho Bolsa TV), or HGP. The actions of the founder, co-founders, co-owners, and directors, *including Defendant John Nguyen*, have created a foreseeable

> risk that has caused harm to the Plaintiff while trying to promote the interests of Premierline, ATUTA, Inc. (operating as Pho Bolsa TV), HGP, and Royal Pearl

Like Plaintiff's deficient defamation claim, Plaintiff's Original Petition likewise fails to allege facts sufficient to establish any of the essential elements of Texas civil conspiracy against Resident Defendant John Nguyen. The Original Petition contains no factual allegations demonstrating any *agreement, communication, coordinated action, or meeting of the minds between John Nguyen and any other defendant to accomplish an unlawful objective*. Instead, Plaintiff merely asserts in conclusory fashion that he "included John Nguyen" as a defendant, without identifying any overt act, agreement, or specific intent attributable to John Nguyen. Such conclusory allegations, devoid of factual enhancement, are insufficient as a matter of law to state a plausible civil conspiracy claim or establish a reasonable basis for recovery under Texas law. See *First United Pentecostal Church*, 514 S.W.3d at 222; *Tri*, 162 S.W.3d at 556.

> "Nowhere does the amended complaint [the Original Petition here] allege any particular or specific activity, agreement, or **a meeting of the minds on the defamation per se or per quod object or course of action** on the part of [the resident Defendant] with innumerable specific allegations of particular, identified activities, agreements, meetings and the like, as well as states of mind, by other named defendants."

*Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 293–94 (5th Cir. 2000). (Emphasis added.)

## H. Plaintiff's Conclusory Allegations Regarding Corporate Status Do Not Establish Personal Liability

Plaintiff attempts to implicate John Nguyen through vague and conclusory

allegations that this instate resident served as a "nerve center" for HGP USA and was appointed to "spearhead the company's international expansion." (Ex. A ¶¶ 11, 15.) These allegations concern only John Nguyen's alleged corporate role and do not identify any personal tortious conduct. Texas law is clear that corporate officers and directors are not personally liable for corporate conduct merely by virtue of their corporate position. Personal liability arises only upon proof of personal participation in the alleged tort. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Plaintiff's Petition alleges no such personal participation.

I. **Plaintiff's Original Petition Fails to State His Claim For Civil Conspiracy, If Any, Fails as a Matter of Law**

As such, Plaintiff's conspiracy claim, if any, likewise fails because civil conspiracy is a derivative tort that depends upon allegations and proof of an underlying actionable tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Because Plaintiff has failed to plead a viable defamation claim against John Nguyen—or against HGP USA—any derivative conspiracy claim necessarily fails.

Furthermore, Texas law recognizes the intercorporate conspiracy doctrine, which provides that a corporation cannot conspire with its own agents, officers, and directors , acting within the scope of their corporate duties. *Vosko v. Chase Manhattan Bank, N.A.*, 909 S.W.2d 95, 99 (Tex. App.—Houston [14th Dist.] 1995, writ denied). A corporation and its officers and directors constitute a single legal entity incapable of conspiring with itself. *Id.* Because Plaintiff only alleges that John Nguyen acted as a corporate director—and

21

alleges no independent tortious conduct outside that role—the conspiracy claim fails as a matter of law.

Here, Plaintiff's Motion to Remand has failed to contradict John Nguyen's statements in Defendants' Notice of Removal. Plaintiff's unsupported allegations cannot pass Rule 12 (b) (6) to defeat removal jurisdiction. See *Griggs*, 181 F.3d at 699 (affirming improper joinder where plaintiff failed to sufficiently allege supporting claims against non-diverse defendant).

### III.    The Piercing-Complaint Method

#### A.  The Court May Consider Summary-Judgment-Type Evidence and Disregard Improperly Joined Defendants

The Fifth Circuit said in *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995: "As noted, our precedent establishes that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment." (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992)." *See also, e.g., Fields v. Pool Offshore Inc.*, 182 F.3d 353, 356 (5th Cir. 1999) ("the district court is authorized 'to use a summary judgment-like procedure for disposing of fraudulent pleading claims'"). While such a procedure requires that "all disputed questions of fact" be "resolved in favor of the non-removing party," *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990) (emphasis added), " [a]s with a summary judgment motion, in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' in insufficient to create an issue if there is no basis for those facts."*Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th

Cir. 1993) *(holding that when the plaintiff has no possibility of establishing a cause of action against the in-state defendant, that defendant is fraudulently joined and the federal court may disregard that party's citizenship for diversity jurisdiction).*

The Fifth Circuit finally held:

> [W]e resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the non-moving party could or would prove the necessary facts." *Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (first sentence emphasis added). We hold that no error is shown in the district court's determination that the conspiracy claim asserted against the in-state [residents] was fraudulent.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The Fifth Circuit expressly authorizes district courts to consider affidavits and other competent evidence when determining improper joinder. *Smallwood*, 385 F.3d at 573; *Burden*, 60 F.3d 213 at 217. This limited inquiry is appropriate where defendants present undisputed evidence, showing that Resident Defendant John Nguyen served only briefly as a director of HGP USA for the limited purpose of attempting to secure a deal with Amazon, and that he left the company a few months later, in May 2025, after the proposed deal with Amazon failed. (Affidavits of John Nguyen and Thanh Tuan Ho) negating the possibility of recovery. *Davidson v. Ga.-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016).

Although factual disputes must be resolved in favor of the plaintiff, there must first exist an actual factual dispute. Where the plaintiff presents no competent evidence

contradicting defendants' affidavit testimony, improper joinder is established as a matter of law. *Badon*, 224 F.3d at 394.

## B. John Nguyen's Limited and Terminated Business Relationship with HGP USA Further Confirms the Absence of Liability

John Nguyen and Thanh Tuan Ho's sworn affidavits establishes that John Nguyen's involvement with HGP USA was limited, brief, and unrelated to Plaintiff's allegations. Specifically:

- John Nguyen met Thanh Tuan Ho in January 2025 regarding a proposed Amazon business venture;

- On February 24, 2025, John Nguyen was added to HGP USA's Board of Directors;

- The business proposal to Amazon was subsequently rejected;

- On May 20, 2025, John Nguyen was formally removed from the Board of Directors; and

- Since May 20, 2025, John Nguyen has had no involvement, management authority, ownership interest, or business relationship with HGP USA (attached to Joint Notice of Removal, which is attached hereto for the Court's convenience.)

*See* John Nguyen's Affidavit at ¶¶ 3-4. *See* Thanh Tuan Ho's Affidavit at ¶¶ 8-13.

John Nguyen further affirms that he never authored, published, approved, or directed any defamatory statements concerning Plaintiff and never participated in any conspiracy or tortious conduct. *Id*. At ¶¶ 5-6. These sworn facts conclusively negate Plaintiff's conclusory allegations and establish that John Nguyen is not involved in the alleged Defamation conduct.

Conspicuously note that Plaintiff Tu Nguyen has not tendered any evidence to either refute/negate John Nguyen's affidavit or to support any of Tu Nguyen's allegations. Indeed, in Plaintiff's motion to remand, Plaintiff never even mentioned his conspiracy claim or the affidavit filed by John Nguyen. Considering John Nguyen and Thanh Tuan Ho's affidavits and in light of Plaintiff's lack of evidence, <u>there is no reasonable basis</u> for predicting that plaintiffs might establish liability in his conspiracy claim against the in-state defendant. Citing *Fields*, 182 F.3d at 357; *Burden*, 60 F.3d at 217, the Court said:

Here, Plaintiff has failed to allege any actionable conduct by John Nguyen, and John Nguyen's sworn affidavit affirmatively establishes that he had no involvement in any alleged defamatory conduct.

## C. Complete Absence of Social Media Involvement or Publication of Any Statement

John Nguyen testifies under oath that he has never participated in the Vietnamese online community, has never posted any comments concerning Plaintiff or the subject matter of this lawsuit, and has never operated any YouTube channel or published any content relating to Plaintiff. Specifically, John Nguyen attests:

> I have never been involved in any Vietnamese community and have never discussed or posted any comments on social media. I am not a YouTube content creator. My Facebook account is located at https://www.facebook.com/drizzenstar/. I have made no postings related to any Vietnamese community controversy or drama. If one searches the history of my Facebook account, I have never posted any statements concerning Plaintiff Nguyen Thanh Tu or any of the

defendants. I do not operate any YouTube channel, nor have I posted any YouTube content related to Plaintiff Nguyen Thanh Tu or any of the defendants."

(John Nguyen Aff. ¶¶ 3–6.)

These sworn statements directly negate the publication element required for defamation and confirm that Plaintiff cannot establish a viable claim against John Nguyen.

**D. John Nguyen Followed the Test of Negating A Possibility of Recovery Discussed in _Smallwood_**

"When analyzing whether a discrete and underlined undisputed fact precludes the possibility of recovery, [courts should be] mindful of what _Smallwood_ identified as the prototypical cases in which the resident defendants attested in their affidavits such as: "_the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, [or] a party's residence was not as alleged_." _Smallwood_, 385 F.3d at 574 n.12 (emphasis added). The same undisputed facts testified by John Nguyen and Thanh Tuan Ho conclusively establish that Plaintiff has no reasonable possibility of recovery against John Nguyen.

**E. In the instant case, Defendants submitted a sworn affidavit of the in-state resident, John Nguyen, who clearly and unequivocally stated that he:**

- He did not and has never made any statements concerning Plaintiff;

- He did not and has never participated in the alleged defamatory conduct against Plaintiff or anyone.

- He did not involve and has no involvement in the alleged acts forming the basis of Plaintiff's claims;

- He has been improperly joined solely to defeat diversity jurisdiction. he has never participated in the Vietnamese online community;

- He did not and has never participated in the Vietnamese online community, or even any online, posting any comments concerning Plaintiff or the subject matter of this lawsuit; and

- He did not and has never operated any YouTube channel or published any content relating to Plaintiff.

## IV.    Plaintiff Cannot Rely on Conclusory Allegations and Must Present Competent Evidence to Rebut Defendant John NGUYEN'S EVIDENCE.

### A. Plaintiff's Motion to Remand Improvidently Alleged Facts Without Supporting Evidence

While the removing defendant bears the burden of proof, once the defendant produces competent summary-judgment-type evidence negating liability, the plaintiff cannot rely on conclusory allegations or speculative assertions to defeat federal jurisdiction. See *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393–94 (5th Cir. 2000); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). Diversity removal may be based on evidence outside the pleadings to establish that the plaintiff has no possibility of recovery on the claims asserted against the named resident defendant and that such defendant is fraudulently joined and his citizenship must be disregarded for jurisdictional purpose. *See, e.g.*, 980); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). *See also, e.g., LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) ("In this circuit, a removing party's claim of fraudulent joinder to destroy diversify is viewed as similar to a motion for summary judgment. . . . A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-

diverse parties"); *Carrier v. Sears Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), cert. denied, 111 S. Ct. 60 (1990) ("When determining fraudulent joinder, the district court may look to the facts as established by summary judgment evidence as well as the controlling state law").

Under controlling Fifth Circuit precedent, the Court must determine whether there exists a reasonable basis—not merely a theoretical possibility—for predicting that the plaintiff might recover against the in-state defendant. *Smallwood*, 385 F.3d at 573. Where the pleadings demonstrate no reasonable basis for recovery, the resident defendant is improperly joined, and his citizenship must be disregarded for purposes of diversity jurisdiction. *Id.*

## V.    Because John Nguyen Was Improperly Joined, His Citizenship Must Be Disregarded

When a defendant is improperly joined, his citizenship must be disregarded in determining diversity jurisdiction. *Smallwood*, 385 F.3d at 572–73. Once John Nguyen's citizenship is disregarded, complete diversity exists between Plaintiff and the properly joined Defendants. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and Plaintiff's Motion to Remand must be denied.

## VI.    Conclusion

Defendants have satisfied their heavy burden of establishing improper joinder through competent affidavit testimony and undisputed evidence demonstrating that Plaintiff has no reasonable possibility of recovery against John Nguyen.

Because John Nguyen was improperly joined solely to defeat diversity jurisdiction, his citizenship must be disregarded, and this Court properly exercises subject matter jurisdiction over this action.

Plaintiff's Motion to Remand should therefore be denied in its entirety. Such conclusory assertions are insufficient to state a claim under Texas law or federal pleading standards. See *Twombly*, 550 U.S. at 555 (holding that a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").

Accordingly, John Nguyen's Texas citizenship must be disregarded for purposes of determining diversity jurisdiction, and this Court properly retains subject-matter jurisdiction over this action.

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
COUNSEL FOR DEFENDANT AN THIEN LE aka ANDREW LE AND OTHER DEFENDANTS

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com

4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
SPECIAL COUNSEL FOR DEFENDANT
PHUNG BACH DOAN

*/s/ Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
COUNSEL FOR DEFENDANT
TAI VAN PHAM aka TONY PHAM

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

By: */s/ Minh-Tam (Tammy) Tran*
Minh-Tam (Tammy) Tran