**APPENDIX A: ANALYZING PLAINTIFF'S ALLEGATIONS CONTAINED IN HIS ORIGINAL PETITION AND MOTION TO REMAND**

In his Motion to Remand and Original Petition, Plaintiff alleged:

1. *"It has been determined that the nerve center of co-conspirator HGP USA HGP is also registered in the United States as HGP USA Corp., an LLC, and its "nerve center" is via its Director, John Nguyen of Grand Prairie, Texas."*

    **Defendants' Response:** The allegation that HGP's nerve center (a legal term referring to headquarters) is HGP USA via its Director, John Nguyen, is untrue. Even if it were true, it has nothing to do with Plaintiff Tu Nguyen's defamation cause of action and derivative conspiracy claim against John Nguyen.

2. *"Finally, as stated in ¶15 of Plaintiff's Original Petition, John Nguyen is a Texas resident and, in February of 2025, shortly before the main incident giving rise to this suit, was appointed to the board of directors of HGP USA Corp., entrusted with spearheading the company's international expansion, focusing on both Vietnamese- and non-Vietnamese-speaking communities in the Texas market. His mission was to engage the dynamic Vietnamese diaspora of over 700,000 Vietnamese Americans in Texas, many of whom were targeted by Defendants' actions."*

    **Defendants' Response:** This allegation is false and consists only of a conclusory statement. Even if it were true, it has nothing to do with Plaintiff's defamation cause of action and derivative conspiracy claim against John Nguyen.

    Allegation contained in the Motion to Remand
    "As soon as a Demand for Retraction pursuant to § 73.055 of the Texas Civ. Prac. & Rem. Code was sent to Defendant Ho (Defendant Nguyen's boss), Defendant Ho removed Defendant Nguyen as a Director of HGP USA, further indicia of wrongdoing."

    **Defendants' Response:** As established in Tuan Thanh Ho's Affidavit, Plaintiff never sent a Demand for Retraction pursuant to § 73.055 of the Texas Civil Practice and Remedies Code to Tuan Thanh Ho, nor did Defendant Ho ever receive such a demand from Plaintiff Tu Nguyen. (See Tuan Thanh Ho's Affidavit at paragraph 2.)

<u>Plaintiff's Motion to Remand further alleges that "Paragraphs 20, 28, 29, 32, 34, and 36 of Plaintiff's Original Petition provide further extensive detail as to the roles that HGP USA Corp. and John Nguyen played in this conspiracy."</u>

Paragraph-Specific Allegations
• Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 20:
*"Defendant Pho Bolsa TV, under the ownership of Vu and ATUTA, deployed Defendant Le to Houston to cover the hearing with the purpose of shaping public opinion favorable to Williams. Alongside Le at Harris County Civil Court #1 was Defendant Ho, who presented himself officially as the cameraman for Pho Bolsa TV, wearing Pho Bolsa TV's staff badge. This substantial allocation of personnel, time, and resources unmistakably reflects the defendants' commitment to orchestrating a calculated and public campaign aimed at defaming Plaintiff. Ho, who had no media experience, evidently joined in to ensure that Williams' interest was well served, as the two were good friends and possibly business partners, by waging a well-orchestrated smear campaign against Plaintiff. The intention was crystal clear: to maximally disseminate false and damaging information about Plaintiff through ATUTA, Inc., which operates as Pho Bolsa TV, Andrew Le TV, and the Facebook page of Premierline Group, LLC ("Premier"). This reckless behavior, also involving Royal Pearl (also known as Hoàng Gia Pearl or its international name, HOANG GIA PEARL DONG THAP COMPANY LIMITED ("HGP")) and John Nguyen, has severely tarnished Plaintiff's reputation not only in Harris County, Texas but also throughout the U.S. and globally."*

**Defendants' Response:** As John Nguyen stated in his Affidavit, with documents from the California Secretary of State, he joined as a director of HGP USA, a California company, on February 24, 2025—four days after the February 20 hearing. (See Affidavit of John Nguyen attached to the Notice of Removal and attached hereto for the Court's convenience.) Notably, this paragraph contains no factual allegations explaining how John Nguyen made or published any defamatory statement, entered into any agreement to accomplish an unlawful objective, or committed any overt act in furtherance of a civil conspiracy. The allegations are wholly conclusory and fail to plead any actionable conduct attributable to John Nguyen.
• **Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 28:**
*"Likewise, Ho, a co-founder and the CEO of the flourishing multimillion-dollar conglomerate Hoang Gia Pearl, JSC (HGP), and his wife, Phung Bach Doan ("Phung"), the co-founder and Deputy General Director of HGP, enjoy a strong friendship with Williams and particularly his wife Tiffany Nguyen, who is well-known in the Vietnamese diaspora and in Vietnam as singer Bich-Tuyen, and with her parents Minh Nguyen and Ha Truong. HGP stands as a cornerstone in the Asian pearl industry, representing a*

2

*significant multimillion-dollar enterprise operating extensively in both the U.S. and Vietnam. See clickable link photo 4."*

> **Defendants' Response:** This paragraph contains no allegations showing that John Nguyen ever made, published, or republished any defamatory statement, nor does it allege that he entered into any agreement to commit an unlawful act or engaged in any overt act in furtherance of a civil conspiracy. The assertions are limited to allegations regarding Ho's business affiliations and personal relationships with Mr. Williams and "his wife Tiffany Nguyen," which are legally insufficient to establish liability. These allegations have nothing to do with Plaintiff's defamation cause of action and derivative conspiracy claim against John Nguyen.

- **Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 29:**
  *"Ho took on the role of a camera operator for Pho Bolsa TV to ensure that Williams and his wife prevailed in the court of public opinion while Williams' lawsuit against Vietnamese superstar singer Dam Vinh Hung was proceeding through the court system. His strategic partnership with the other Defendants reflects Ho's strong alliance with the Williamses and his willingness to protect their interests. For example, in multiple comments on Le's Facebook page, he aggressively advocated a lawsuit against Ngo Ky, a well-known and vocal member of the Vietnamese community overseas. Also, in a separate comment regarding another case in County Court 1, where Williams stood as the plaintiff against Thu Thuong Derek Pham and Plaintiff, Ho expressed his concerns that they might evade justice in the injunctive order. He clearly aimed to defend the Williamses by working with other Defendants to silence their critics."*
  **Defendants' Response:** As with the other paragraphs, this paragraph contains no factual allegations that John Nguyen made or published any defamatory statement, republished any statement, entered into any agreement to accomplish an unlawful objective, or committed any overt act in furtherance of a civil conspiracy. The allegations consist of generalized assertions regarding Ho's alleged comments and purported alliances, none of which are attributable to John Nguyen or sufficient to state a claim of defamation or conspiracy against him.

- Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 32:
  *"This badge stands as a testament to the collaborative efforts of Vu, Le, and Ho to disseminate and amplify the disinformation that threatens Plaintiff and his reputation. Ho's involvement amounts to being a 'co-conspirator to defamation,' as he contributed to spreading a false and damaging narrative about Plaintiff. By operating the camera, he played a pivotal role in disseminating misleading statements and images in a video*

3

*narrated by Le and authorized by Vu, which ultimately harmed Plaintiff's reputation. In this context, Ho was not just a bystander; he actively engaged in the preparation and dissemination of a defamatory publication. As an agent, he diligently worked toward achieving the objectives of the agency (Pho Bolsa TV, HGP, and Defendant Nguyen) in his role as an ad hoc cameraman. See clickable link photo 5.*"

**Defendants' Response:** These allegations are conclusory and fail to plead specific facts establishing the essential elements of defamation or civil conspiracy against the resident Defendant, John Nguyen. The paragraph does not identify any particular false statement attributable to John Nguyen, nor does it allege that he authored, spoke, adopted, approved, or republished any defamatory statement. It further fails to plead facts demonstrating a meeting of the minds, a specific unlawful objective, or any overt act committed by John Nguyen in furtherance of a conspiracy. At most, the pleading alleges that John Nguyen served as a director of Ho's California company—four days after the February 20, 2025 hearing—an allegation that, standing alone, is legally insufficient to impose individual tort liability.

To the extent Plaintiff attempts to impose liability through vague references to "agency," the petition does not allege facts establishing the existence of an agency relationship, the right of control by John Nguyen, the scope of any such relationship, or any actionable conduct within that scope. Absent such factual allegations, the claims against John Nguyen fail as a matter of law.

- **Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 34:**
  "*By participating as the cameraman covering the lawsuit involving friends who are well-known in the entertainment industry, Ho aimed to highlight his close relationship to this couple and draw significant public attention from Vietnam and the global Vietnamese community to himself and his company, leveraging his status as a highly regarded and internationally recognized craftsman.*"

  **Defendants' Response:** This paragraph contains no allegations whatsoever concerning John Nguyen. It does not attribute any statement, conduct, or publication to John Nguyen. It does not allege that John Nguyen published or distributed any content. It does not allege that John Nguyen entered into any agreement with Ho or others. It does not plead any overt act committed by John Nguyen or identify any defamatory statement made or republished by John Nguyen.

  The paragraph focuses exclusively on Ho's alleged motives and personal objectives. Even if taken as true, these allegations do not establish publication, falsity, fault, agreement, or causation as to John Nguyen. Accordingly, Paragraph

4

34 provides no factual basis for defamation or civil conspiracy liability against the resident Defendant, John Nguyen.

- **Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 36:**

    "All defendants have participated in a deliberate collusion, executing a well-orchestrated plan with specific roles assigned to each participant…"

    **Defendants' Response:** Paragraph 36 remains wholly conclusory as to John Nguyen and fails to plead any specific facts establishing liability. No specific conduct is attributed to John Nguyen. The paragraph does not identify:
    - any statement made by John Nguyen;
    - any publication authored, edited, approved, or republished by him;
    - any directive issued by him;
    - any communication demonstrating his participation in the alleged plan.

    There are also no facts establishing a "meeting of the minds." Although Plaintiff uses the term "collusion," the pleading contains no factual allegations showing when any agreement was formed, who communicated with whom, the substance of any agreement involving John Nguyen, or any facts demonstrating specific intent on the part of John Nguyen.

    Plaintiff's mere use of the label "collusion" or "well-orchestrated plan" is insufficient to plead civil conspiracy.

    The allegation that Ho acted with the "endorsement/complicity of … Defendant Nguyen" is entirely conclusory. The petition does not allege how John Nguyen endorsed the conduct, what act constituted complicity, any exercise of control, or any ratification of specific defamatory content.

    In sum, Paragraph 36 relies on generalized accusations, collective pleading, and legal conclusions rather than specific factual allegations directed at John Nguyen.

- **Plaintiff's Allegation contained Plaintiff's Original Petition at Paragraph 82:**
    "'Let the master answer' — The liability in question does not arise directly from the actions of Premierline Group, LLC, ATUTA, Inc. (operating as Pho Bolsa TV), or HGP…"

    **Defendants' Response**: Paragraph 82 is legally deficient and wholly conclusory as to John Nguyen.
    **Misapplication of Respondeat Superior.**
    The phrase "Let the master answer" refers to the doctrine of respondeat superior, under which an employer may be liable for the torts of its employees acting within the scope of employment. However, Plaintiff expressly alleges that

5

liability does not arise from the companies themselves, but instead from the actions of their founders, co-owners, and directors. This theory reverses the doctrine. Respondeat superior imposes vicarious liability on the principal—not individual liability on corporate directors merely because of their status.

**No Specific Conduct Attributed to John Nguyen.**

The paragraph does not identify:

- any specific act committed by John Nguyen;
- any statement made or published by John Nguyen;
- any decision John Nguyen authorized;
- any directive John Nguyen issued; or
- any participation in the alleged defamatory publication.

Instead, it relies solely on his corporate title as a "director." Corporate status alone does not create personal tort liability.

**No Allegation of Personal Participation**.

Under well-settled law, a corporate officer or director is individually liable only if he personally participates in the tortious conduct or knowingly directs or approves it.

**Foreseeability Is Not a Substitute for an Element of the Tort**.

The allegation that John Nguyen's conduct "created a foreseeable risk" is insufficient. Defamation requires publication, falsity, fault, and damages. Civil conspiracy requires a meeting of the minds, an unlawful objective, and an overt act. "Foreseeable risk" does not satisfy any essential element of either claim.

**Accordingly, Paragraph 82 provides no legally cognizable basis for defamation or civil conspiracy liability against the resident Defendant, John Nguyen**.

12. **Under paragraph 12 of his Motion to Remand, Plaintiff alleges:**

    "Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' …"

    **Defendants' Response:** These statements constitute an inadequate analysis of the law. Rule 8(a)(2) is no longer applicable in an improper joinder case. The Fifth Circuit stated:

    *Thus, the jurisprudential component of the standard has been developed in the context of the Conley opinion and others interpreting Rule 12(b)(6), **not Rule 8 and 9**. Accordingly, the so-called Rule 12(b)(6)–type analysis, which incorporates both components, is shorthand for the federal pleading standard itself. Although the Conley opinion verbalized this federal pleading standard as it existed at the time that the dispute in Smallwood was decided, that standard has since been supplanted by the one*

*promulgated by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal.*

**13. Under paragraph 13 of his Motion to Remand, Plaintiff alleges:**

*"As stated in 18 above, during the time of the incidents giving rise to this suit, HGP USA's Director John Nguyen lived in Texas, and as its focus was on developing the enormous Vietnamese-American community in Texas, Texas was where their leading management controlled and coordinated its activities…"*

**Defendants' Response:** This is not true. Even if Resident Defendant John Nguyen was joined to develop outreach to the Vietnamese-American community in Texas, such alleged development has nothing to do with Plaintiff's defamation and conspiracy claims against John Nguyen.

**SUMMARY**

In summary, Plaintiff's Original Petition fails to establish a reasonable basis for liability.