**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, *Plaintiff,* | § § § | |
| v. | § § § | |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC., PHUNG BACH DOAN, ESTHER K. LE,  THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM aka TONY PHAM, and JOHN NGUYEN, *Defendants.* | § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-1218 |

**PLAINTIFF'S  REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO REMAND**

**COMES NOW**, Tu Nguyen (aka Nguyen Thanh Tu or NTT), Plaintiff in the above-styled

cause, and pursuant to 28 U.S.C. 1447(c), files his Motion to Remand and would respectfully show

the Court as follows:

### A.    *Plaintiff's Original Petition is Clear*

1.    Plaintiff's Original Petition makes it clear that Plaintiff is not directly seeking claims

against Defendant John Nguyen for defamation, but as a co-conspirator.  *See §§E, F, G, H, and  I*

*of Plaintiff's Original Petition.*

2.    Also, Defendants nominally address HGP USA ("HGP") in their Response.

3.    ¶36 of Plaintiff's Original Petition states the purposes of the conspiracy – (a)  to shape

public opinion in favor of the Williamses, while they awaited the progression of Williams' lawsuit

against Dam Vinh Hung in the judicial system, and (b) to create sensational news that would boost

viewership, clicks, stickiness for Vu's and Le's social media outlets and increase revenue for Vu,

Le, Pho Bolsa Tv, Andrew Le TV, **_HGP (particularly in Texas),_** and PremierLine.  (emphasis added).

### B.    _Argument and Authorities_

4.    When men enter into conspiracies, they are not likely to call in a witness. In such cases the injured party must necessarily have recourse to circumstantial evidence. For it is only by the inferences and deductions which men properly and naturally draw from the acts of others in such cases, that their intentions can be ascertained. They are not likely to proclaim them in the hearing of witnesses. _International Bankers Life Ins. Co. v. Holloway_, 368 S.W.2d 567, 581 (Tex. 1963).

5.    The following paragraphs establish circumstantial evidence as to the conspiracy regarding HGP and Defendant Nguyen, consistent with the purposes stated in ¶36 of Plaintiff's Original Petition:

a.    ¶20 – "Defendant Ho, who presented himself officially as the cameraman for Pho Bolsa TV, wearing Pho Bolsa TV's staff badge.  This substantial allocation of personnel, time, and resources unmistakably reflects the defendants' commitment to orchestrating a calculate and public campaign aimed at defaming Plaintiff."  Defendant Ho is a co-founder and the CEO of Hoang Gia Pearl, JSC (HGP), which owns HGP USA, which has its nerve center in Texas.

b.    ¶28 – Ho…and his wife…enjoy a strong friendship with Williams and particularly his wife, Tiffany Nguen…."

b.    ¶29 – "Ho took on the role of a camera operator for Pho Bolsa TV to ensure that Williams and his wife prevail in the court of public opinion while Williams' lawsuit…was proceeding through the court system."

c.    ¶32 – "Ho's involvement [as cameraman] amounts to being a 'co-conspirator to defamation," as he contributed to spreading a false and damaging narrative about Plaintiff."

    d.    ¶34 – By participating as the cameraman covering the lawsuit involving friends who are well-known in the entertainment industry, Ho aimed to highlight his close relationship to this couple and draw significant public attention from Vietnam and the global Vietnamese community to himself and his company…."

    e.    ¶36.  "…Ho…acted as a cameraman (with the endorsement/complicity of his company and Defendant Nguyen…."

6. As Le and Ho operated as reporter and cameraman respectively, and with the facts pleaded in Plaintiff's Original Petition as enumerated in  ¶5(a)-(e) above, this Court can draw the reasonable inference that there were a combination of two or more persons and a meeting of the minds, 2 of the elements of conspiracy.

7. The blatant, knowingly, false statements made as to Plaintiff establishes the remaining elements.

8. Defendants, understandably, typically grossly understate their involvement in the events giving rise to lawsuits.

9. Defendant Nguyen, in his Affidavit, generally states his sole role was limited to taking a swing at Amazon, when that did not play out, he asked to be removed as Director.

10. The reality is that On September 21, 2021, HGP posted about its vision for Texas and its opportunities for international growth. (Dec. of Tu Nguyen).

11. Defendant Nguyen was appointed to the board of directors of HGP USA Corp, entrusted with spearheading the company's international expansion, focusing on both the Vietnamese and non-Vietnamese speaking in the Texas market.  ¶15 of Plaintiff's Original Petition.

12. Defendant Nguyen was appointed to the Board of HGP to lead HGP's ambitious international expansion efforts.  (Dec. of Tu Nguyen).

13. The expansion into Texas was a planned initiative, and Defendant Nguyen played a crucial

role in the go-to-market strategy for HGP USA Corp. (Dec. of Tu Nguyen).

14.     Following a Retraction Demand sent to HGP, on May 20, 2025, HGP disbanded its *entire* Board of Directors.  (Dec. of Tu Nguyen).

15.     During all pertinent times, HGP was the nerve center for its United States presence.  *See Hertz Corp. v. Friend,* 559 U.S. 77 *(2010).*

16.     As stated in Plaintiff's Motion to Remand, "The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not." *Smallwood v. Illinois Central Railroad Co.,* 385 F. 3d 568, 573 (5th Cir. 2004).     The joinder of a party is not fraudulent unless "it was without any reasonable basis." *Chesapeake & Ohio Railway Co. v. Cockrell,* 232 U.S. 146, 153 (1914).

18.     As Defendant Nguyen is properly joined and is a Texas Citizen, and as Defendant HGP is the nerve center for its United States presence, Plaintiff's Original Petition establishes a reasonable basis for liability, diversity does not exist and the case should be remanded.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen prays tht this matter be set for hearing, and that upon hearing, this Court grant his Motion to Remand and remand this case to Harris County District Court, and for other and further relief to which he may be justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com


By:  /s/   Brian Turner
Brian Turner
State Bar No. 20310450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via email, on this 17th day of March 2026.

 /s/   Brian Turner
Brian Turner