**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NGUYEN THANH TU** | § | |
| **a/k/a TU NGUYEN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:26-CV-1218** |
| | § | |
| **ATUTA, INC. d/b/a PHO BOLSA TV,** | § | |
| **VU HOANG LAN, ANDREW LE TV,** | § | |
| **AN THIEN LE aka ANDREW LE,** | § | |
| **PREMIERLINE GROUP, LLC.,** | § | |
| **TUAN THANH HO, HGP USA CORP.,** | § | |
| **HOANG GIA PEARL, JSC,** | § | |
| **PHUNG BACH DOAN, ESTHER K. LE,** | § | |
| **THANH NGA T. TRAN,** | § | |
| **PRISCILLA T. LE, TAI VAN PHAM aka** | § | |
| **TONY PHAM, and JOHN NGUYEN** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS' JOINT SURREPLY TO PLAINTIFF'S REPLY TO PLAINTIFF'S
RESPONSE AND OBJECTIONS TO PLAINTIFF'S DEFECTIVE DECLARATION**

**COME NOW**, Defendants ATUTA, Inc. d/b/a Pho Bolsa TV, Vu Hoang Lan,

Andrew Le TV, An Thien Le a/k/a Andrew Le, Premierline Group, LLC., Tuan Thanh Ho,

HGP USA Corp., Hoang Gia Pearl, JSC., Phung Bach Doan, Esther K. Le, Thanh Nga T.

Tran, Priscilla T. Le,  and John Nguyen, represented by Lloyd E. Kelley and Minh-Tam

Tran **and** Tai Van Pham a/k/a Tony Pham represented by Gary Poland.

1

### I.    In His Reply, Plaintiff Admitted that He Does Not Directly Seek Any Underlying Tort.

### A.  Civil Conspiracy Cannot Independently Support Fraudulent Joinder Because it is a Derivative Claim Under Texas Law

Plaintiff asserts: "Plaintiff's Original Petition makes it clear that Plaintiff is not directly seeking claims against Defendant John Nguyen for defamation, but as a co-conspirator. Plaintiff Reply at p. 1. See §§E, F, G, H, and I of Plaintiff's Original Petition.[1]

However, under Texas law, civil conspiracy is not an independent cause of action but a derivative theory of liability that depends on an underlying tort. The Texas Supreme Court has "repeatedly called civil conspiracy a 'derivative tort,' meaning it depends on some underlying tort or other illegal act." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 141–42 (Tex. 2019). Accordingly, a conspiracy claim "is connected to the underlying tort and survives or fails alongside it." *Id.* at 142.

Federal courts applying Texas law are in accord. "A defendant's liability for civil conspiracy is derivative of an underlying tort; without independent tortious conduct, there is no actionable civil conspiracy claim." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 241 F. Supp. 3d 737, 742 (N.D. Tex. 2017).

---

[1]Plaintiff further alleges: "Plaintiff's Original Petition states the purposes of the conspiracy – (a)  to shape public opinion in favor of the Williamses, while they awaited the progression of Williams' lawsuit against Dam Vinh Hung in the judicial system, and (b) to create sensational news that would boost viewership, clicks, stickiness for Vu's and Le's social media outlets and increase revenue for Vu."

## II.    The Proper Inquiry Is Whether Plaintiff Has Alleged a
## Colorable Underlying Tort Against the Resident Defendant

In the fraudulent joinder context, the Fifth Circuit requires proof that "there is no possibility of recovery against the party whose joinder is questioned." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). This standard is highly deferential to the plaintiff. Courts must: 1) evaluate all allegations in the light most favorable to the plaintiff, 2) resolve all contested facts in the plaintiff's favor, and 3) resolve all ambiguities in controlling state law in the plaintiff's favor. *Id.*

Accordingly, where a conspiracy claim is alleged, the dispositive question is not the viability of the conspiracy theory in isolation, but whether the plaintiff has pleaded a colorable underlying tort against the resident defendant, such as Defamation.

## III.    Because Civil Conspiracy Rises or Falls with the Underlying Tort, the
## Absence of a Colorable Underlying Tort Claim Defeats Fraudulent Joinder

As civil conspiracy is derivative, it "survives or fails alongside" the underlying tort. *WickFire, L.L.C. v. Woodruff*, 989 F.3d 343, 353 (5th Cir. 2021). Therefore, if no defendant is liable for the underlying tort, no defendant can be liable for conspiracy. *See Woodson v. City of Dallas*, No. 3:24-CV-__, 2026 WL 719642, at *_ (N.D. Tex. Feb. 12, 2026). Thus, "if the defendant's liability for the alleged underlying tort is foreclosed as a matter of law, there is no claim for civil conspiracy." *Frankoff v. Norman*, 448 S.W.3d 75, 86 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Because conspiracy is derivative, it cannot, standing alone, establish a viable cause of action against a non-diverse defendant for

purposes of defeating removal as a matter of law.

## IV.    Although Defendants Have Established that Plaintiff Cannot Demonstrate a Viable Cause of Action Against Resident Defendant John Nguyen as a Matter of Law, Defendants Also Object to Plaintiff's Defective Declaration[2]

Defendants formally object to the Declaration of Nguyen Thanh Tu (Tu Nguyen) submitted in support of his filings. Under the Federal Rules, declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. Plaintiff's declaration is fundamentally defective and should be stricken for the following reasons:

### A.  Improper Legal Conclusions and Argumentation:

A declaration must state facts, not present legal arguments or conclusions. Plaintiff's declaration improperly asserts that Defendant Ho's actions *"undermine established governance practices,"* create a *"'King' scenario,"* and that HGP USA *"functions solely as Ho's personal alter ego—a façade for his private dealings rather than a legitimate business."* (Decl. at p. 4). These are purely legal conclusions and inflammatory arguments rather than factual evidence. *See Orthopedic & Sports Injury Clinic v. Wang Labs., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991) (holding that affidavits setting forth "ultimate or conclusory

---

[2] "Defendants note that Plaintiff filed a revised, longer version of his declaration (Dkt. 11) which adds assertions and an exhibit (Exhibit G) concerning a pre-suit demand letter sent to Defendants Ho and Vu. Because these additions pertain solely to other defendants and do not cure the absence of any colorable underlying tort alleged against resident Defendant John Nguyen, they are entirely irrelevant to the issue of fraudulent joinder and do not alter the fact that Plaintiff's claims against Mr. Nguyen fail as a matter of law."

facts and conclusions of law" are legally insufficient).

## B. Lack of Personal Knowledge and Impermissible Speculation (FRE 602):

Plaintiff repeatedly testifies to the subjective intent, mental states, and internal corporate strategies of the Defendants without any established foundation. For instance, Plaintiff speculates about Defendant Ho's *"vision for go-to-market,"* claims Defendant Phung *"passionately articulated her vision,"* and baselessly asserts that *"Ho, fully aware that HGP USA Corp. was involved in a lawsuit, made the unilateral decision to disband the entire board."* (Decl. at pp. 2-3). Plaintiff has no personal knowledge of Defendants' internal decision-making processes or their subjective state of mind. *See Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (statements based on speculation or mere belief, rather than actual personal knowledge, are not competent evidence).

## C. Inadmissible Hearsay (FRE 801–802)

Plaintiff improperly relies on alleged Facebook posts by Defendant Bach Phung Doan describing her visit to a jewelry store in Dallas, having a few photos taken with the store owner and guests, and expressing a desire that her company might one day operate in Dallas. These statements do not prove any jurisdictionally relevant fact. Rather, they constitute out-of-court statements offered to prove the truth of the matters asserted— namely, purported plans or intentions regarding HGP's expansion into Texas—and therefore qualify as inadmissible hearsay under Federal Rules of Evidence 801 and 802.

5

Moreover, these statements do not fall within any recognized exception to the hearsay rule. See *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) ("[H]earsay evidence in affidavits and depositions is inadmissible for summary judgment purposes.").

Accordingly, the Court should strike Plaintiff's Declaration and disregard the improper hearsay statements, as well as Plaintiff's unsupported conclusions and speculative assertions, in their entirety.**CONCLUSION**

**WHEREFORE, PREMISES CONSIDERED**, Defendants pray that Plaintiff Tu Nguyen's Motion to Remand be DENIED as a matter of law.

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
COUNSEL FOR DEFENDANTS ATUTA, Inc. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE A/K/A ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC., PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, AND JOHN NGUYEN

6

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
SPECIAL COUNSEL FOR DEFENDANT
PHUNG BACH DOAN

*/s/ Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
COUNSEL FOR DEFENDANT
TAI VAN PHAM aka TONY PHAM

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email to the following:

Brian Turner
LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave. Bryan, TX 77803
Email: bt@brianturnerlaw.com

By: */s/ Minh-Tam (Tammy) Tran*
Minh-Tam (Tammy) Tran

7