United States District Court
Southern District of Texas

**ENTERED**

April 27, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU,[1] | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-26-1218 |
| ATUTA, INC., *et al.*, | § § § | |
| Defendant. | § § § § | |

**SHOW CAUSE ORDER**

On January 29, 2026, Nguyen Thanh Tu[1] filed this suit in state court, accusing a variety of individuals and entities of defamation and conspiracy. (Docket Entry No. 1-1). In Mr. Tu's own words, this case is a "re-file" of a case he previously filed in federal court. (Docket Entry No. 4 at 2). Judge Hittner was assigned to that case. He issued a preclusion order, requiring Mr. Tu, who had been deemed a vexatious litigant, to obtain written authorization from an appropriate local administrative judge and to meet other statutory requirements, including posting a security bond of $100,000, before proceeding with the case. (Case No. 4:25-cv-4982, Docket Entry No. 8). Judge Hittner later dismissed the case after Mr. Tu failed to comply with his order. (Case No. 4:25-cv-4982, Docket Entry No. 17). Mr. Tu states that because Judge Hittner did not dismiss the case with prejudice, he was free to refile it. (Docket Entry No. 4 at 1–2). After Mr. Tu filed the new case, the defendants removed to this court. (Docket Entry No. 1). Mr. Tu has filed a motion to remand. (Docket Entry No. 4).

---

[1] The plaintiff's motion to remand states that he is either known as Tu Nguyen or Nguyen Thanh Tu. (Docket Entry No. 4 at 1). For simplicity, the court refers to him as "Mr. Tu."

Although the motion to remand remains pending, the court notes several issues should this case proceed to the merits. Judge Hittner dismissed Mr. Tu's prior case for failure to comply with a court order. That dismissal would have been under Rule 41(b). *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." (citing FED. R. CIV. P. 41(b)). Rule 41(b) allows dismissal with or without prejudice. The default rule is that a Rule 41(b) dismissal is *with* prejudice. *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Boykin for Roy Lee Kemp Tr. v. Wells Fargo Fin. Tex., Inc.*, Civ. Action No. 4:17-02663, 2017 WL 6200606, at *3 (S.D. Tex. Dec. 8, 2017) ("A dismissal under Rule 41(b) is with prejudice unless otherwise stated in the dismissal order.").

The court has reviewed Judge Hittner's dismissal order. It does not say that the dismissal was without prejudice. Rather, it states that the plaintiff's claims against all defendants were "dismissed" and that this was a "final judgment." (Case No. 4:25-cv-04982, Docket Entry No. 17). Because the order does not say "without prejudice" and is a final judgment, the dismissal was with prejudice. As noted above, in Mr. Tu's own words, this is a "re-file" of his prior case, although some new defendants and new facts have been added. Despite those additions, it is "well-settled" that res judicata bars claims "that . . . 'could have been brought based on the operative factual nucleus.'" *Martinez v. Bernhard*, SA-26-CV-00107-XR, 2026 WL 198238, at *2 (W.D. Tex. Jan. 14, 2026) (quoting *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 938 n.1 (5th Cir. 2000)).

In addition to the prejudice issue, there is also the separate but related issue of Mr. Tu's status as a vexatious litigant. In a notice to the court, the defendants argue that Mr. Tu did not

2

obtain permission from the appropriate local administrative judge and did not serve the Clerk of the Court and the defendants with any application for permission to file new litigation, as required by the Texas vexatious litigant statute. (Docket Entry No. 6 at 4–5). Mr. Tu has not responded to these arguments. The court notes that although Mr. Tu has submitted a pre-filing permission letter he obtained from a local administrative judge, (Docket Entry No. 1-1 at 29), the position taken in that letter (that Mr. Tu is not subject to Chapter 11's pre-filing requirements because he has counsel) is at odds with the position taken by Judge Hittner in his preclusion order. (Case No. 4:25-cv-04982, Docket Entry No. 8). Judge Hittner's order stayed any further proceedings, including but not limited to the prosecution of the instant matter before him, until Mr. Tu complied with the requirements of the Texas Vexatious Litigant Act.

No later than May 8, 2026, Mr. Tu must submit a written submission of no more five pages explaining why—if the court denies the motion to remand and proceeds to the merits—this case should not be dismissed with prejudice under both res judicata and the prior preclusion order.

SIGNED on April 27, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3