**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, *Plaintiff,* | § § § | |
| v. | § § § | |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC., PHUNG BACH DOAN, ESTHER K. LE,  THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM aka TONY PHAM, and JOHN NGUYEN, *Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-1218 |

**PLAINTIFF'S  BRIEF IN RESPONSE TO**
**SHOW CAUSE ORDER**

**COMES NOW**, Tu Nguyen (aka Nguyen Thanh Tu or NTT), Plaintiff in the above-styled cause, and files his Brief in response to this Court's Show Cause Orders in Docket Nos. 14 and 17, and would respectfully show the Court as follows:

### A.      Introductory Statements

1.      The Request for this Court to take Judicial Notice of the Galveston Order Vacating the previous Galveston Order Declaring Tu Nguyen a Vexatious Litigant (Docket No. 15) was never intended to supplant the need for this Brief.  Merely, it is a significant event of which the parties and this Court need to be made aware.

2.      Additionally,  Plaintiff believed and continues to believe that his initial filing was proper. Two different Local Administrative Judges, one for Harris County and one for Galveston County, have now signed Orders specifically stating that "…the statute only applies to pro se litigants." (Exhibit A).

3.      However, Judge Hittner determined the pre-filing requirements did apply, and on Friday, October 31, 2025, issued a preclusion order.  (Case No. 4:25-cv-4982, Docket Entry No.8).

**B.      *The Failure to Obtain Pre-Filing Permission and Obtain a Bond Were Not Intentionally Violative of a Court Order***

4.      Judge Hittner's Preclusion Order ordered Plaintiff to obtain permission to file and to obtain a bond, and gave Plaintiff a remarkably short time to comply – 10 days.  To wit, this Court has graciously afforded Plaintiff more time to perform a single task – drafting this Brief, than Plaintiff was given to draft a Request for Permission to File, await the determination from the Local Administrative Judge, which would also include the bond amount, and then secure the bond.  (Case No. 4:25-cv-4982, Docket Entry No. 8).

5.      Plaintiff acted expeditiously and diligently in his attempts to comply with the Preclusion Order.

6.      By the following Monday, November 3, 2025, a request had been submitted to the Loal Administrative Judge. (Exhibit B).

7.      On that same Monday, Plaintiff sought a Reconsideration on the Preclusion Order from Judge Hittner.  (Case No. 4:25-cv-4982, Docket Entry No. 9).

8.      Additionally, when it became obvious that 10 days to comply the Preclusion Order was far too short, a Request for an Extension of Time was sought.  (Case No. 4:25-cv-4982, Docket Entry No. 14).

9.       Rather than engaging in contumacious conduct or engaging in delay tactics, Plaintiff made every effort to timely comply with the Preclusion Order.

**C.      *The Dismissal was Procedural***

10.     With very similar facts to ours, in *Costello v. United States*, 365 U.S. 265 (1961), the Petitioner failed to file a required Affidavit with its Complaint and as such, the case was dismissed.

The District Court entered an Order which did not specify whether the dismissal was with or without prejudice. *Costello at 268.*

11.    Justice Brannan, in delivering the opinion, stated:

> We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b). In arguing contra, the petitioner relies on cases which hold that a judgment of denaturalization resulting from a proceeding in which the affidavit of good cause was not filed is not open to collateral attack on that ground. Title v. United States, 9 Cir., 263 F.2d 28; United States v. Failla, D.C., 164 F.Supp. 307. We think that petitioner misconceives the scope of this exception from the dismissals under Rule 41(b) which operate as adjudications on the merits unless the court specifies otherwise. It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. ***We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.***

     *Id.* at 285 (emphasis added).  *See also Truvillion v. King's Daughters Hospital,* 614 F. 2d 520, 524 (5th Cir. 1980).

12.    Justice Brennan went on to hold, in the context of *res judicata*:

> At common law dismissal on a ground not going to the merits was not ordinarily a bar to a subsequent action on the same claim. In Haldeman v. United States, 91 U.S. 584, 585—586, 23 L.Ed. 433, which concerned a voluntary nonsuit, this Court said, 'there must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit.  There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively.' A similar view applied to many dismissals on the motion of a defendant. In Hughes v. United States, 4 Wall. 232, 237, 18 L.Ed. 303, it was said: 'In order that a judgment may constitute a bar to another suit, it must be rendered in a proceeding between the same parties or their privies, and the point of controversy must be the same in both cases, and must be determined on its merits. If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of

jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.' See also House v. Mullen, 22 Wall. 42, 46, 22 L.Ed. 838; Swift v. McPherson, 232 U.S. 51, 56, 34 S.Ct. 239, 241, 58 L.Ed. 499; St. Romes v. Levee Steam Cotton Press Co., 127 U.S. 614, 619, 8 S.Ct. 1335, 1338, 32 L.Ed. 289; Burgett v. United States, 7 Cir., 80 F.2d 151, 104 A.L.R. 167; Gardner v. United States, 9 Cir., 71 F.2d 63.

Id. at 285-286

13. The initial filing was disposed of on a ground which did not go to the merits of the action, rather a procedural point the Plaintiff made every attempt to comply with.

14. Additionally, a district court may dismiss an action for failure to prosecute or comply with any court order. *Buerger v. Clifton*, Civ. Action No. 4:18-CV-78 (E.D. Tex. March 19, 2021). *Citing McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

15. Generally, such dismissal is without prejudice. *Id.*

16. This District, and this Division, less than one year ago held: Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Ayers v. Open Sky Capital Bank, et al*, Civ. Action No. H-25-835, United States District Court, S.D. Tex., Houston Division, August 29, 2025). *See also Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992)(a dismissal with prejudice is an extreme sanction and the district court's discretion is therefore limited; we will only affirm such a dismissal if the failure to comply with the court order is the result of purposeful delay or contumacious conduct and the district court first employs lesser sanctions.)

17. Neither of these elements apply.

18. Rather than contumacious conduct, as described in ¶¶6, 7 and 8 above, Plaintiff exercised

diligence in attempts to comply with the Preclusion Order.

19.     Additionally, absent in Judge Hittner's Order to Dismiss is an express finding of lesser sanctions.

20.     Finally, Defendants filed a proposed Order Dismissing with Prejudice.  (Case No. 4:25-cv-4982, Docket Entry No. 15-3).

21.     Judge Hittner declined to use Defendants' proposed Order or to include the proposed "with prejudice" language in his dismissal Order, which certainly suggests that the dismissal Order was not intended to be with prejudice.

22.     For the reasons stated above, Plaintiff's suit is not barred.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen respectfully prays that his Motion to Remand is granted, and in the alternative, should the Motion to Remand be denied, that this Court determine that this present suit may proceed, and for such other and further relief to which this Plaintiff is justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com

By:  /s/   Brian Turner
Brian Turner
State Bar No. 20310450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via ECF and email, on this 2nd day of May 2026.

/s/   Brian Turner
Brian Turner