IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | CIVIL ACTION NO. 4:26-CV-1218 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC, PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM a/k/a TONY PHAM, and JOHN NGUYEN | § § § § § § § § § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S BRIEF IN RESPONSE TO SHOW CAUSE ORDER

COME NOW, Defendants, and file this Reply to Plaintiff Nguyen Thanh Tu's ("Plaintiff" or "Mr. Tu") Brief in Response to the Show Cause Order (Dkt. 18). Mr. Tu's brief fails to offer any legally cognizable justification for his attempt to "refile" claims that were previously dismissed with prejudice by the Honorable Judge David Hittner. In fact, the Honorable Judge David Hittner and the Fifth Circuit Court of Appeals are not unfamiliar with Mr. Tu's contumacious tactics of

1

"refiling" the same lawsuit which have the same facts after the claims were dismissed with prejudice.

In *Ho-Huynh v. Bank of America, N.A.*, C.A. No. G-14-69, after Mr. Tu's first three federal lawsuits were dismissed (*Nguyen I, II, and III*), he utilized his wife to file the *fourth* identical lawsuit (*Ho-Huynh v. Bank of America, N.A.*, C.A. No. G-14-69). In dismissing that fourth lawsuit, Judge Hittner expressly admonished Mr. Tu's wife that:

> The Court "**ADMONISHES** Plaintiff Chau D. Ho-Huynh that further litigation... will result in **severe sanctions**... because this litigation is <u>substantially, if not completely, similar to three prior lawsuits brought by Ho-Huynh's husband [Mr. Tu]</u>." (Emphasis added.)

*See Exhibit H, Exhibits I, and Appendix I --* Chart of Ten (10) Judicial Findings and Admonishments by Judge Hittner, The Fifth Circuit, the Fourteenth Court of Appeal and other Federal and State District Courts Regarding Tu Nguyen's Frivolous Lawsuits

## I.    Plaintiff Did Not Expeditiously or Strictly Comply with Judge Hittner's Preclusion Order, Undermining Any Claim of "Diligence."

In the case, which was later refiled here, Judge Hittner's Order was explicit: Plaintiff had 10 days to (1) obtain written authorization from the local Administrative Judge, (2) notify the Clerk, and (3) post a security bond of $100,000.

**Exhibits A.**

It should be noted that Sec. 11.056 of the Texas Vexatious Litigant Act

provides:   "*The court shall dismiss a litigation as to a moving defendant if a plaintiff ordered to furnish security does not furnish the security within the time set by the order.*" Tex. Civ. Prac. & Rem. Code § 11.056.

Rather than strictly and expeditiously following these clear directives, Mr. Tu, as usual, engaged in <u>contumacious delay tactics</u>.   Instead of securing the proper authorization, and providing the Clerk and Defendants with the prefiling petition, and posting the required $100,000 bond, Mr. Tu utilized his 10-day window to file a Motion for Reconsideration and a 1st Amended Motion for Reconsideration, attempting to bypass the order altogether. Judge Hittner promptly denied those motions on November 7, 2025 (Case No. 4:25-cv-4982, Dkt. 12), attached hereto as **Exhibit B**.

Furthermore, Mr. Tu attempts to rely on a Request for an Extension of Time to manufacture a narrative of "diligence." However, as Judge Hittner expressly noted in his Final Judgment of Dismissal (Case No. 4:25-cv-4982, Dkt. 17) (**Exhibit C**), Mr. Tu's motion for an extension was filed *after* the 10-day deadline had already expired and *after* Defendants had filed a Notice of Non-Compliance with the Court.

3

Mr. Tu also attempts to use an email dated November 3, 2025 (Dkt. 18-2), attached hereto as **Exhibit D**, to prove he acted "expeditiously" within the 10-day window. However, this Exhibit further proves his intentional choice to disregard Judge Hittner's Order. The email sent to Assistant United States Attorney Elizabeth Karpati (elizabeth.karpati@usdoj.gov), purporting to seek "permission" from U.S. Attorney Ganjei, reflects a fundamental misunderstanding of the federal judicial system. A United States Attorney is a federal prosecutor within the Department of Justice—not a judicial officer, and certainly not a "local Administrative Judge." The request is, therefore, not only procedurally improper, but borders on frivolous, as it conflates prosecutorial authority with judicial power.

As such, failing to meet a deadline, intentionally emailing the wrong governmental authority, intentionally failing to provide the required notice to the Clerk and to all Defendants via opposing counsel, and seeking an extension only after the deadline has expired is precisely the type of "contumacious conduct and delay" recognized by the courts.[1]

---

[1] As Defendants previously pointed out, even a simple Google search would have revealed the identity of the "Local Administrative Judge." A casual review of Judge Hittner' Order and Section 11.102 would enable Mr. Tu to comply with the Order if he really cared.

**Sec. 11.102. PERMISSION BY LOCAL ADMINISTRATIVE JUDGE.** (a) A vexatious litigant subject to a prefiling order under Section 11.101 is prohibited from filing, pro se, new litigation in a court to which

## II.    Mr. Tu's Belated State Court Administrative Order Failed to Comply with the Federal Court's Directives

Mr. Tu relies upon a state court administrative order to excuse his failure, but this document further exposes his disregard for federal court mandates. Mr. Tu touts a December 19, 2025 order from Harris County Local Administrative Judge Latosha Lewis Payne (Dkt. 18-1), attached hereto for convenience as **Exhibit E**, as proof of his alleged compliance. However, this order is fatally flawed in its timing, its substance, and its jurisdictional authority.

First, Mr. Tu obtained this order far too late. Judge Hittner's Preclusion Order mandated compliance within 10 days (by November 10, 2025). Because Mr. Tu initially wasted his time emailing the U.S. Attorney's Office instead of the proper court, he did not procure the state administrative order until December 19, 2025—more than a month after his federal deadline expired, **and weeks after Judge Hittner had already entered a Final Judgment of Dismissal with prejudice**.

---

the order applies without seeking the permission of:

(1)  the local administrative judge of the type of court in which the vexatious litigant intends to file, except as provided by Subdivision (2); or

(2)  the local administrative district judge of the county in which the vexatious litigant intends to file if the litigant intends to file in a justice or constitutional county court.

(b)  **A vexatious litigant subject to a prefiling order under Section 11.101 who files a request seeking permission to file a litigation shall provide a copy of the request to all defendants named in the proposed litigation. (Emphasis added.)**

5

Second, Mr. Tu completely ignored the financial requirement of the federal order. Judge Hittner explicitly required Mr. Tu to post a $100,000 security bond to protect the Defendants. Judge Payne's state court order contains no such requirement, and Mr. Tu never posted the bond.

As stated above, Texas court interpreting the Vexatious Litigant Act as follows: if a plaintiff ordered to furnish security does not do so within the time set by the order, the court "shall dismiss" the litigation. Tex. Civ. Prac. & Rem. Code § 11.056. Texas appellate courts consistently and routinely enforce this mandatory dismissal requirement, affirming dismissals with prejudice when a vexatious litigant fails to post the required security. *See Drum v. Calhoun*, 299 S.W.3d 360, 374 (Tex. App.—Dallas 2009, pet. denied) (affirming dismissal with prejudice after a litigant failed to post required security); *Hernandez v. Hernandez*, 621 S.W.3d 767, 770 (Tex. App.—El Paso 2021, no pet.) (affirming dismissal with prejudice for failure to post a security bond); *Retzlaff v. GoAmerica Commc'ns Corp.*, 356 S.W.3d 689, 692 (Tex. App.—El Paso 2011, no pet.) (same); *see also Amrhein v. Bollinger*, 593 S.W.3d 398, 403 (Tex. App.—Dallas 2019, no pet.); *Leonard v. Abbott*, 171 S.W.3d 451, 460 (Tex. App.—Austin 2005, pet. denied); *Nell Nations Forist v. Vanguard Underwriters Ins. Co.*, 141 S.W.3d 668, 670–71 (Tex. App.—San Antonio 2004, no

pet.).

Finally, as this Court astutely observed in its Show Cause Order (Dkt. 14 at 2-3), the legal position taken by the state administrative judge is directly "at odds with the position taken by Judge Hittner in his preclusion order." A state court administrative judge does not have the authority to overrule, waive, or retroactively cure a violation of the explicit directives of a Federal District Judge.

## III.    The Previous Dismissal Constitutes a Final Judgment on the Merits

Mr. Tu attempts to carve out an exception to Rule 41(b) by categorizing Judge Hittner's dismissal as merely "procedural" and heavily quoting a 1961 case regarding the failure to file an affidavit of good cause. The analogy is fundamentally flawed. Judge Hittner did not dismiss Mr. Tu's case for a simple defect in pleading. He dismissed Mr. Tu's case as an ultimate sanction for Mr. Tu's failure to comply with a direct court order requiring 1) prefilling permission, 2) providing a copy of the request to the Court Clerk and all Defendants, and 3) providing a $100,000 security bond. Mr. Tu failed to comply with any of Judge Hittner's instructions.

As this Court noted, a dismissal under Rule 41(b) operates as an adjudication on the merits unless the dismissal order explicitly states otherwise. Judge Hittner's Order of Dismissal (Case No. 4:25-cv-4982, Dkt. 17) (**Exhibit C**) did

7

not state "without prejudice." Rather, it explicitly decreed:

## "THIS IS A FINAL JUDGMENT."

Because this is a final judgment on the merits, Plaintiff's admitted "re-file"

of the same operative facts is wholly barred by the doctrine of *res judicata*.

IV.   **Plaintiff's Conduct in this Case Is Not Simply "Procedure," but Part of a Documented, Decade-Long Pattern of Vexatious and Contumacious Litigation.**
(*See* **Appendix I**: Chart of Ten (10) Judicial Findings and Admonishments By Judge Hittner, The Fifth Circuit, the Fourteenth Court of Appeal and other Federal and State District Courts Regarding Tu Nguyen's Frivolous Lawsuits.)

It is well settled that Federal courts possess inherent authority to manage

their dockets and to prevent abuse of the judicial process, including by imposing

sanctions against vexatious litigants independent of specific procedural rules. *See*

*Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) ("No one, rich or poor, is

entitled to abuse the judicial process."); *Belssner v. Gittings*, No. 2:18-cv-02084, 2020

WL 1315713, at *3 (D. Nev. Jan. 24, 2020) (recommending vexatious-litigant

designation based on history of duplicative and frivolous filings).

Federal courts have further recognized that "the normal opportunity to

initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of

abusing the litigation process." *Mallgren v. N.Y. State Off. of Att'y Gen.*, 35 F. Supp.

3d 242, 255 (E.D.N.Y. 2014) (quoting *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994)).

8

This authority includes the power to impose pre-filing injunctions requiring litigants to obtain leave of court before initiating new actions. *See Green v. McLaughlin*, 374 F. App'x 173, 175 (2d Cir. 2010).

A filing injunction was imposed based on a plaintiff's "nearly decade-long history of spurious litigation," which forced defendants to defend against duplicative and baseless suits across multiple courts. *Woodhouse v. Meta Platforms, Inc.*, 704 F. Supp. 3d 502, 512–13 (S.D.N.Y. 2023). The central inquiry is whether the litigant is likely to continue abusing the judicial process and harassing other parties. *Mantis Transp., LLC v. Kenner*, 45 F. Supp. 3d 229, 236 (E.D.N.Y. 2014).

## A. Contumacious Conduct as a Basis for Dismissal

Contumacious conduct—defined as willful disobedience of court orders—provides an independent basis for dismissal with prejudice. A "clear record of contumacious conduct" exists where a party repeatedly fails to comply with court-orders. *In re Deepwater Horizon*, 805 F. App'x 262, 265 (5th Cir. 2020) (affirming dismissal with prejudice based on repeated noncompliance with court orders).

## B. Vexatious Litigation Dismissal is not Procedural Dismissal

Courts have imposed filing restrictions where litigants engaged in patterns such as filing duplicative lawsuits, disregarding court orders, and submitting filings they knew would be dismissed or stricken. *Christian v. United States*, No.

2:22-cv-01463, 2024 WL 4505368, at *4 (D. Nev. July 18, 2024). These restrictions serve the dual purpose of protecting judicial resources and preventing harassment of opposing parties through repetitive, frivolous litigation.

In this refiled case, Mr. Tu's attempt to paint his current procedural failures as innocent "diligence" is entirely belied by his extensive, documented history as a vexatious litigant. Mr. Tu has spent decades abusing the Texas and federal judicial systems by repeatedly filing frivolous claims and collaterally attacking final judgments.

In 2017, the 10th Judicial District Court of Galveston County explicitly found that Mr. Tu "is abusing the legal system by repeatedly filing frivolous claims" and relitigating matters that have been finally determined against him (Cause No. 17-CV-0790), attached hereto as **Exhibit F**. This pattern of filing and refiling multiple lawsuits over the exact same operative facts is well-documented by Judge Hittner and the Fifth Circuit and many state courts. For example, the Texas Fourteenth Court of Appeals explicitly outlined Mr. Tu's history of filing three successive lawsuits to stop a single foreclosure, followed by a fourth identical lawsuit filed through his wife, Chau Ho-Huynh, as a proxy (Cause No. 14-15-00290-CV), attached hereto as **Exhibit G and Appendix I**.

This extensive history provides critical context for Mr. Tu's actions in the current suit, which is a refiled action. Mr. Tu's repeated procedural failures and improper filings are not isolated incidents, but part of a broader pattern of conduct that has wasted judicial resources and prejudiced Defendants. They are the calculated, contumacious tactics of a serial abuser of the judicial system which must be stopped.

## V.    CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Honorable Court reject Plaintiff Thanh Tu Nguyen's arguments, enforce the prior final judgment, and dismiss this refiled lawsuit with prejudice as frivolous and improper. Defendants further request that the Court impose monetary sanctions in the amount of $100,000, to be directed to an appropriate pro bono legal foundation in Texas, and grant Defendants all such other and further relief to which they may be justly entitled.

Respectfully submitted,

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401

11

Tel: (713) 655-0737

Mobile: (832) 372-4403

SPECIAL COUNSEL FOR

DEFENDANT PHUNG BACH DOAN

**THE KELLEY LAW FIRM**

By: */s/ Lloyd E. Kelley*

**Lloyd E. Kelley**

Texas Bar No.  11203180

kelley@lloydekelley.com

2726 Bissonnet, Suite 240 PMB 12

Houston, Texas 77005

Tel:(281) 492-7766

Fax:(281) 652-5973

COUNSEL FOR DEFENDANTS

ATUTA, Inc. d/b/a PHO BOLSA TV, VU

HOANG LAN, ANDREW LE TV, AN

THIEN LE A/K/A ANDREW LE,

PREMIERLINE GROUP, LLC., TUAN

THANH HO, HGP USA CORP.,

HOANG GIA PEARL, JSC., PHUNG

BACH DOAN, ESTHER K. LE, THANH

NGA T. TRAN, PRISCILLA T. LE, AND

JOHN NGUYEN

*/s/ Gary M. Polland*

**Gary M. Polland**

State Bar No. 16095800

**POLLAND & ASSOCIATES, P.C.**

1533 W. Alabama Street

Houston, Texas 77006

Telephone: (713) 621-6335

Email: pollandlaw@yahoo.com

COUNSEL FOR DEFENDANT

TAI VAN PHAM aka TONY PHAM

12

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email.

By: */s/ Minh-Tam (Tammy) Tran*
Minh-Tam (Tammy) Tran