**APPENDIX I: SUMMARY AND CHART**

**<u>Summary of Judicial Findings and Admonishments Regarding Tu Nguyen</u>**

The following chart documents the extensive history of severe judicial reprimands, warnings, and formal findings of abusive litigation tactics by Nguyen Thanh Tu (a/k/a Tu Nguyen) and his proxies across state and federal courts.

**Key Themes of Mr. Tu's Conduct:**

- **"Abusing the Legal System":** Multiple courts have explicitly recognized his filings as "frivolous," "harassing," and abusive.

- **Proxy Litigation:** Judge David has known Tu Nguyen well for his historical use of his wife as a proxy to bypass court warnings and preclusion orders.

- **Service & Procedural Manipulation:** He has repeatedly attempted to obtain "*ex parte*" findings by failing to provide proper service to defendants, a tactic recognized by appellate courts as "clogging the system."

- **Contempt for Finality:** He refuses to accept final judgments, routinely attempting "*collateral attacks*" on cases that have already been dismissed with prejudice.

- **Escalating Defiance:** Despite warnings of "severe sanctions" dating back to 2013, he continues to violate judicial directives.

1

## Chart of Judicial Findings and Admonishments Regarding Tu Nguyen's Abusive Conduct

| Date | Court / Presiding Judge | Judicial Findings / Direct Quote | Context & Consequence |
|---|---|---|---|
| Mar. 8, 2013 | **U.S. Court of Appeals for the Fifth Circuit** <br><br> *(No. 12-20573)* | *As here "Both actions arise out of the 'the same nucleus of operative facts':* <br> *the foreclosure and foreclosure proceedings regarding Nguyen's house. See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.), 163 F.3d 925, 934 (5th Cir. 1999) (emphasis omitted). They thus involve the same claim, so claim preclusion bars this suit, and the district court properly dismissed it . . .."* <br><br> ***Exhibit J.*** | Nguyen defaulted on his house note and sued the BOA to prevent foreclosure. BOA removed to federal court, then Nguyen agreed to dismissal with prejudice. The case was dismissed on February 21, 2012, and the TRO was lifted. Nguyen took no further action, seeking neither appeal nor reformation of the judgment. As here, more than two months later, on April 30, 2012, Nguyen sued BOA, again in state court, and BOA again removed. District Court granted summary judgment, *inter alia*, on the claim preclusion. |
| Aug. 19, 2013 | **U.S. Court of Appeals for the Fifth Circuit** <br><br> *(539 F. App'x 325)* <br><br> *(No. 13-20103)* | *"For the foregoing reasons, we AFFIRM the district court's denial of Nguyen's motion to remand and its dismissal of his complaint.* ***Nguyen is WARNED that further frivolous litigation will result in the imposition of monetary sanction."*** <br><br> ***Exhibit K.*** | The Fifth Circuit affirmed **the dismissal of his third lawsuit** regarding the same property, noting the district court's warning that his filings were **"frivolous."** |

| Nov. 14, 2014 | **U.S. District Court, S.D. Texas**<br><br>*Judge David Hittner*<br><br>*(Cause No. G-14-69)* | *"**ADMONISHES** Plaintiff Chau D. Ho-Huynh that further litigation... will result in **severe sanctions**... because this litigation is **substantially, if not completely, similar to three prior lawsuits brought by Ho-Huynh's husband** [Mr. Tu]."*<br><br>***Exhibit H.*** | In 2007, Nguyen executed a promissory note to secure a deed of trust on a property located at 22126 Kennedy Drive, Galveston, Texas 77554. After Nguyen defaulted on the note, the Bank scheduled a foreclosure sale for January 3, 2012, which Nguyen contested. Nguyen filed suit three times in state court to stop foreclosure on the Kennedy Drive property. *Id.*<br><br>Each time, the case was removed to federal court, and each time the case was dismissed. *Id. (Nguyen I, Nguyen II, and Nguyen III.)*<br><br>After the first three proceedings were dismissed, the Bank scheduled another foreclosure sale for March 4, 2014. Then, Nguyen's wife, Chau Ho-Huynh, filed a fourth action against the Bank, again to stop foreclosure on the Kennedy Drive property. The Bank claims that after it removed the action to federal court Ho-Huynh filed a motion to remand."<br><br>**Judge David Hittner caught the tactic and issued a severe admonishment.** |

3

| | | | |
|---|---|---|---|
| **Jan. 22, 2015** | **Texas 14th Court of Appeals**<br><br>*(Cause No. 14-14-00021-CV)* | *"An assertion that a lien has been forged is a* ***'substantive evidentiary claim'*** *that does not fit within the scope of section 51.903's expedited procedures."*<br><br>*Exhibit L.* | **Demonstrating Nguyen repeated frivolous lawsuits and motions.** The court rejected Mr. Tu's attempt to use an *ex parte*, "summary" procedure to invalidate a deed of trust, affirming the denial of his motion. |
| **Mar. 23, 2015** | **U.S. District Court, S.D. Texas**<br><br>*Judge David Hittner*<br><br>*(Cause No. G-14-69)* | *"Plaintiff was admonished that filings... will result in* ***severe sanctions****... **The document is stricken.***"<br><br>*Exhibit I.* | The Court was forced to physically strike his proxy filings from the federal record due to his blatant, continued disregard of prior warnings. |
| **May 3, 2016** | **Texas 14th Court of Appeals**<br><br>*(Cause No. 14-15-00290-CV)* | *"Nguyen filed suit three times in state court... Each time the case was removed to federal court, and* ***each time the case was dismissed****... Then, Nguyen's wife, Chau Ho-Huynh,* ***filed a fourth action***"<br>*****<br>*"Because the summary judgment evidence shows Nguyen's motion required service, and the Bank was not served, all of the elements for a bill of review based on non-service of process have been met."*<br><br>*Exhibit G.* | An appellate court formally documented his bad-faith tactic of relentlessly filing identical, unsuccessful lawsuits to harass defendants and, most importantly, his lack of understanding of both procedural and substantive law while "playing lawyer," thereby wasting judicial resources and causing opposing parties to incur attorneys' fees, costs, and significant time defending against Tu Nguyen's frivolous lawsuits. Now he is bragging within the community that his attorney's role is merely to sign the papers at his direction. |

| | | | |
|---|---|---|---|
| **Nov. 29, 2016** | **Texas 1st Court of Appeals**<br><br>*(Cause No. 01-15-00587-CV)* | *"Receiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them."* *(quoting Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc., 186 S.W.3d 571, 574 n.1 (Tex. 2006).)*<br><br>*Exhibit M.* | The court vacated a finding Mr. Tu obtained without proper service, noting the law was aimed at individuals **"harassing officials and others by clogging the court system."** Again, Tu Nguyen's lack of understanding of both procedural and substantive law while dangerously "playing lawyer," thereby wasting judicial resources. |
| **Oct. 4, 2017** | **10th Judicial District Court, Galveston County**<br><br>*Judge Kerry Neves*<br><br>*(Cause No. 17-CV-0790)* | *"…pro se litigant Tu Nguyen is abusing the legal system by repeatedly filing frivolous claims… and seeking to improperly collaterally attack orders…"*<br>*Exhibit F.* | A Texas district court explicitly found that Mr. Tu was "abusing the legal system" and formally declared him a **Vexatious Litigant**. |
| **Feb. 13, 2018** | **Texas 1st Court of Appeals**<br><br>*(Cause No. 01-17-00864-CV)* | *"Accordingly, we **dismiss the appeal for want of prosecution** for failure to pay all required fees."*<br><br>*Exhibit N.* | Mr. Tu attempted to appeal his Vexatious Litigant status but received a summary dismissal. Again, Tu Nguyen's lack of understanding of both procedural and substantive law while dangerously "playing lawyer," thereby wasting judicial resources. |
| **Oct. 31, 2026** | **U.S. District Court, S.D. Texas**<br><br>(Case No. 4:25-cv-4982, Dkt.)<br><br>*Judge David Hittner* | *"**FAILURE TO COMPLY** with the requirements of paragraph 2 within the specified 10-day period **SHALL RESULT IN THE IMMEDIATE DISMISSAL** of this entire cause of action without further notice."*<br>*Exhibit A.* | Plaintiff's motion for an extension was filed after the 10-day deadline to seek prefiling permission and pay security bond had already expired and after Defendants had filed a Notice of Non-Compliance with the Court. |