EXHIBIT
F

CAUSE NO. _____

IN RE TU NGUYEN,                    §         IN THE DISTRICT COURT OF
PLAINTIFF                           §
                                    §         HARRIS COUNTY, TEXAS
                                    §
                                    §         \_\_\_\_ JUDICIAL DISTRICT

## ORDER GRATING LEAVE TO FILE SUIT

Mr. Nguyen was ordered a vexatious litigant by the 10th Judicial District Court of Galveston, Texas in Cause No. 17-cv-0790. Pursuant to that order, Mr. Nguyen is prohibited from "filing pro se any new litigation in a court of this State unless permission has been granted by the Local Administrative Judge." Texas Civil Practice and Remedies Code sec. 11.102(a) prohibits vexatious litigants "from filing, pro se, new litigation" without the permission of the local administrative judge. Mr. Nguyen, through his counsel Brian Turner, now requests permission to file or maintain a lawsuit against Atuta, Inc., et al.

The Administrative Judge has reviewed Mr. Turner's letter, attachments and arguments, and the applicable authorities. The Administrative Judge's review included the orders of dismissal issued in the Southern District of Texas, Civil Action No. 4:25-cv-4982.

Chapter 11 of the Civil Practices and Remedies Code was amended in 2013 to clarify that the statute only applies to pro se litigants. Specifically, the definition of plaintiff was amended to state: "Plaintiff means an individual who commences or maintains a litigation *pro se*." §11.001(5) (emphasis added). Other portions of the vexatious litigation statue were similarly modified. See §§11.102(a), 11.103(a), and 11.1035.

Because Mr. Nguyen is represented by counsel, he is not acting pro se and is not subject to the pre-filing requirements of Chapter 11. The Administrative Judge offers no opinion on whether Mr. Nguyen's case has merit or if it is being filed for the purposes of harassment or delay. To the

Page 1 of 2                                          Ex. A

extent needed, the Administrative Judge GRANTS permission for Mr. Nguyen to proceed with the litigation so long as he is represented by counsel.

If Mr. Nguyen is at any time no longer represented by counsel, then he will need to follow the statutory obligations outlined in Chapter 11, including seeking permission to proceed with or maintain any existing litigation.

Mr. Webb may seek review of this decision by writ of mandamus to an appellate court. *See* TEX. CIV. PRAC. & REM. CODE § 11.102(c).

Signed: _December 19, 2025_
Houston, Texas

Judge Latosha Lewis Payne
Local Administrative District Judge
Harris County, Texas

**CAUSE NO. 17-CV-0790**

FILED
2026 APR 14 AM 10: 25
DISTRICT CLERK
GALVESTON COUNTY TEXAS

| | | |
|---|---|---|
| IN RE:  TU NGUYEN | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| | § | |
| | § | 10th JUDICIAL DISTRICT |
| | § | |
| | § | |
| | § | |
| | § | GALVESTON COUNTY, TEXAS |

## ORDER GRANTING LEAVE TO FILE SUIT

Mr. Nguyen was ordered a vexatious litigant by this Court, in this Cause, on October 4, 2017. Pursuant to that order, Mr. Nguyen is prohibited from "filing pro se any new litigation in a court of this State unless permission has been granted by the Local Administrative Judge." Texas Civil Practice and Remedies Code sec. 11.102(a) prohibits vexatious litigants "from filing, pro se, new litigation" without the permission of the local administrative judge.  Mr. Nguyen, through his counsel Brian Turner, now requests permission to file a suit asking this Court to vacate its prior October 4, 2017 Order.

Chapter 11 of the Civil Practices and Remedies Code was amended in 2013 to clarify that the statute applies to pro se litigants.  Specifically, the definition of plaintiff was amended to state:  "Plaintiff means an individual who commences or maintains a litigation *pro se.*" §11.001(5) (emphasis added).  Other portions of the vexatious litigation statute were similarly modified.  See §§11.102(a), 11.103(a), and 11.1035.

Because Mr. Nguyen is represented by counsel, he is not acting pro se and is not subject to the pre-filing requirements of Chapter 11.  The Administrative Judge offers no opinion on whether Mr. Nguyen's case has merit or if it is being filed for the purposes of

17 – CV – 0790
DCORDER
Order
3166517

harassment or delay. To the extent needed, the Administrative Judge GRANTS permission for Mr. Nguyen to proceed with the litigation so long as he is represented by counsel.

If Mr. Nguyen is at any time no longer represented by counsel, then he will need to follow the statutory obligations outlined in Chapter 11, including seeking permission to proceed with or maintain any existing litigation.

This decision may be reviewed by writ of mandamus to an appellate court. *See* Tex. Civ. Prac. & Rem. Code § 11.102(c).

Signed this _13_ day of ~~March~~ April 2026.

By: _____
The Honorable   Jared S. Robinson
Local Administrative District Judge
Galveston County, Texas