**EXHIBIT**

**F**

Filed: 9/28/2017 4:21 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 19743073
By: Shailja Dixit
9/28/2017 4:35 PM

Cause No. 17-CV-0790

2017 OCT -5 AM 10: 06

| | | |
|---|---|---|
| TU NGUYEN | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | DISTRICT |
| v. | § | 10TH JUDICIAL DISTRICT |
| | § | |
| RELATIVE LENDING, LLC | § | |
| | § | GALVESTON COUNTY, |
| Defendant. | § | TEXAS |

## ORDER DECLARING PLAINTIFF TU NGUYEN A VEXATIOUS LITIGANT PURSUANT TO TEXAS CIVIL PRACTICE AND REMEDIES CODE CHAPTER 11 AND ISSUING A PRE-FILING ORDER PROHIBITING TU NGUYEN FROM FILING ANY FURTHER LAWSUITS WITHOUT PERMISSION OF THE LOCAL ADMINISTRATIVE JUDGE

On this day a hearing was conducted to consider Defendant Relative Lending, LLC's Motion to Declare Plaintiff Tu Nguyen A Vexatious Litigant (the "Motion"), pursuant to Texas Civil Practice and Remedies Code Chapter 11, filed in the above-referenced cause. Timely and proper notice of such hearing was provided to Plaintiff and all counsel. The Court, after examining the pleadings and evidence and all briefs submitted, together with authorities, having taken judicial notice of the lawsuits filed by Plaintiff in the state and federal courts, and having considered arguments of counsel and response of Plaintiff *pro se*, is of the opinion and finds that such Motion has merit, should be, and hereby is, **GRANTED**.

In support of this Order, the Court finds that *pro se* litigant Tu Nguyen is abusing the legal system by repeatedly filing frivolous claims against Relative Lending, LLC and others (including but not limited to SLK and Associates, LLC, and Bank of America, N.A.) and seeking to improperly collaterally attack orders and judgments which have been finally determined adversely to him in prior civil cases. Specifically, in the instant case, he has filed his Amended

ORDER DECLARING TU NGUYEN A VEXATIOUS LITIGANT                                    1 OF 5

Plaintiff's Original Petition, wherein he again asserts claims to invalidate Relative Lending, LLC's Deed of Trust and quiet title to property located at 22509 Kennedy Drive, Galveston, Texas 77554 (the "Property"), despite that such claims have been finally adjudicated and title to the Property quieted adversely to Tu Nguyen in several different prior lawsuits. On June 19, 2013, in Cause No. 2013-31100, the 333rd Judicial District, Harris County, Texas rendered its Order Granting Case Dismissal, dismissing with prejudice, adverse to Plaintiff, the identical claims asserted therein by Tu Nguyen against Relative Lending, LLC which Plaintiff Tu Nguyen presently asserts in the instant lawsuit. Further, on January 3, 2014, in Cause No. 13-CV-1538, the 122nd Judicial District, Galveston County, Texas rendered its Judicial Finding of Fact and Conclusion of Law Regarding Documentation or Instrument Purporting to Create a Lien or Claim, adverse to Plaintiff, finding that Relative Lending, LLC's Deed of Trust was a valid lien against the Property; and, such final order was appealed by Plaintiff and on January 22, 2015, the Court of Appeals, in Case No. 14-14-00021-CV, affirmed the judgment of the trial court. Moreover, on November 20, 2013, in Cause No. 13-CV-0796, the 56th Judicial District, Galveston County, Texas rendered its Final Judgment adjudicating and quieting title to the Property, adverse to Plaintiff Tu Nguyen, and in favor of SLK and Associates, LLC, as the purchaser at foreclosure, assignee, and successor from Relative Lending, LLC. Such Final Judgment was appealed by Tu Nguyen, and on May 12, 2015, the Court of Appeals affirmed the trial court's judgment, and Mandate issued on July 24, 2015. It appears to this Court that the instant litigation is another attempt by Plaintiff Tu Nguyen to again challenge the validity of Relative Lending, LLC's Deed of Trust and challenge title to the Property that has been finally adjudicated adverse to Plaintiff Tu Nguyen and title quieted in favor or SLK and Associates, LLC.

The Court notes the evidence presented that Plaintiff Tu Nguyen has repeatedly filed numerous and repetitive lawsuits concerning properties for which he has an interest, including the property which is the subject of the instant suit. Plaintiff Tu Nguyen, *pro se,* has repeatedly filed numerous frivolous lawsuits against Bank of America, N.A. concerning properties located at 22126 Kennedy Drive, Galveston, Texas, and 3310 North Braeswood, Houston, Texas, which have been adjudicated adversely to Plaintiff Tu Nguyen, most often on the basis of *res judicata* or claim preclusion, and often also with both a federal district court and the Fifth Circuit Court of Appeals repeatedly stating expressly that "Plaintiff [Tu Nguyen] is WARNED that further litigation of this dispute in the nature of a new suit may be met with severe monetary sanctions, as further litigation would be wholly frivolous." These admonishments have also been expressly recognized by the 405th Judicial District, Galveson County, Texas and the 212th Judicial District, Galveston County, Texas in orders dismissing claims brought by Plaintiff Tu Nguyen, containing the language "The Court further notes that Plaintiffs have filed this same action multiple times against Bank of America, N.A. Previous actions have been removed to federal court and have been dismissed. Both the federal district courts and the U.S. 5th Circuit Court of Appeals have warned Plaintiffs that they are not to file this action again and will face monetary sanctions if they do." Based upon the evidence presented, it appears clear that despite such warnings and prior adverse adjudications, Plaintiff Tu Nguyen continues to file suits, including the instant suit, *pro se,* attempting to relitigate the validity of prior final adjudications.

The Court finds that there is no reasonable probability that Plaintiff Tu Nguyen would have prevailed in the instant litigation. The Court further finds that Plaintiff Tu Nguyen, in the seven-year period immediately preceding the date that Defendant has made its Motion, has commenced, prosecuted, or maintained at least five litigations as a *pro se* litigant other than in a

small claims court that have been finally determined adversely to Tu Nguyen. Accordingly, the Court specifically finds that Plaintiff Tu Nguyen meets the criteria for being determined to be a Vexatious Litigant under TEX. CIV. PRAC. & REM. CODE § 11.054(1).

The Court further finds that after litigation has been finally determined against him, Plaintiff Tu Nguyen repeatedly relitigates or attempts to relitigate, *pro se*, the validity of the determination against the same defendant as to whom the litigation was finally determined. The Court further finds after litigation has been finally determined against him, Plaintiff Tu Nguyen repeatedly relitigates or attempts to relitigate, *pro se*, the cause of action, claim, controversy, and issues of fact or law determined and concluded by final determination against the same defendant or party as to whom the litigation was finally determined, including but not limited to the final determinations and adjudications of the validity of Relative Lending, LLC's Deed of Trust and title to the Property located at 22509 Kennedy Drive, Galveston, Texas 77554, in violation of TEX. CIV. PRAC. & REM. CODE § 11.054(2)(A) and (B). The Court specifically finds that Plaintiff Tu Nguyen meets the criteria for being determined to be a Vexatious Litigant under TEX. CIV. PRAC. & REM. CODE § 11.054(2).

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that TU NGUYEN be and hereby is declared a **Vexatious Litigant** pursuant to Chapter 11 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that TU NGUYEN is prohibited from filing *pro se* any new litigation in a court of this State unless permission has been granted by the local Administrative Judge, as authorized by TEX. CIV. PRAC. & REM. CODE § 11.101; and

IT IS FURTHER ORDERED that the District Clerk of Galveston County notify the Office of Court Administration of the Texas Judicial System that **TU NGUYEN** has been determined to be a vexatious litigant and that a pre-filing Order has been issued against **TU NGUYEN,** as authorized by TEX. CIV. PRAC. & REM. CODE § 11.104.

Signed this 4TH day of October, 2017.

JUDGE PRESIDING