5/3/2016 3:03 A M
JOHN D. KINARD
District Clerk
Galveston County, Texas

**Affirmed and Memorandum Opinion filed May 3, 2016.**

EXHIBIT
G



### In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00290-CV

---

### TU NGUYEN, Appellant

### V.

### BANK OF AMERICA, N.A., Appellee

---

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 14-CV-1137**

---

## M E M O R A N D U M   O P I N I O N

Appellant, Tu Nguyen,[1] appeals the trial court's grant of summary judgment in favor of appellee, Bank of America (the Bank). The summary judgment granted a bill of review to vacate a judicial finding of fact. In two issues, Nguyen claims 1) the trial court erred in granting summary judgment because the Bank failed to

---

[1] Only Tu Nguyen, acting pro se, signed the notice of appeal and submitted a brief. Therefore, Chau Ho-Huynh is not a party to this appeal. *See* Tex. R. App. P. 9.1(b) (stating a party not represented by counsel must sign any document filed).

establish a prima facie case for its bill of review, and 2) the trial court abused its discretion by acting arbitrarily and unreasonably without reference to any guiding rules or principles. We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Nguyen executed a promissory note to secure a deed of trust on a property located at 22126 Kennedy Drive, Galveston, Texas 77554. After Nguyen defaulted on the note, the Bank scheduled a foreclosure sale for January 3, 2012, which Nguyen contested. *See Tu Nguyen v. Bank of America*, *N.A.*, 539 F. App'x 325, 326 (5th Cir. 2013) (per curiam). Nguyen filed suit three times in state court to stop foreclosure on the Kennedy Drive property. *Id.* Each time the case was removed to federal court, and each time the case was dismissed. *Id.* The first dismissal was by agreement of the parties and was with prejudice. *Id.* The second and third suits were dismissed on summary judgment based on res judicata; both orders granting summary judgment were affirmed by the Fifth Circuit. *Id.*; *Tu Nguyen v. Bank of America, N.A.*, 516 F. App'x. 332, 333 (5th Cir. 2013) (per curiam).

After the first three proceedings were dismissed, the Bank scheduled another foreclosure sale for March 4, 2014. Then, Nguyen's wife, Chau Ho-Huynh, filed a fourth action against the Bank, again to stop foreclosure on the Kennedy Drive property. The Bank claims that after it removed the action to federal court Ho-Huynh filed a motion to remand, and attached to the motion was a "Judicial Finding of Fact and Conclusion of Law Regarding a Documentation or Instrument Purporting to Create a Lien or Claim" (judicial finding). *See* Tex. Gov't Code Ann. § 51.903 (West 2015).

The judicial finding was made by a state district court in Galveston County on September 18, 2013. It found that under Texas Government Code section

51.903, the deed, filed by the Galveston County clerk as #2007038288, either 1) was not provided for by statute, 2) was not created by implied or express consent or agreement, 3) was not an equitable, constructive, or judicially imposed lien, or 4) was not asserted against real or personal property. *See id.* The Bank asserts it did not know about the motion for judicial review of its deed or the judicial finding until they were attached to Ho-Huynh's motion to remand, and the motion to remand was filed after the expiration of time to file a motion for new trial or appeal the judicial finding. *See* Tex. R. App. P. 26.1; Tex. R. Civ. P. 329b.

The Bank filed a petition for bill of review to vacate the judicial finding. *See* Tex. R. Civ. P. 329b(f). The Bank then filed a motion for summary judgment on the bill of review. On March 24, 2015, the trial court granted summary judgment in favor of the Bank, vacating the judicial finding.

## II.    STANDARD OF REVIEW

We review summary judgments de novo. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014) (per curiam). A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

## III.   BILL OF REVIEW

A bill of review is an equitable proceeding to set aside a prior judgment that no longer can be challenged by a motion for a new trial or by direct appeal. *Caldwell v. Barnes (Caldwell I)*, 975 S.W.2d 535, 537 (Tex. 1998) (citing *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex. 1987)). As an equitable proceeding, the bill of review is intended to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). The Texas Rules of Civil Procedure require "sufficient cause" to set aside a judgment based on a bill of review, but sufficient cause is not statutorily defined. *See* Tex. R. Civ. P. 329b(f); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). To show sufficient cause for a bill of review, a plaintiff must ordinarily must plead and prove that he has a meritorious defense to the claim but was prevented from presenting his defense by the fraud, accident, or wrongful act of his opponent, or by official mistake, unmixed with any fault or negligence of his own. *Caldwell v. Barnes* (*Caldwell II*), 154 S.W.3d 93, 96 (Tex. 2004) (listing the ordinary requirements to show sufficient cause for a bill of review); *Baker*, 582 S.W.2d at 406–07 (same). However, when a bill of review plaintiff claims non-service of process in the underlying judgment, it must only prove its own fault or negligence was not a contributing factor to the absence of timely challenge. *Caldwell II*, 154 S.W.3d at 96–97. This factor is conclusively established by proof of non-service because "[a]n individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered." *Id.* at 97; *see Caldwell I*, 975 S.W.2d at 537.

## IV.   ANALYSIS

The Bank argues in its petition for bill of review and motion for summary judgment that Nguyen's motion for judicial review under section 51.903 exceeded

the scope of the statute and was actually a motion for declaratory judgment. *See* Tex. Gov't Code Ann. § 51.903; *Becker v. Tropic Isles Ass'n*, No. 13-08-00559-CV, 2010 WL 877569, at *2–3 (Tex. App.—Corpus Christi March 11, 2010, pet. denied). Therefore, the Bank contends service of process of the motion was required under the due process clause. *See Becker*, 2010 WL 877569, at *2–3. In response, Nguyen argues that the *Becker* case the Bank predominantly relies upon for its argument is distinguishable on the facts, and therefore, service was not required under due process.

### A. Summary Judgment Was Proper

In Nguyen's first issue, he contends summary judgment was improper because the Bank did not present a prima facie case to show it was entitled to judgment as a matter of law. Nguyen claimed that the Bank did not establish lack of proper service or its own diligence in setting the judgment aside.

### 1. Because Nguyen's Motion Exceeded the Limits of Texas Government Code Section 51.903, the Motion Required Service of Process.

Nguyen first argues that notice of the judgment is all that was required for his motion. Under section 51.903 of the Texas Government Code,

> [a] person who is the purported debtor or obligor who owns real . . . property and who has reason to believe that the document purporting to create a lien or a claim against the real . . . property previously filed . . . is fraudulent may complete and file with the district clerk a motion, verified by affidavit . . . that contains, at a minimum the information in the . . . suggested form."

Tex. Gov't Code Ann. § 51.903(a). An action to declare a lien fraudulent under section 51.903 does not require notice until after a judicial finding is made. *See Id.* § 51.903(c) ("The court's finding may be made solely on a review of the

documentation or instrument attached to the motion and without hearing any testimonial evidence. The court's review may be made ex parte without delay or notice of any kind.").

A document is "presumed" to be fraudulent if:

[T]he document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

(A) is not a document or instrument provided for by the constitution or law of this state or of the United States;

(B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

(C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

*Id.* § 51.901(c)(2). To find a document purporting to create a lien against real property fraudulent, the court must determine that it is not one of the above three types of legitimate liens or claims. *See id* at § 51.903(a).

However, if a motion requests relief to determine the status or underlying rights of the parties, it is a motion for declaratory judgment beyond the scope of 51.903. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.004(a) (West 2015) ("A person interested under a deed, will, written contract, or other writings constituting a contract . . . may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title

6

given to it."); *Becker*, 2010 WL 877569, at *2–3 (holding a motion requesting more relief than section 51.903 provides was a motion for declaratory judgment). A motion for declaratory judgment requires that interested persons be made parties to the action. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.006(a). A copy of a motion for declaratory judgment must be served on all parties. Tex. R. Civ. P. 21; *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections.").

Nguyen presented two possible grounds for declaring the deed fraudulent in his motion for judicial review: 1) that the notarized signature on the deed was not his, and 2) that the deed was obtained by fraud because the Bank was not the current legal owner of the note securing the deed. Because these are both substantive evidentiary claims, undeterminable by review of the document alone, the motion exceeded the scope of 51.903. *See In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 667–68 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding substantive evidentiary claims are beyond the scope of section 51.903). In fact, in a strikingly similar claim by Nguyen against a different lender on a separate property, this Court held that a motion for judicial review under 51.903 requesting such relief exceeded the scope of the statute. *In re a Purported Lien or Claim Against Tu Nguyen*, 456 S.W.3d 673, 676–77 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

Because there is a notarized signature on the deed that appears to be Nguyen's, Nguyen is necessarily asserting that the document is not legitimate

7

because his notarized signature is forged. An assertion of forgery is inappropriate for a determination of the facial legitimacy of a lien under section 51.903. *Id.* at 675–76; *David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 338 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting that section 51.903 is "part of a statutory scheme to quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law"). Because proceedings under 51.903 are conducted ex parte, without any testimonial evidence, and without notice of any kind, they are limited in nature. *See* Tex. Gov't Code Ann. § 51.903(c). An assertion of forgery is a "substantive evidentiary claim" that does not fit within the scope of section 51.903's expedited procedures. *See In re a Purported Lien or Claim Against Tu Nguyen*, 456 S.W.3d at 675–76 (holding an assertion of forgery is a substantive evidentiary claim); *In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d at 667–68, 668 n.5 (explaining that scope of fraudulent lien statute does not include "substantive evidentiary claims").

Because Nguyen's motion asked the court to determine the validity of a deed based on substantive evidentiary claims, his motion for judicial review was actually a motion for declaratory judgment. *See* Tex. Gov't Code Ann. § 51.903 (stating in the statutorily prescribed form judgment: "This court makes no finding as to any underlying claims of the parties involved, and expressly limits its finding of fact and conclusion of law to the review of a ministerial act."); *Becker*, 2010 WL 877569, at *3 ("Under section 51.903, the trial court is expressly limited to determining whether the document or instrument is fraudulent; it may not rule on the validity of the underlying lien or other claims.").

Because Nguyen's motion was actually a motion for declaratory relief, Nguyen was required, under due process, to serve the motion on the Bank. *See*

*Becker*, 2010 WL 877569, at *3. Nguyen contends that *Becker* is distinguishable because in that case the party that filed the motion requested the court to declare several documents that were not liens invalid, and the court actually issued a finding that gave the party declaratory relief. *Id.* at *2–4. While this is true, it does not make the case wholly inapplicable. The foundation of *Becker* rests on the fact that Becker's motion requested more relief than was allowed under section 51.903, and Becker was therefore required to serve the motion on the entity that filed the documents he was contesting. *Id.* These facts are precisely analogous to those at issue here. *See id*. Nguyen made no valid argument that the deed was fraudulent on its face, and the relief he requested was based on substantive evidentiary claims clearly outside the realm of section 51.903. *See id.*

### 2.  There Was No Service of the Motion

In a bill of review for non-service an entity is only required to show that they were not served with process. An entity who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. *Caldwell II*, 154 S.W.3d at 97. "A party who becomes aware of [a] proceeding[] without proper service of process has no duty to participate in [it]." *Id.* at 97 n.1.

Nguyen contends that despite not serving his motion on the Bank, the Bank did in fact receive notice of the judgment. This is based on the state district court's notice of the judgment that was sent to the Bank in Rhode Island and the supplemental notice that Nguyen sent to the same address. However, notice of the judgment does not obviate a bill of review for non-service of the motion. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 797–98 (Tex. 2006) (per curiam) ("While diligence is required from properly served parties or those who have appeared, . . . those not properly served have no duty to act, diligently or otherwise.").

The judicial finding of fact states: "No testimony was taken from any party, there was no notice of the court's review, the court having made the determination that a decision could be made solely on review of the documentation . . . ." Nguyen's argument in his response to the Bank's motion for summary judgment was not that he had served the motion on the Bank. Instead, he argued either that he was not required to serve the motion or that his post-judgment notice was sufficient for service under the requirements of due process. However, as discussed above, Nguyen's motion did require service, and the notice of judgment could not have fulfilled this requirement because it was sent after the judgment had been rendered. *See* Tex. R. Civ. P. 124 ("In no case shall judgment be rendered against any defendant unless upon service, or acceptance or waiver of process . . . .").

Because the summary judgment evidence shows Nguyen's motion required service, and the Bank was not served, all of the elements for a bill of review based on non-service of process have been met. *Caldwell II*, 154 S.W.3d at 96–97. Whether or not the Bank received notice after the judgment is immaterial. *See Ross*, 197 S.W.3d at 796–98.

We hold that, based on the summary judgment evidence and the legal authority cited in this opinion, the Bank established its right to summary judgment as a matter of law. We overrule appellant's first issue.

## B. The Trial Court Did Not Abuse Its Discretion

In Nguyen's second issue he contends the trial court abused its discretion by granting summary judgment without regard for any guiding rules or principles.

A trial court abuses its discretion when it acts arbitrarily or unreasonably or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under this standard, we

review a trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). Having reviewed the trial court's grant of summary judgment de novo, we hold the court did not act arbitrarily or unreasonably because the Bank's right to summary judgment was supported by fact and law. We overrule appellant's second issue.

## V.   CONCLUSION

Having overruled both of appellant's issues we affirm the judgment of the trial court.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, McCally, and Busby.

11