EXHIBIT

J

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2013

No. 12-20573
Summary Calendar

Lyle W. Cayce
Clerk

TU NGUYEN

Plaintiff-Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1481

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tu Nguyen, proceeding *pro se*, sued Bank of America ("BOA"), alleging

wrongful foreclosure.  We affirm the summary judgment in favor of BOA.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20573

## I.

This is Nguyen's second suit against BOA related to the foreclosure on his house. Nguyen took a mortgage from BOA, which tried to foreclose on January 3, 2012, but was prevented from doing so when Nguyen sued in state court and received a temporary restraining order ("TRO"). Nguyen alleged causes of action including (1) interference with prospective contracts; (2) vicarious liability; (3) negligent hiring; (4) breach of contract; (5) civil conspiracy; (6) negligence; (7) unjust enrichment; (8) wrongful foreclosure; (9) violations of the federal Real Estate Settlement Procedures Act; (10) violations of the federal Truth in Lending Act; (11) violations of the federal Fair Debt Collection Practices Act; (12) violations of the Texas Debt Collection Act; (13) fraud; (14) negligent misrepresentation; (15) violation of the federal Home Affordable Modification Program; and (16) violation of the federal Helping Families Save Their Homes Act.

BOA removed to federal court, then Nguyen agreed to dismissal with prejudice. The case was dismissed on February 21, 2012, and the TRO was lifted. Nguyen took no further action, seeking neither appeal nor reformation of the judgment.

On April 30, 2012, Nguyen sued BOA, again in state court, and BOA again removed. This suit alleges nearly identical causes of action related to the foreclosure: (1) interference with prospective contracts; (2) breach of fiduciary duty; (3) vicarious liability; (4) negligent hiring; (5) breach of contract; (6) negligence; and (7) wrongful foreclosure. The district court granted BOA's motion for summary judgment based on claim preclusion and alternatively on the merits. Nguyen challenges the summary judgment on four grounds: that (1) removal was improper; (2) the court should have set aside the previous judgment as fraudulent; (3) summary judgment was improper because there was a genuine dispute of material fact; and (4) the court committed clear error in its analysis of the facts.

No. 12-20573

## II.

"Summary judgments are reviewed *de novo*." *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 787 (5th Cir. 2012). Summary judgment is granted where, taking the evidence in the light most favorable to the non-movant, there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See* FED. R. CIV. P. 56(a). We review a denial of a motion to remand *de novo*. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 796 (5th Cir. 2007). Because Nguyen is proceeding *pro se*, we "liberally construe[]" his filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## III.

A defendant may remove to federal court if that court has subject-matter jurisdiction. *See* 28 U.S.C. § 1441. The court has subject-matter jurisdiction where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). It is undisputed that there is complete diversity of citizenship and that the amount in controversy exceeds the threshold. Nguyen is a citizen of Texas, and BOA is a citizen of North Carolina.[1] The amount in controversy is the appraised value of the house, $359,820. Nguyen does not challenge any of these facts. The court therefore had original jurisdiction under § 1332, and removal was proper.[2]

---

[1] A national bank may be considered a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318 (2006). BOA designates Charlotte, North Carolina, as its main office, so it is a citizen of North Carolina.

[2] Nguyen suggests that removal was improper because "the trial Court did not have Original Jurisdiction." His assertion misunderstands the rules of jurisdiction. Where there is complete diversity of citizenship and the amount in controversy is over the statutory threshold, the federal district court does have original jurisdiction, meaning the suit could have orig-
(continued...)

No. 12-20573

IV.

Nguyen argues that the court should have set aside the previous judgment. He claims that either he did not agree to the dismissal, despite the agreed motion to dismiss, or alternatively that his agreement was procured through fraud. Nguyen supports these contentions solely with his own self-serving affidavit.

The deciding court may set aside a final judgment on a motion under Federal Rule of Civil Procedure 60(b)(3) if it is a result of fraud, "misrepresentation, or misconduct by an opposing party." A court may also provide relief from a judgment if it is a result of a "fraud on the court." FED. R. CIV. P. 60(d). "The inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question." *Universal Oil Prods. Co. v. Root Ref. Co.*, 328 U.S. 575, 580 (1946). The "proper forum in which to assert that a party has perpetrated a 'fraud on the court' is the court which allegedly was a victim of that fraud." *Wilson v. Comm'r*, 309 F. App'x 829, 833 (5th Cir. 2009). Nguyen, however, did not challenge the final judgment in his initial suit, nor did he file a Rule 60(b) motion.

"[T]he standard for fraud on the court is demanding: 'Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court.'" *Ballew v. U.S. Dep't of Justice*, 244 F.3d 138 (5th Cir. 2000). Fraud is "never presumed" and "must always be proven by clear and convincing evidence." *Saenz v. Kenedy*, 178 F.2d 417, 419 (5th Cir.

---

[2] (...continued)

inally been brought there. *See* 28 U.S.C. § 1332. Nguyen contends that there is no federal question or issue and that this destroys jurisdiction. Again, this misunderstands § 1332; no federal question is necessary so long as there is diversity and the appropriate amount in controversy; either is sufficient. Finally, Nguyen refers to the "defendant forum rule" as barring this suit, but it is flatly inapplicable here. BOA is not a citizen of Texas, and Nguyen chose to sue in Texas state court.

No. 12-20573

1949). All Nguyen has offered to support fraud is a vague statement that he did not agree to the motion to dismiss with prejudice. That is insufficient. The district court correctly concluded that the previous judgment could not be undone.

Given the finality of the previous judgment, we turn to the issue of res judicata. Claim preclusion "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Claim preclusion exists where

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (internal citations omitted).

The first prong is satisfied: Nguyen and BOA were the only parties in both suits. The second prong is also met: The district court had diversity jurisdiction. The third prong is satisfied as well: The parties submitted an agreed motion to dismiss with prejudice, the district court entered an order dismissing with prejudice, and Nguyen neither challenged the judgment nor tried to reopen the case. And, as we concluded above, the judgment will not be overturned as fraudulent.

Finally, the fourth prong is satisfied. Six of the seven causes of action that Nguyen urges are identical to those in the original suit. The only addition is breach of fiduciary duty, which is related to and could have been brought in the initial suit. Both actions arise out of the "the same nucleus of operative facts": the foreclosure and foreclosure proceedings regarding Nguyen's house. *See Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925,

No. 12-20573

934 (5th Cir. 1999) (emphasis omitted).  They thus involve the same claim, so claim preclusion bars this suit, and the district court properly dismissed it on summary judgment.[3]

The summary judgment is AFFIRMED.

---

[3] Because we affirm dismissal based on claim preclusion, we need not address Nguyen's contentions regarding the alternative judgment on the merits.  The suit cannot be adjudicated based on the doctrine of res judicata, and it therefore is irrelevant whether Nguyen presented evidence to create a material factual dispute.