EXHIBIT

J

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2013

No. 13-20103
Summary Calendar

Lyle W. Cayce
Clerk

TU NGUYEN,

Plaintiff-Appellant,

v.

BANK OF AMERICA, N.A.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3158

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Tu Nguyen, proceeding *pro se*, sued Bank of America, N.A., ("the Bank"), alleging wrongful foreclosure of his residential property ("the Property"). For the following reasons, we AFFIRM the district court's denial of Nguyen's motion to remand and its dismissal of his complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20103

## I.

This is the third lawsuit that Nguyen has filed against the Bank to contest the foreclosure of the Property located in Galveston County, Texas. After Nguyen defaulted on his mortgage note, the Bank posted the Property for foreclosure sale on January 3, 2012. In response, Nguyen filed suit in Texas state court on December 22, 2011 ("First Lawsuit") and received a temporary restraining order ("TRO"). He asserted 16 state and federal law causes of action. The Bank removed the First Lawsuit to federal court on the basis of diversity jurisdiction. The district court dismissed the First Lawsuit after Nguyen and the Bank agreed to dismiss the case with prejudice.

On April 30, 2012, Nguyen sued the Bank in Texas state court ("Second Lawsuit"), and the Bank again removed to federal court. In the Second Lawsuit, Nguyen asserted nearly identical causes of action related to the First Lawsuit. On July 18, 2012, the district court granted summary judgment in favor of the Bank by dismissing the Second Lawsuit with prejudice on the ground that Nguyen's claims were barred under *res judicata.* We affirmed the district court's grant of summary judgment in favor of the Bank in *Nguyen v. Bank of America, N.A.,* No. 12-20573, 2013 WL 1153041, at \*3 (5th Cir. Mar. 8, 2013).

Undeterred, Nguyen filed the present matter in Texas state court on September 13, 2012 ("Third Lawsuit"). In this action, he sought to quiet title of the Property and a declaratory judgment. Following the Bank's removal to federal court, Nguyen filed a motion to remand, asserting that no federal question jurisdiction existed, and that the Court lacked diversity jurisdiction due to the "forum defendant rule." The district court denied the motion to remand and granted the Bank's motion to dismiss by concluding that *res judicata* barred Nguyen's claim. In its order, the district court admonished Nguyen "that further litigation of this dispute in the nature of a new suit may be met with severe

No. 13-20103

monetary sanctions, as further litigation would be wholly frivolous." This appeal followed.

## II.

We review a district court's grant of a motion to dismiss *de novo. Atchafalaya Basinkeeper v. Chustz*, 682 F.3d 356, 357 (5th Cir. 2012) (per curiam) (citation omitted). This court also reviews a denial of a motion to remand *de novo. Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 796 (5th Cir. 2007) (citation omitted). Because Nguyen is a *pro se* litigant, this court "liberally construe[s]" his filings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## III.

Nguyen makes three arguments on appeal. First, he contends that the district court erred in denying his motion to remand, as the district court did not have original jurisdiction, and the forum defendant rule precluded the Bank's removal to federal court. Second, Nguyen asserts that the district court violated his due process rights by denying him the opportunity to present evidence and by not considering his amended response to the Bank's motion to dismiss. Third, he claims that the district court erred in granting the Bank's motion to dismiss on the grounds of *res judicata.* We conclude that Nguyen's arguments are unavailing.

### A.

With respect to Nguyen's first contention, we conclude that the district court did not err in denying his motion to remand. A defendant may remove an action to federal court if the court has subject-matter jurisdiction over the case. *See* 28 U.S.C. § 1441(a). A federal court has subject-matter jurisdiction where "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). In the present matter, the Bank's Notice of Removal indicated that removal was based on diversity

No. 13-20103

jurisdiction, *i.e.*, the Bank is a citizen of North Carolina,[1] Nguyen is a citizen of Texas, and the amount in controversy is $359,820.00, the value of the Property.[2] Accordingly, the Bank properly removed the case, as the district court had original jurisdiction under § 1332. Further, Nguyen's forum defendant rule argument is wholly inapplicable, as the Bank is not a citizen of Texas, and Nguyen chose to sue in Texas state court. *See Nguyen*, 2013 WL 1153041, at *3 n.2.

## B.

As to Nguyen's second contention, we conclude that the district court did not err. His amended response to the defendant's motion to dismiss is included in the record. Moreover, the district court's order noted that it considered evidence presented by Nguyen. The district court's order specifically states,

> Before the Court is the plaintiff, Tu Nguyen's motion for summary judgment (Dkt. No. 14), and motion for sanctions, the defendant, Bank of America's ("BA") cross-motion for summary judgment (Dkt. No. 16), and its motion to dismiss (Dkt. No. 7) and the various responses and replies to each of the other's motions. The Court has reviewed these pleadings and determines that BA's motion to dismiss should be granted. Therefore, the plaintiff's motion for summary judgment and BA's cross-motion for summary judgment need not be addressed and should be dismissed as moot. The plaintiff's motion for sanctions is denied.

---

[1] A national bank may be considered a citizen of "the State designated in its articles of association as its main office." *Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318 (2006). The Bank designates Charlotte, North Carolina, as its main office, so it is a citizen of North Carolina.

[2] *Nationstar Mortg. LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." (alteration in original) (citation omitted).

No. 13-20103

## C.

As to Nguyen's third contention, we conclude that the district court did not err in dismissing the case, as *res judicata*, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). Claim preclusion exists where,

> (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) (citations omitted).

Nguyen does not contest the first and second elements under the claim preclusion doctrine but asserts that the third and fourth elements are not met. He asserts that the prior lawsuits are not final judgments on the merits and that his quiet title claim is a different claim as compared to other claims asserted in his prior lawsuits.

The First Lawsuit and Second Lawsuit are final judgments, as the district court entered orders dismissing the actions with prejudice on February 21, 2012 and July 18, 2012, respectively. *See Nguyen*, 2013 WL 1153041, at *2 (noting that the First Lawsuit was a final judgment on the merits, as the district court entered an order dismissing with prejudice, and Nguyen neither challenged the judgment nor tried to reopen the case). Moreover, although Nguyen did not assert a quiet title action in the prior lawsuits, this claim is based on the "same nucleus of operative facts," concerning the foreclosure of the Property, and therefore could have been previously asserted in the prior lawsuits. *See id.* at

5

No. 13-20103

*3 (noting a breach of fiduciary duty claim that was asserted in the Second Lawsuit could have been brought in the First Lawsuit, as both actions arose out of the "same nucleus of operative facts").

## IV.

For the foregoing reasons, we AFFIRM the district court's denial of Nguyen's motion to remand and its dismissal of his complaint. Nguyen is WARNED that further frivolous litigation will result in the imposition of monetary sanctions.