1/22/2015 3:02 AM
JOHN D. KINARD
District Clerk
Galveston County, Texas

**EXHIBIT L**

**Affirmed and Opinion filed January 22, 2015.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

### NO. 14-14-00021-CV

## IN RE A PURPORTED LIEN OR CLAIM AGAINST TU NGUYEN

**On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 13-CV-1538**

## O P I N I O N

Tu Nguyen appeals from the trial court's denial of his Amended Motion for Judicial Review of Documentation or Instruments Purporting to Create a Lien or Claim, filed pursuant to section 51.903 of the Texas Government Code. In his motion, Nguyen contended that a deed of trust filed by Relative Lending, LLC in the property records of Galveston County was fraudulent. In a single issue, Nguyen asserts that the trial court erred in denying his motion. We affirm.

### I.     BACKGROUND

On January 2, 2013, the Galveston County Clerk accepted for filing in the real property records an instrument purporting to be a Deed of Trust (DOT). The

DOT appears to have been made and executed on December 21, 2012, among the grantor/borrower N Investment Group, LLC, certain listed trustees, and the beneficiary/lender Relative Lending.   In the DOT, N Investment Group "in consideration of the indebtedness herein recited and the trust herein created, irrevocably grant[ed] and convey[ed] to Trustee[s], with power of sale" Nguyen's property located at 22509 Kennedy Drive, Galveston, Texas 77554.   The DOT purportedly bears Nguyen's signature as "member" of N Investment Group.

Nguyen filed his amended motion in December 2013, alleging that he did not sign or ratify the DOT and that the corporate charter of N Investment Group was in "revocation status" in Nevada since June 2008.   The motion concludes that the DOT was obtained by fraud and is "voidable and not void."   In an attached affidavit, Nguyen acknowledged that he was the 100 percent owner of N Investment Group and that he owns the property listed in the DOT.   Nguyen further averred that he "did not consummate and did not ratify/sign[]" the DOT and that the assertions contained in his motion are true and correct.

The trial court denied Nguyen's amended motion on January 3, 2014. Nguyen requested findings of fact and conclusions of law, which the trial court signed on January 3, 2014.   The trial court found the facts as described above. Additionally, the trial court concluded as follows:

- The documentation/instrument attached to Mr. Nguyen's Motion is asserted against real property or an interest in real property; and

- Is provided for by specific state or federal statutes or constitutional provisions; and

- Is created by implied or express consent or agreement of the obligor, debtor, or owner of the real property or an interest in the real property;

- The Court makes no finding (which is beyond the scope of Section 51.903) as to any underlying claims of the parties involved; and

2

- The Court expressly limits the findings of fact and conclusions of law to the review of the ministerial act of the Clerk accepting and filing the purported DOT.

This appeal timely followed.

## II.    ANALYSIS

In a single issue, Nguyen asserts the trial court erred by denying his motion because the DOT is presumed fraudulent. Whether a document purporting to create a lien or claim is presumed to be fraudulent under section 51.901 of the Texas Government Code is a question of law subject to de novo review. *Cardenas v. Wilson*, 428 S.W.3d 130, 132 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (citing *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 335 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). Pursuant to section 51.903 of the Texas Government Code,

> [a] person who is the purported debtor or obligor who owns real . . . property and who has reason to believe that the document purporting to create a lien or a claim against the real . . . property previously filed is . . . fraudulent may complete and file with the district clerk a motion, verified by affidavit . . . that contains, at a minimum the information in the . . . suggested form.

Tex. Gov't Code Ann. § 51.903(a). As occurred here, a district judge may rule upon the motion ex parte after reviewing only the documentation or instrument attached to the motion, without testimonial evidence and without notice of any kind. *Id.* § 51.903(c); *see also In re Purported Liens or Claims Against Samshi Homes, L.L.C.*, 321 S.W.3d 665, 666 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

A document is "presumed" to be fraudulent if:

3

[T]he document or instrument purports to create a lien or assert a claim against real or personal property or an interest in real or personal property and:

(A) is not a document or instrument provided for by the constitution or law of this state or of the United States;

(B) is not created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property or an interest in the real or personal property, if required under the laws of this state, or by implied or express consent or agreement of an agent, fiduciary, or other representative of that person; or

(C) is not an equitable, constructive, or other lien imposed by a court with jurisdiction created or established under the constitution or laws of this state or of the United States.

*Id.* § 51.901(c)(2). Under this statutory scheme, the court may presume the document is fraudulent under this section if the court makes one positive and three negative findings about the subject document. *See id.*; *see also Cardenas*, 428 S.W.3d at 132; *In re Hai Quang La*, 415 S.W.3d 561, 566 (Tex. App.—Fort Worth 2013, pet. denied). In other words, under this statute, the court first must affirmatively find that the document purports to create a lien or claim against real or personal property. Tex. Gov't Code Ann. § 51.901(c)(2). Additionally, to find the subject document fraudulent, the court must determine that it is not one of the following three types of legitimate liens or claims: (1) a document or instrument provided for by state or federal law or constitutional provision; (2) a document or instrument created by implied or express consent or agreement of the obligor, debtor, or the owner of the real or personal property; or (3) a document or instrument imposed by a court as an equitable, constructive, or other lien. *See id.* § 51.901(c)(2)(A)-(C); *see also Cardenas*, 428 S.W.3d at 132; *Hai Quang La*, 415 S.W.3d at 566.

On appeal, Nguyen urges that the DOT was not created by his express consent or agreement because he established conclusively that he never consented

4

or agreed to consummate or ratify it.  Therefore, Nguyen insists that his motion properly challenged the "legitimacy" of the document.  But as noted above, the DOT contains what appears to be Nguyen's signature as "member" of N Investment Group.  This signature is notarized.  Given the facial conflict, Nguyen is necessarily asserting that the document is not legitimate because his notarized signature is forged.  Such an assertion is inappropriate in this section 51.901 proceeding to test facial legitimacy.  *See David Powers Homes, Inc.*, 355 S.W.3d at 338  (noting that section 51.903 is "part of a statutory scheme to quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law").  The limited nature of the court's section 51.903 review makes sense because, as explained above, such proceedings are conducted ex parte, without any testimonial evidence, and without notice of any kind.  *See* Tex. Gov't Code Ann. § 51.903(c).  An assertion that a lien has been forged is a "substantive evidentiary claim" that does not fit within the scope of section 51.903's expedited procedures.  *Cf. Cardenas*, 428 S.W.3d at 133 ("Under the fraudulent lien statute, the trial court does not rule on the validity of the underlying claim creating the lien or rule on any substantive evidentiary claim."); *Samshi Homes*, 321 S.W.3d at 667–68 & n.5 (explaining that scope of fraudulent lien statute does not include "substantive evidentiary claims").

Further, Nguyen has not challenged the trial court's other legal conclusion: that the DOT is provided for by specific state or federal statutes or constitutional provisions.  *See* Tex. Gov't Code Ann. § 51.903(c)(2).  This unchallenged conclusion supports the trial court's denial of his motion.

In short, the only challenge to the trial court's conclusions that Nguyen has brought is a substantive evidentiary claim that is not appropriate for section 51.903's expedited procedure.  *See Cardenas*, 428 S.W.3d at 133; *Samshi Homes*,

321 S.W.3d at 667–68 & n.5.  Further, the trial court's unchallenged conclusion adequately supports the denial of Nguyen's motion.  *See* Tex. Gov't Code Ann. 51.901(c); *see also Cardenas*, 428 S.W.3d at 132 (court must determine that document is *not* one of the three types of legitimate liens or claims enumerated in section 51.901(c)); *Hai Quang La*, 415 S.W.3d at 566 (same).

Accordingly, we overrule Nguyen's sole issue on appeal.

### III.   CONCLUSION

For the foregoing reasons, we conclude that the trial court did not err in determining that the DOT is *not* presumed fraudulent.  We therefore affirm the trial court's order.

/s/     Sharon McCally
Justice

Panel consists of Justices McCally, Brown, and Wise.