EXHIBIT

M

**Opinion issued November 29, 2016.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

### NO. 01-15-00587-CV

———————————

**TU NGUYEN, Appellant**

**V.**

**BANK OF AMERICA, N.A., Appellee**

**On Appeal from the 333rd District Court
Harris County, Texas
Trial Court Case No. 2014-64308**

## O P I N I O N

Appellant, Tu Nguyen, appeals the trial court's rendition of summary judgment granting appellee, Bank of America, N.A.'s, bill of review to vacate a judicial finding of fact. In two issues, appellant argues that (1) the trial court erred because appellee failed to establish a prima facie case for its bill of review, and (2)

the trial court abused its discretion by acting without reference to any guiding rules or principles.  We affirm.

## Background

In 2007, appellant executed a promissory note to secure a deed of trust on a property located at 3310 N. Braeswood, Houston, Texas 77025.  After appellant defaulted on the note, appellee scheduled a foreclosure sale.  Appellant filed suit in state court to stop foreclosure on the Braeswood property.  The case was removed to federal court, and eventually was dismissed.

Prior to the dismissal in federal court, appellant filed a motion to remand, which had as an exhibit a judicial finding issued by a Harris County district court on November 15, 2013 (judicial finding).  The trial court issued the judicial finding in response to a motion for judicial review filed by appellant, in which appellant argued that appellee's deed of trust was fraudulent pursuant to Texas Government Code section 51.903.  *See* TEX. GOV'T CODE ANN. § 51.903 (West 2013). Appellee asserts that it was never served with either the motion for judicial review or the court's finding until it received the motion to remand.

In the judicial finding, the state district court found that the deed of trust secured by appellant's promissory note did not create a valid lien or claim under Texas Government Code section 51.903.  *See id.*  After it became aware of the finding, appellee filed a petition for bill of review to vacate the judicial finding.

2

*See* TEX. R. CIV. P. 329b(f).    Appellee then filed a hybrid no-evidence and traditional motion for summary judgment on the bill of review, which the trial court granted in favor of appellee.

Appellee asserts it had to file a bill of review because it did not know about the motion for judicial review of its deed or the judicial finding until the judicial finding was attached to appellant's motion to remand, and by then, the deadline to file a motion for new trial or appeal of the judicial finding had passed.  *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b.  Appellant conversely asserts that he served notice of the determinative hearing and resulting judgment on appellee via Federal Express and that appellee signed for both.  *See* TEX. R. CIV. P. 21a.  This appeal followed.

## A.    Standards of Review

### 1.    Summary Judgment

We review a summary judgment de novo.  *Boerjan v. Rodriguez*, 436 S.W.3d 307, 312 (Tex. 2014) (quoting *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009)).  In a traditional motion for summary judgment, a defendant who states specific grounds and conclusively negates at least one essential element of an identified cause of action is entitled to summary judgment.  *Id.*; *see* TEX. R. CIV. P. 166a(c).  A no-evidence motion for summary judgment is essentially a motion for a pretrial directed verdict: the party without the burden of proof

contends that no evidence supports one or more essential elements of the nonmovant's claim. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see* TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *Boerjan*, 436 S.W.3d at 310 (citing *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam)).

We review the summary-judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 311 (quoting *Timpte Indus.*, 286 S.W.3d at 310).

### 2.    Bill of Review

A bill of review is an equitable proceeding to set aside a prior judgment that no longer can be challenged by a motion for a new trial or by direct appeal. *Caldwell v. Barnes* (*Caldwell I*), 975 S.W.2d 535, 537 (Tex. 1998). The Texas Rules of Civil Procedure require "sufficient cause" to set aside a judgment based on a bill of review, but sufficient cause is not statutorily defined. *See* TEX. R. CIV. P. 329b(f); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979).

To show sufficient cause for a bill of review, a plaintiff must ordinarily plead and prove that he has a meritorious defense to the claim but was prevented

4

from presenting his defense by the fraud, accident, or wrongful act of his opponent, or by official mistake, unmixed with any fault or negligence of his own. *Caldwell v. Barnes* (*Caldwell II*), 154 S.W.3d 93, 96 (Tex. 2004); *Baker*, 582 S.W.2d at 406–07 (listing ordinary requirements to show sufficient cause for bill of review). However, when a bill of review plaintiff claims he or she was not served in the underlying proceeding, he or she must only prove his or her own fault or negligence was not a contributing factor to the absence of timely challenge. *Caldwell II*, 154 S.W.3d at 96–97. This factor is conclusively established by proof of non-service because "[a]n individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered." *Id.* at 97; *see Caldwell I*, 975 S.W.2d at 537.

**B.      Analysis**

Appellee argues, in its petition for bill of review and motion for summary judgment, that appellant's motion for judicial review exceeded the scope of section 51.903 and was actually a motion for declaratory judgment. *See* TEX. GOV'T CODE ANN. § 51.903; *Becker v. Tropic Isles Ass'n*, No. 13-08-00559-CV, 2010 WL 877569, at *2–3 (Tex. App.—Corpus Christi Mar. 11, 2010, pet. denied) (mem. op.). Therefore, appellee contends appellant was required to serve the motion under the due process clause. *See id.* In response, appellant argues that the *Becker*

case appellee predominantly relies upon for its argument is distinguishable on the facts, and therefore, service was not required.

Additionally, appellee filed notice of supplemental authority, wherein the Fourteenth Court of Appeals affirmed a summary judgment on substantially the same issues between these parties on a different piece of property in Galveston. *Nguyen v. Bank of Am., N.A.*, No. 14-15-00290-CV, 2016 WL 2343893, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2016, no pet. h.) (mem. op.) (adopting *Becker*). Also, we note the parties' briefs are remarkably similar to the current proceeding.

### 1.    Summary Judgment Was Proper

In appellant's first issue, he contends summary judgment was improper because appellee did not establish lack of proper service and its own diligence in setting the judgment aside to present a prima facie case.

### (a) Because Appellant's Motion Involves a Substantive Evidentiary Claim, the Motion Required Service of Process

Appellant first argues he was not required to serve appellee because a section 51.903 proceeding only requires notice of the judgment. *See* TEX. GOV'T CODE ANN. § 51.903(c), (e) ("The court's review may be made ex parte without delay or notice of any kind."). Thus, as a threshold matter, we must decide whether appellant's motion was a section 51.903 motion that did not require service, or the motion was a declaratory action which required service.

6

A section 51.903 inquiry is limited to whether the document is fraudulent, and may not decide the underlying rights of parties or substantive evidentiary claims. *See Nguyen*, 2016 WL 2343893, at *3; *David Powers Homes, Inc. v. M.L. Rendleman Co.*, 355 S.W.3d 327, 339 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (substantive evidentiary claims). Trial courts focus on whether the document was not (1) provided for by statute, (2) created by implied or express consent or agreement, (3) an equitable, constructive, or judicially imposed lien, or (4) asserted against real or personal property. *See* TEX. GOV'T CODE ANN. § 51.903; *Cardenas v. Wilson*, 428 S.W.3d 130, 132 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (noting that 51.903 inquiry into mechanic's lien determines only that mechanic's lien is provided by Texas law, not whether the underlying mechanic's lien was valid).

If the motion requires greater inquiry, then it is a motion for declaratory judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015); *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980) ("We look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of title given to it."); *Nguyen*, 2016 WL 2343893, at *2 (citing *Becker*, 2010 WL 877569, at *2–3 (holding motion requesting more relief than section 51.903 provides was motion for declaratory judgment)). A motion for declaratory judgment must be served on all parties. TEX. R. CIV. P. 21; *see* TEX. CIV. PRAC. &

REM. CODE ANN. § 37.006(a) (West 2015); *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84, 108 S. Ct. 896, 898 (1988) (due process requires reasonably calculated notice).

Appellant argues in his motion for judicial review:  the deed was obtained by fraud because appellee was not the current legal owner of the note securing the deed of trust.[1]  More specifically, he says, appellee "(1) is NO LONGER a loan servicer, (2) is NOT the current owner[,] and (3) was NOT the original owner." An inquiry into ownership of a document, or the underlying obligations memorialized in the document, is a substantive evidentiary claim, undeterminable by review of the document alone.  *David Powers*, 355 S.W.3d at 339; s*ee In re Tu Nguyen*, 456 S.W.3d 673, 676 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (determining whether signature was appellant's was substantive evidentiary claim in similar case involving same parties concerning other property).  Appellant's motion exceeded the scope of section 51.903.  *David Powers*, 355 S.W.3d at 339.

There is a distinction between a summary examination of a facially invalid document as contemplated by the statute and an evaluation of the underlying rights and substantive evidentiary issues involving an encumbrance on real property.  The

---

[1]   Appellant asserted this same ground in the supplement authority provided by appellee, but the Fourteenth Court held that this ground was a substantive evidentiary claim.  *Nguyen v. Bank of Am., N.A.*, No. 14-15-00290-CV, 2016 WL 2343893, at *4 (Tex. App.—Houston [14th Dist.] May 3, 2016, no pet. h.) (mem. op.).

purpose of the statute is "to quickly identify and remove liens and encumbrances that are on their face patently without basis in recognized law[,]" and not to summarily dispose of legitimate claims. *Id.* at 338. The law was aimed at organizations and individuals harassing officials and others by clogging the court system with fraudulent liens and forcing the targets to spend time and money clearing title to their property. *Id.*; *e.g.*, *In re Purported Lien or Claim against Taylor*, 219 S.W.3d 620, 622 (Tex. App.—Dallas 2007, pet. denied) (where individual improperly sought lien against county clerk for clerk's record preparation fee). Section 51.903 inquiries do not require the presence of the challenged party or introduction of evidence that would be necessary for a court to make a substantive evidentiary ruling, but such a substantive ruling is what appellant sought here. *See David Powers*, 355 S.W.3d at 339. In this motion, as in the recent case in the Fourteenth Court of Appeals, appellant made "no valid argument that the deed was fraudulent on its face, and the relief he requested was based on substantive evidentiary claims clearly outside the realm of section 51.903." *Nguyen*, 2016 WL 2343893, at *4 (citing *Becker*, 2010 WL 877569, at *2–4). Because appellant's motion asked the court to determine the validity of a deed of trust based on a substantive evidentiary challenge, his motion for judicial review was actually a motion for declaratory judgment necessitating service on the

9

opposing party.  *See* TEX. GOV'T CODE ANN. § 51.903; *Nguyen*, 2016 WL 2343893, at *4.

### (b) There Was No Service of the Motion

When a defendant seeks a bill of review of a default judgment for non-service, a defendant is only required to show he or she was not served with process as a result of any fault or negligence of his or her own. *Caldwell II*, 154 S.W.3d at 97 & 97 n.1.

Appellant asserts that appellee received service.  Appellant sent both notice of the judicial determination hearing and the resulting judgment to appellee by Federal Express.  However, "[a]ctual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render default judgment against him."  *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).  Moreover, "[r]eceiving suit papers or actual notice through a procedure not authorized for service is treated the same as never receiving them."  *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 n.1 (Tex. 2006) (per curiam). Therefore, in neither this case nor the nearly identical case before the Fourteenth Court was notice of the hearing or notice of the judgment, sent by Federal Express, a substitute for proper service.[2]  *See PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 274–75 (Tex. 2012) (distinguishing between non-service and technical defects in

---

[2]    Additionally, the judicial finding of fact states, "there was no notice of the court's review . . . ."

service); *Nguyen*, 2016 WL 2343893, at *5 (holding that notice of judgment was insufficient).

Because the summary judgment evidence shows appellant's motion required service, and appellee was not served, all of the elements for a bill of review based on non-service of process have been met. *See Caldwell II*, 154 S.W.3d at 96–97. Whether or not appellee received notice after the judgment is immaterial. *See Ross v. Nat'l Ctr. for the Emp't of the Disabled*, 197 S.W.3d 795, 796–98 (Tex. 2006) (per curiam). Accordingly, we hold that appellee established its right to summary judgment as a matter of law. We overrule appellant's first issue.

### 2.    The Trial Court Did not Abuse Its Discretion

In his second issue, appellant contends the trial court abused its discretion by granting summary judgment arbitrarily, unreasonably, and without regard for any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under the abuse of discretion standard, we review a trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

Having reviewed the trial court's grant of summary judgment de novo, as set forth above, we hold the court did not act arbitrarily because appellee's right to summary judgment was supported by fact and law. We overrule appellant's second issue.

## Conclusion

We affirm the trial court's judgment.  All pending motions are denied as moot.


                                    Russell Lloyd
                                    Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Justice Massengale, concurring in the judgment.

12