IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, *Plaintiff,* v. ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC, PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM aka TONY PHAM, and JOHN NGUYEN *Defendants.* | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-1218 |

## ORDER OF DISMISSAL AND SANCTIONS

Pending before the Court is the Court's Order to Show Cause (Dkt. 14) and Plaintiff Nguyen Thanh Tu's Brief in Response (Dkt. 18). Having considered the briefing, the record of the related litigation in *Nguyen v. Atuta, Inc., et al.*, Case No. 4:25-cv-4982 (S.D. Tex.), the documented history of Plaintiff's litigation tactics, and the applicable law, the Court finds as follows:

1. **Non-Compliance with Preclusion Order:** Plaintiff failed to strictly and expeditiously comply with the Honorable Judge David Hittner's

Preclusion Order dated October 31, 2025. Specifically, Plaintiff failed to obtain the required administrative permission or post the mandated $100,000 security bond within the ten-day window provided by the Court.

2. **Res Judicata:** Judge Hittner's Final Judgment in Case No. 4:25-cv-4982 was an adjudication on the merits under Federal Rule of Civil Procedure 41(b). Plaintiff's instant filing is an improper attempt to relitigate the same operative facts and is barred by the doctrine of *res judicata*.

3. **Vexatious and Contumacious Conduct:** The record reflects a decade-long pattern of Plaintiff utilizing frivolous filings, collateral attacks on final judgments, and proxy litigation to harass defendants and abuse judicial resources. Plaintiff's attempt to bypass Judge Hittner's order by seeking "permission" from a federal prosecutor and obtaining a belated, conflicting state court order constitutes contumacious conduct.

Accordingly, it is **ORDERED** that:

1. This action is **DISMISSED WITH PREJUDICE** in its entirety.

2

2. Defendants' request for sanctions is **GRANTED**. Plaintiff Nguyen Thanh Tu is **ORDERED** to pay monetary sanctions in the amount of **$100,000.00**, payable to the State Bar of Texas Pro Bono Foundation, as a penalty for his continued abuse of the judicial process.

3. Plaintiff is **WARNED** that any further attempts to relitigate these claims or file additional suits in violation of existing preclusion orders will result in additional sanctions, including but not limited to further severe monetary penalties and a permanent injunction against any further pro se filings in this District.

SIGNED this _____ day of _____, 2026.

_____
**HON. LEE H. ROSENTHAL**
UNITED STATES DISTRICT JUDGE