United States District Court
Southern District of Texas
**ENTERED**
May 25, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-1218 |
| | § | |
| ATUTA, INC., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## ORDER

The defendants removed this case from state court on the basis of diversity jurisdiction. (Docket Entry No. 1). The notice of removal lists the citizenship for every party. (*Id.*). The defendants attached several Rule 7.1 certificates of interested parties to their notice of removal. (Docket Entry Nos. 1-7, 1-8, 1-9, 1-10, 1-11). However, the court does not see Rule 7.1 statements for the individual parties, and the Rule 7.1 certificates for the corporate parties do not list citizenship. Rule 7.1(a)(2)(A) requires every party in a diversity case to file a disclosure statement naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor when the action is removed to federal court. Fed. R. Civ. P. 7.1(a)(2)(A). The court cannot rule on the pending motion for remand until every party—including the plaintiff—complies with Rule 7.1. No later than June 5, 2026, each party must file a Rule 7.1 disclosure statement that properly identifies the citizenship of each party.

SIGNED on May 25, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge