IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, <br><br> *Plaintiff,* <br><br> v. <br><br> ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC, PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM a/k/a TONY PHAM, and JOHN NGUYEN <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-1218 |

## DEFENDANTS' VERIFIED POST-HEARING BRIEF

The Court held a hearing on May 22, 2026. The Court heard argument on the pending motion to remand and the preclusive effect of Judge Hittner's dismissal. Defendants respectfully submit the following:

### I.  The Preclusive Effect of Judge Hittner's Dismissal

Plaintiff repeatedly argued that Judge Hittner could not dismiss the entire case with prejudice unless the case was resolved on the merits. This argument is

incorrect.  Federal courts possess inherent authority "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which is "necessarily incident to the judicial power granted under Article III of the Constitution." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406 (5th Cir. 1995). Tn *Woodson*, the Fifth Circuit held:

> The federal courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). This power is necessarily incident to the judicial power granted under Article III of the Constitution. *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993), *cert. denied*, 510 U.S. 1073 (1994). This includes the power of the court to control its docket by dismissing a case as a sanction for a party's failure to obey court orders. *In re United Mkts. Int'l, Inc.*, 24 F.3d 650, 654 (5th Cir.), cert. denied, 513 U.S. 987 (1994).
>
> *****
>
> "Dismissing a case with prejudice is a harsh sanction, but we will uphold an involuntary dismissal unless the district court has abused its discretion." *Chambers*, 501 U.S. at 54–56; *In re United Mkts. Int'l*, 24 F.3d at 654.

Courts may also exercise this authority *sua sponte* in order to control their dockets and preserve judicial efficiency. *Pond v. Braniff Airways, Inc.*, 453 F.2d 347 (5th Cir. 1972).  In *In re Deepwater Horizon*, 988 F.3d 192 (5th Cir. 2021), the U.S. Court of Appeals for the Fifth Circuit affirmed and ruled that dismissal with

prejudice is an appropriate sanction when there is a clear record of "contumacious conduct" (which is  stubbornly disobedient**)** and lesser sanctions would not serve the interests of justice. *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695 (5th Cir. 2023).

In the instant case, Plaintiff refiled claims that had previously been **dismissed with prejudice**. This Court has interpreted Fed. R. Civ. P. 41 (b) noting that Judge Hittner dismissed Tu Nguyen's case **with prejudice** and entered a "FINAL JUDGMENT."[1]  The dismissal with prejudice was predicated on Tu Nguyen's contumacious conduct, including his blatant and repeated disregard of the Court's Orders and his failure to comply with mandatory filing requirements, rather than on any mere procedural defect. By way of example:

- Mr. Tu repeatedly argued that the Texas vexatious litigant statute did not apply because he was represented by counsel, notwithstanding Judge Hittner's rejection of that argument. Texas courts have expressly held that the statute applies to litigants regardless of whether they are proceeding pro se or through counsel. In *Drake v. Andrews*, the court

---

[1] Rule 41 (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits. Fed. R. Civ. P. 41 (b).

expressly held that the Texas vexatious litigant statute "*is not limited to plaintiffs who commence or maintain litigation pro se, and may apply to plaintiff[s] represented by counsel.*" *Drake v. Andrews*, 294 S.W.3d 370, 377 (Tex. App.—Dallas 2009, pet. denied).[2]

- Mr. Tu requested an extension from Judge Hittner <u>after</u> the deadline imposed by Judge Hittner had already expired. (*See* Judge Hittner's Order.)

- Mr. Tu filed his request for permission with the U.S. Attorney's Office instead of the Administrative Local Judge as required by Judge Hittner's Order and the Texas Vexatious Litigant Statute. (*See* Letter to the Assistant U.S. Attorney submitted by Tu Nguyen.)

- Mr. Tu filed the request with Judge Latisha Payne of the 55th Harris County District Court (still the incorrect court) months after Judge Hittner entered the "Final Judgment," which Mr. Tu deliberately chose not to appeal.

---

[2] The court explained that the statute defines a "plaintiff" broadly as "an individual who commences or maintains a litigation," which is "**broad enough to reach all vexatious litigants**." *Id.* The court further reasoned that although certain historical conduct criteria under Section 11.054 relate to pro se litigation, "the threshold requirement for a declaration—that there be no reasonable probability the plaintiff will prevail—is not" limited to unrepresented parties. *Id.* Accordingly, the court concluded that "*the language of the statute itself—the best indicator of the Legislature's intent—is broad enough to reach all vexatious litigants, whether represented by counsel or not*." *Id.*

4

- Mr. Tu deliberately refused to serve the Clerk with the application/request for prefiling approval as ordered by Judge Hittner. (The Court's record contains no copy of any request for prefiling approval.)

- Mr. Tu deliberately refused to serve the parties as required under the Vexatious Litigant Statute. (The record contains no copy of any request for prefiling approval.)

- Mr. Tu deliberately refused to post the security for his alleged $100,000,000.00 lawsuit, as ordered by Judge Hittner.

- This was not the first time Mr. Tu contumaciously disobeyed Judge David Hittner, the Fifth Circuit, the Texas Fourteenth Court of Appeals, and all other federal and Texas courts. Appendix I reflects at least ten (10) instances in which courts admonished him for abusive conduct and contumacious conduct.

- The Fifth Circuit seriously admonished and warned Mr. Tu on two prior occasions.

- Judge Hittner seriously admonished and warned Mr. Tu on two prior occasions.

- The Texas Fourteenth Court of Appeals seriously admonished and warned Mr. Tu on two prior occasions.

(*See* Chart of Judicial Findings and Admonishments Regarding Tu Nguyen's Abusive Conduct, Waste of Judicial Resources, and Harassment of Numerous Defendants, Dkt. 19-1.)

- Mr. Tu also frequently uses social media personalities and YouTubers to attack Judge Hittner personally, Defendants, and defense counsel online. These attacks against Judge Hittner and defense counsel have escalated to the point that the undersigned was compelled to send a letter addressing the misconduct. (*See* Exhibit A -- Minh Tam Tran's Letter sent to Mr. Tu's counsel, who is ethical and has no involvement in or knowledge of Mr. Tu's misconduct.)

## II.    Plaintiff's Sole Claim Against John Nguyen is Derivative and Fails as a Matter of Law

As demonstrated below, *Plaintiff Tu Nguyen cannot establish a viable cause of action against John Nguyen* under either the **Rule 12(b)(6)-type Analysis** or **the "Piercing the Pleadings" Analysis** (summary judgment of the Fifth Circuit's fraudulent joinder analysis.

As admitted by Plaintiff Tu Nguyen, the sole claim asserted against Resident Defendant John Nguyen is a claim for conspiracy. (*See* Plaintiff's Reply,

6

Dkt. 10 at ¶3, referencing ¶36 of Plaintiff's Original Petition). The Texas Supreme Court has definitively established that civil conspiracy is "not an independent tort" but rather "a 'derivative tort,' meaning it depends on some underlying tort or other illegal act." *Agar Corp., Inc. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 140-41 (Tex. 2019). The Court explained that "a civil conspiracy claim is connected to the underlying tort and survives or fails alongside it." *Id.* This principle reflects the fundamental nature of civil conspiracy as a theory of vicarious liability rather than a standalone cause of action. As the Supreme Court of Texas further clarified, "civil conspiracy depends entirely on the injury caused by the underlying tort; the injury is the damage from the underlying wrong, not the conspiracy itself." *Id.*

Because civil conspiracy cannot stand alone, the Court must apply the Fifth Circuit's two primary analyses to determine whether a defendant was fraudulently joined for the purpose of defeating diversity jurisdiction.

1. **The Rule 12(b)(6)-type Analysis:** Looking solely at the allegations in the complaint, has the plaintiff pleaded enough facts to state a claim to relief that is plausible on its face? The answer is "No." Appendix A attached to Defendants' Joint Response In Opposition to Plaintiff's Motion to Remand analyzed Plaintiff's Complaint, specially paragraphs 20, 28, 29, 32, 34, and

36, and none could establish *a viable cause of action against John Nguyen.* (Dkt. 7-1,pp.1-7.) There were no allegations of any specific agreement or meeting of the mind between Resident Defendant John Nguyen and others.

2. **The "Piercing the Pleadings" Analysis:** When a plaintiff states a valid claim but misstates or omits discrete facts that would determine the propriety of joinder, the court may look beyond the pleadings to determine whether there is any reasonable basis for predicting that the plaintiff might be able to recover against the in-state defendant. See *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Resident Defendant John Nguyen's Affidavit contains facts establishing that he never participated in any social media or Facebook activity with any of the other Defendants. He served as a director of HGP USA for only three months, and when the proposed plan with Amazon to sell on Amazon did not materialize, he resigned. Plaintiff's counsel stated at the hearing that the Court should ask Amazon. First, such information is irrelevant, and second, it is not the Court's burden to investigate or develop Plaintiff's claims. In contrast, Tu Nguyen's Declaration is replete with conclusory and hearsay statements. Under either analysis, Plaintiff cannot establish a reasonable basis for

8

recovery. Here, Plaintiff's underlying tort is based on allegations of defamation. However, Plaintiff has not pleaded any specific facts demonstrating that John Nguyen himself committed defamation or committed any distinct, independent tort that caused Plaintiff's alleged injury. Without an underlying tort committed by this Resident Defendant, the derivative conspiracy claim must be dismissed under a Rule 12(b)(6) analysis. Further, even if the Court were to "pierce the pleadings," there is no evidence to suggest Plaintiff could reasonably link John Nguyen to the underlying defamatory acts of others, rendering his joinder improper.

### III.    The Intrarcorporate Conspiracy Doctrine Bars the Claim

Even if Plaintiff's conspiracy claim were considered an independent cause of action, (it is not) it is barred by the intracorporate conspiracy doctrine. Plaintiff alleges that John Nguyen, acting as a director, conspired with the corporation and its officers/directors. However, a corporation cannot conspire with itself, and its agents acting within the scope of their corporate duties cannot conspire with one another. *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994).

Plaintiff's further assertion at the hearing that an exception applies due to alleged "bad faith." This allegation is unsupported by any specific factual in the Complaint/Petition showing bad faith or a meeting of the minds outside the scope

of corporate duties. Conclusory allegations are insufficient to state a conspiracy claim.

### IV.    Conclusion

Tu Nguyen's contumacious conduct resulted in a dismissal with prejudice by Judge Hittner, which he failed to timely appeal. Consequently, any further attempt to relitigate or appeal that dismissal would fall outside the Fifth Circuit's jurisdiction. Moreover, as to Plaintiff's Motion to Remand, Plaintiff expressly admits that the sole claim asserted against Resident Defendant John Nguyen is a derivative civil conspiracy claim. Because no viable underlying tort exists, and because the claim is independently barred by the intracorporate conspiracy doctrine, Plaintiff cannot establish any reasonable possibility of recovery against the Resident Defendant. Accordingly, John Nguyen was fraudulently joined for the purpose of defeating diversity jurisdiction, and Plaintiff's motion to remand should be denied.

Respectfully submitted,
**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737

10

Mobile: (832) 372-4403
**COUNSEL FOR DEFENDANT**
**PHUNG BACH DOAN AND**
**ATTORNEY IN CHARGE**

**THE KELLEY LAW FIRM**
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
**LEAD COUNSEL FOR DEFENDANTS**
**ATUTA, Inc. d/b/a PHO BOLSA TV,**
**VU HOANG LAN, ANDREW LE TV,**
**AN THIEN LE A/K/A ANDREW LE,**
**PREMIERLINE GROUP, LLC., TUAN**
**THANH HO, HGP USA CORP.,**
**HOANG GIA PEARL, JSC., PHUNG**
**BACH DOAN, ESTHER K. LE,**
**THANH NGA T. TRAN, PRISCILLA**
**T. LE, AND JOHN NGUYEN**

*/s/ Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
**COUNSEL FOR DEFENDANT**
**TAI VAN PHAM aka TONY PHAM**

11

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email.

By: */s/ Minh-Tam (Tammy) Tran*
Minh-Tam (Tammy) Tran

## VERIFICATION

**STATE OF TEXAS**      §
**COUNTY OF HARRIS**  §

Before me, a notary public, on this day, personally appeared **Minh-Tam Tran**, known to me to be the person whose name is subscribed to the foregoing document and, being by me duly sworn, declared that the statements therein contained are true and correct and within personal knowledge.

**Minh-Tam Tran**

SUBSCRIBED AND SWORN TO BEFORE ME on this the 26th day of May 2026, to certify which witness my hand and seal of office.

Vinh-Huy Vincent Lam
NOTARY PUBLIC
STATE OF TEXAS
COMMISSION # 133396323
MY COMMISSION EXPIRES
October 16, 2029

Notary Public, State of Texas

12