**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| ATUTA, INC. d/b/a PHO BOLSA TV, | § | |
| VU HOANG LAN, ANDREW LE TV | § | |
| AN THIEN LE aka ANDREW LE, | § | CIVIL ACTION NO. 4:26-CV-1218 |
| PREMIERLINE GROUP, LLC., | § | |
| TUAN THANH HO, HGP USA CORP., | § | |
| HOANG GIA PEARL, JSC., PHUNG | § | |
| BACH DOAN, ESTHER K. LE,  THANH | § | |
| NGA T. TRAN, PRISCILLA T. LE, TAI | § | |
| VAN PHAM aka TONY PHAM, and | § | |
| JOHN NGUYEN, | § | |
|     *Defendants.* | § | |

**PLAINTIFF'S  REPLY TO DEFENDANTS' VERIFIED
POST-HEARING BRIEF (Doc. 37)**

**COMES NOW**, Tu Nguyen (aka Nguyen Thanh Tu or NTT), Plaintiff in the above-styled

cause, and files his Reply to Defendants' Verified Post-Hearing Brief,and would respectfully show

the Court as follows:

1.　　　Other than the small section, supported by Affidavit, in which Defendants contend, "Mr.

Tu also frequently uses social media personalities and YouTubers to attack Judge Hittner

personally, Defendants, and defense counsel online.", Defendants' Verified Post-Hearing Brief

adds nothing new, and is a reiteration of their prior briefing and argument.

2.　　　As to the new section cited above, Plaintiff denies that he has either posted about this suit,

or has encouraged others to post about this suit.  It is impossible to determine from the information

contained in the Affidavit, who posted what to whom or when, as the alleged violative post is not

in native format nor does the Affidavit do anything other than copy something from somewhere,

unknown from its origin.  IF Plaintiff had truly posted, Plaintiffs would have produced the posts.

IF Defendants had evidence that Plaintiff had truly sent information to others to post, Plaintiffs would have produced that evidence.

3.      Defendants' Verified Post-Hearing Brief also does not address the fact that there was never an adjudication on the merits.

4.      In *Costello v. United States*, 365 U.S. 265, 285 (1961):

> We hold that a dismissal for failure to file the affidavit of good cause is a dismissal 'for lack of jurisdiction,' within the meaning of the exception under Rule 41(b). In arguing contra, the petitioner relies on cases which hold that a judgment of denaturalization resulting from a proceeding in which the affidavit of good cause was not filed is not open to collateral attack on that ground. Title v. United States, 9 Cir., 263 F.2d 28; United States v. Failla, D.C., 164 F.Supp. 307. We think that petitioner misconceives the scope of this exception from the dismissals under Rule 41(b) which operate as adjudications on the merits unless the court specifies otherwise. It is too narrow a reading of the exception to relate the concept of jurisdiction embodied there to the fundamental jurisdictional defects which render a judgment void and subject to collateral attack, such as lack of jurisdiction over the person or subject matter. ***We regard the exception as encompassing those dismissals which are based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of his substantive claim.***

5.      In the context of *res judicata*:

> There must be at least one decision on a right between the parties before there can be said to be a termination of the controversy, and before a judgment can avail as a bar to a subsequent suit. There must have been a right adjudicated or released in the first suit to make it a bar, and this fact must appear affirmatively…If the first suit was dismissed for defect of pleadings, or parties, or a misconception of the form of proceeding, or the want of jurisdiction, or was disposed of on any ground which did not go to the merits of the action, the judgment rendered will prove no bar to another suit.

Id. at 285-286

6.      Finally, in *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2011), an appeal on a "dismissal on the merits", Justice Scalia wrote, "Over the years, the meaning of the

term 'judgment on the merits' has gradually undergone change…, and it has come to be applied to some judgments …that do *not* pass upon the substantive merits of a claim and hence no *not* (in many jurisdictions) entail claim-preclusive effect." *Id*. At 502.

7.      Judge Scalia went to add that a claim of res judicata in this context, "would be a highly peculiar context in which to announce a federally prescribed rule on the complex question of claim preclusion, saying in effect, "All federal dismissals (with three specified exceptions) preclude suit elsewhere, unless the court otherwise specifies." *Id*. at 503. Justice Scalia then states, Rule 41(b), interpreted as a preclusion-establishing rule, would not have the two effects described in the preceding paragraphs-arguable violation of the Rules Enabling Act and incompatibility with *Erie R. Co. v. Tompkins,* 304 U. S. 64 (1938)- if the court's failure to specify an other than-on-the-merits dismissal were subject to reversal on appeal whenever it would alter the rule of claim preclusion applied by the State in which the federal court sits. No one suggests that this is the rule, and we are aware of no case that applies it." *Id*. At 504.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Tu Nguyen respectfully prays that his Motion to Remand is granted, and in the alternative, should the Motion to Remand be denied, that this Court determine that this present suit may proceed, and for such other and further relief to which this Plaintiff is justly entitled, at law or at equity.

Respectfully submitted,

LAW OFFICE OF BRIAN TURNER
308 N. Washington Ave.
Bryan, TX 77803
(979) 583-9200 – Telephone
(979) 314-9533 – Telecopier
bt@brianturnerlaw.com

By:  /s/  Brian Turner
Brian Turner
State Bar No. 20310450
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel of record, via ECF and email, on this 27th day of May 2026.

 /s/  Brian Turner
Brian Turner