IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU a/k/a TU NGUYEN, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 4:26-CV-1218 |
| ATUTA, INC. d/b/a PHO BOLSA TV, VU HOANG LAN, ANDREW LE TV, AN THIEN LE aka ANDREW LE, PREMIERLINE GROUP, LLC., TUAN THANH HO, HGP USA CORP., HOANG GIA PEARL, JSC, PHUNG BACH DOAN, ESTHER K. LE, THANH NGA T. TRAN, PRISCILLA T. LE, TAI VAN PHAM a/k/a TONY PHAM, and JOHN NGUYEN | § § § § § § § § § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' VIERIFIED SUR-REPLY TO PLAINTIFF'S REPLY TO POST-HEARING BRIEF

COME NOW, Defendants, and file this Sur-Reply to Tu Nguyen ("Mr. Tu ")'s Reply to Defendants' Post-Hearing Brief (Dkt. 39). This Sur-Reply narrowly addresses Mr. Tu's misapplication of case law, his evidentiary denials regarding out-of-court outrageous conduct, and his critical omission regarding fraudulent joinder.

1

I.    **Mr. Tu Misapplies *Costello* and *Semtek*; the Prior Dismissal Issued by the Honorable David Hittner Was a Sanction for Willful Judge-Shopping, Not a Mere Procedural Defect**

Mr. Tu devotes the bulk of his Reply to citing *Costello v. United States* and *Semtek International Inc. v. Lockheed Martin Corp.*, arguing that the prior dismissal was merely a failure to satisfy a procedural precondition and therefore was not an adjudication on the merits. (Dkt. 39 at 2–3.) This argument fundamentally mischaracterizes the nature of the prior dismissal.

In *Costello*, the plaintiff committed an innocent procedural error by failing to file a required affidavit. Here, by contrast, Judge Hittner dismissed Mr. Tu's prior action as the ultimate sanction for his willful refusal to comply with multiple court-ordered requirements, including: (1) timely seeking prefiling permission from the appropriate Local Administrative Judge; (2) timely serving a copy of the prefiling request on the Clerk of Court as expressly ordered; and (3) timely posting the $100,000 security bond required in connection with his $100 million lawsuit.

Mr. Tu's attempt to recast his deliberate disobedience as a mere "procedural defect" is directly contradicted by recent admissions made by his own media surrogates. During a May 18, 2026 broadcast—which opened with the host delivering a direct "message of gratitude" from Mr. Tu for legal strategy advice

provided by YouTuber Hung Bui (Ex. HB1 at 00:02:12) [1]—the commentators stated that, according to Mr. Tu, he intentionally abandoned the prior lawsuit and declined to appeal in order to avoid posting the $100,000 bond and because he "did not want Judge Hittner to remain the presiding judge" due to the fact that Judge Hittner was very difficult  and conservative. (*Id*. at 00:12:16.)[2]  The commentators further boasted that Mr. Tu treated the federal litigation "like a strategic move in a card game," willingly accepting dismissal so that he could later refile before a different judge. (Id. at 00:05:50.)[3] Mr. Tu, via his advisors, made a

---

[1]

| [00:02:12.00] - Addison Nguyễn |
|---|
| "Let me interrupt you for a moment. **Nguyễn Thanh Tú wanted me to convey his thanks to [you] anh Hưng Bùi. During a livestream that  Hưng Bùi did with me, Hưng Bùi suggested a very good idea, and Tú used that idea in connection with this latest effort to pursue the lawsuit**. A significant part of the credit belongs to Hưng Bùi's suggestion, and Tú wanted to express his gratitude to you. That's the message I wanted to pass along. Please continue." |

[2]

| [00:12:16.11] - Hưng Bùi |
|---|
| **"According to Nguyễn Thanh Tú, he abandoned that particular case because he wanted to avoid having to post the $100,000 bond required in the matter, and because he did not want Judge Hittner to remain the presiding judge over the case in the future. Judge Hittner is known for being highly conservative. We also need to remember that federal judges are appointed, not elected. As a result, a federal judgeship is essentially a lifetime appointment**. Given that Judge Hittner is over eighty years old, he belongs to an older generation and is viewed as very conservative." |

[3] **[00:05:50.20] - Hưng Bùi**

| "Nguyễn Thanh Tú took the position that he accepted the ruling and treated it like a strategic move in a card game. He openly accepted the dismissal in order to file a new lawsuit later." |
|---|

*****

| [00:38:06.15] - Hưng Bùi |
|---|
| **"Mr. Nguyễn Thanh Tú is playing a very high-stakes game. I would say this is a gamble where it's either a big win or a big loss. However, the advantage he already has firmly in hand is that he made what I consider a wise decision. What was Nguyễn Thanh Tú's wise decision? He chose to give up having his case under the jurisdiction of Judge Hittner, who is a conservative judge."** |

presumption that the Court dislike Defendants 'attorneys, Lloyd Kelley, Gary Poland, and Minh-Tam Tran.[4]

Mr. Tu cannot invoke *Costello* to transform a calculated and contumacious scheme to evade court orders, avoid a security bond, and obtain a different judge into an innocent procedural oversight. A dismissal under Rule 41(b) is an appropriate sanction for a litigant's contumacious conduct and failure to obey court orders. *See In re Deepwater Horizon*, 988 F.3d 192 (5th Cir. 2021).

## II.    Mr. Tu's Denial of Harassment Is Belied by the Record

Mr. Tu next claims there is no evidence linking him to the ongoing social media attacks directed at Defendants and defense counsel and complains that the evidence was not produced in "native format." (Dkt. 39 at 1–2.)

The same May 18, 2026, broadcast establishes direct strategic communication between Mr. Tu and the commentators. (See Ex. HB1 at 00:02:12.) Those same commentators who have a close relationship and frequently gave Mr. Tu's legal advice regularly appear on media platforms attacking Defendants'

---

[4]

| **[00:15:54.18] - Hưng Bùi** |
|---|
| **Judge Rosenthal has seen . . . . these attorneys represent clients with substantial financial resources — very substantial resources, and she does not have good impressions about these lawyers — and they are suing [*actually Tu Nguyen was the one who sued*] individuals who generally lack legal sophistication, legal resources, and, in many instances, language proficiency.** |

attorneys, characterizing their representation as a "victory in disgrace" and accusing them of acting in a manner that is "not honorable." (Id. at 01:24:45, 01:31:05.)

Moreover, Mr. Tu's evidentiary objections ignore the extensive record already before this Court. The Appendix (Dkt. 19-1) documents a decade-long pattern of substantially identical conduct. As previously briefed, the Fourteenth Court of Appeals, Judge Hittner, the Fifth Circuit, and other state and federal courts have repeatedly dismissed Mr. Tu's claims or sanctioned his conduct for abusing the judicial process. (*See* Dkt. 19-7.) The record further reflects findings that Mr. Tu utilized his wife as a proxy litigant when he was personally restricted from filing actions. (*See* Dkt. 19-9, 19-10.) His current use of media proxies to publicly attack Judge Hittner, Defendants, and defense counsel is merely a continuation of that same pattern of bad-faith conduct.

### III.    Mr. Tu Effectively Concedes the Fraudulent Joinder of John Nguyen

Finally, Mr. Tu's Reply entirely ignores Defendants' substantive arguments concerning the fraudulent joinder of resident defendant John Nguyen. He offers no response to Defendants' reliance on *Agar Corp., Inc. v. Electro Circuits International, LLC*, nor does he address the intracorporate conspiracy doctrine and any exception that he, via counsel, vaguely mentioned.

By failing to rebut these dispositive authorities, Mr. Tu effectively concedes that he cannot establish a viable underlying tort claim against John Nguyen. Because there is no reasonable basis to predict recovery against the resident defendant, the joinder is fraudulent, complete diversity exists, and remand is improper.

### IV.    IV. Conclusion

First, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(3)[5] and is fully empowered to decide the effect of claim preclusion and res judicata presented in this "refiled" action.

Second, at the May 22, 2026, hearing, the Court posed a critical question: Why did Mr. Tu not appeal Judge Hittner's Order? If Mr. Tu genuinely believed that Judge Hittner abused his discretion or exceeded his inherent authority by allegedly failing to follow *Costello* and *Semtek*, his remedy was clear—he should have sought appellate review in the Fifth Circuit.

He did not do so. Instead, he allowed the judgment to become final and now seeks to relitigate the same issues through this refiled action. That opportunity has long since passed. The doctrines of claim preclusion and res judicata prohibit this

---

[5] **John Nguyen is a United States citizen who has honorably served this country in the U.S. military and was fraudulently joined as a party to this action.** (*See* **Exhibit B** - Passport of John Nguyen, attached.)

type of collateral attack on a final judgment. A litigant cannot evade an adverse ruling by forgoing the appellate process and then refiling the same case in hopes of obtaining a different result before a different judge.

To the extent Mr. Tu seeks, through this action, to challenge the correctness of Judge Hittner's prior ruling, this Court is not sitting as an appellate court over a coordinate federal court. The time for appellate review expired when Mr. Tu elected not to appeal. Having failed to pursue the exclusive avenue for review, he is bound by the final judgment entered in the prior action by Judge Hittner.

Moreover, Mr. Tu's own public admissions confirm that his decision not to appeal was not the result of any inability to seek review, but rather a deliberate strategic choice. According to statements attributed to Mr. Tu, he abandoned the prior action to avoid posting the court-ordered security bond and to avoid proceeding before Judge Hittner. Having knowingly accepted the consequences of that decision, Mr. Tu cannot now use this refiled action as a substitute for an appeal or as a vehicle to obtain a second opportunity to litigate matters that have already been conclusively resolved.

Respectfully submitted,

**THE TAMMY TRAN LAW FIRM**
By: */s/ Minh-Tam Tran*
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
**COUNSEL FOR DEFENDANT**
**PHUNG BACH DOAN AND**
**ATTORNEY IN CHARGE**

**THE KELLEY LAW FIRM**
By: */s/ Lloyd E. Kelley*
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
**LEAD COUNSEL FOR DEFENDANTS**
**ATUTA, Inc. d/b/a PHO BOLSA TV,**
**VU HOANG LAN, ANDREW LE TV,**
**AN THIEN LE A/K/A ANDREW LE,**
**PREMIERLINE GROUP, LLC., TUAN**
**THANH HO, HGP USA CORP.,**
**HOANG GIA PEARL, JSC., PHUNG**
**BACH DOAN, ESTHER K. LE,**
**THANH NGA T. TRAN, PRISCILLA**
**T. LE, AND JOHN NGUYEN**

8

/s/ *Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
**COUNSEL FOR DEFENDANT**
**TAI VAN PHAM aka TONY PHAM**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email.

By: /s/ *Minh-Tam (Tammy) Tran*
Minh-Tam (Tammy) Tran

## VERIFICATION

**STATE OF TEXAS**      §
**COUNTY OF HARRIS**   §

Before me, a notary public, on this day, personally appeared **Minh-Tam Tran**, known to me to be the person whose name is subscribed to the foregoing document and, being by me duly sworn, declared that the statements therein contained are true and correct and within personal knowledge.

**Minh-Tam Tran**

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of May 2026, to certify which witness my hand and seal of office.

Vinh-Huy Vincent Lam
NOTARY PUBLIC
STATE OF TEXAS
COMMISSION # 133396323
MY COMMISSION EXPIRES
October 16, 2029

Notary Public, State of Texas

9