IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NGUYEN THANH TU<br>a/k/a TU NGUYEN,<br><br>*Plaintiff,*<br><br>v.<br><br>ATUTA, INC. d/b/a PHO BOLSA TV,<br>VU HOANG LAN, ANDREW LE TV,<br>AN THIEN LE aka ANDREW LE,<br>PREMIERLINE GROUP, LLC.,<br>TUAN THANH HO, HGP USA CORP.,<br>HOANG GIA PEARL, JSC,<br>PHUNG BACH DOAN, ESTHER K. LE,<br>THANH NGA T. TRAN,<br>PRISCILLA T. LE, TAI VAN PHAM a/k/a<br>TONY PHAM, and JOHN NGUYEN<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:26-CV-1218 |

**DEFENDANTS' VERIFIED RESPONSE TO PLAINTIFF'S OBJECTION
TO EXHIBIT HB1 (Dkt. 40-1)**

COME NOW, Defendants, and file this Verified Response to Plaintiff Tu

Nguyen's Objection to Purported YouTube Posting Exhibit HB1 (Dkt. 40-1). Mr.

Tu's objections regarding authentication and hearsay are without merit.

Federal courts have recognized that sworn certificates of translation satisfies

authentication requirements under Federal Rule of Evidence 901, provided that

1

the certificate establishes both the translator's qualifications and the accuracy of the translation.

## I. Exhibit HB1 (Dkt. 40-1) Satisfies the Authentication Requirements Under Rule 901

Specifically, Federal Rule of Evidence 901(a) requires authentication "by evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Written translations are subject to this requirement. As one court explained, "witness testimony translated from a foreign language must be properly authenticated and any interpretation must be shown to be an accurate translation done by a competent translator." *Suchite v. ABM Aviation, Inc.*, 741 F. Supp. 3d 878, 885 (N.D. Ill. 2024); *see also Trapaga v. Cent. States Joint Bd. Loc. 10*, No. 05 C 5742, 2007 WL 1017855, at *4 (N.D. Ill. Mar. 30, 2007). Authentication, therefore, requires proof of two essential elements: (1) the translator's competence and (2) the accuracy of the translation. *Suchite*, 741 F. Supp. 3d at 885.

Exhibit HB1 (Dkt. 40-1) (below) satisfied these two requirements.

# CERTIFICATE OF TRANSLATION

(Unsworn Declaration Pursuant to Tex. Civ. Prac. & Rem. Code § 132.001)

My name is Le, Hong Hai, my date of birth is 08/25/1977, and my address is 9666 Blackhawk Blvd, Houston, Texas 77075, United States. I declare under penalty of perjury that the following is true and correct:

1. I am fluent in both English and Vietnamese.

2. I am competent to translate documents from Vietnamese to English and have worked as a translator for from Vietnamese to English and vice versa for more than ten (10) years.

3. I translated the attached documents from Vietnamese into English.

4. I certify that the translation is a true, accurate, and complete rendition of the original Vietnamese-language the transcript of the Reel Posted on May 18, 2026 by Gia va Ngheo "Commentary on Mr. Nguyễn Thanh Tú's Lawsuit against 17 Defendants, Including Phố Bolsa TV, Andrew Le's Family, and the Wealthy Couple."

Executed in Harris County, State of Texas, on the 29th of May, 2026

LE, HONG HAI

Date: May 29, 2026

3

**EXHIBIT HB1**

VIDEO POSTED ON MAY 18, 2026 BY GIAU VA NGHEO- "COMMENTARY ON MR. NGUYỄN THANH TÚ'S LAWSUIT AGAINST 17 DEFENDANTS, INCLUDING PHỐ BOLSA TV, ANDREW LE'S FAMILY, AND THE WEALTHY COUPLE."

https://www.facebook.com/reel/997494669412826



Giàu và Nghèo · Theo dõi
18 tháng 5 ·

Bình Luận về Vụ Kiện của Ông Nguyễn Thanh Tú với 17 bị đơn trong đó có Pho Bolsa TV, và gia đình Andrew Le, và vợ chồng đại gia ngọc trai từ Việt Nam Mua Sản Phẩm Sức Khoẻ Hàn Quốc tại https://www.hanashop.me

😀😮 9                                    2,2K lượt xem

👍 9                    💬                    ↗ 1

1

**EXHIBIT HB1**

Exhibit HB1

4

**EXHIBIT HB1 A TRANSCRIPT**
**(00:00:00.01 - 00:02:42.05)**

| [00:02:12.00] - Addison Nguyễn | [00:02:12.00] - Addison Nguyễn |
|---|---|
| Anh Nguyễn Thanh Tú có gởi lời cảm ơn đến anh Hưng Bùi trong một chương trình anh Hưng Bùi livestream cùng với tôi. Anh Hưng Bùi có đưa ra một sáng kiến, một cái idea rất là hay và anh Tú đã dùng cái idea đó trong cái việc mà được cứu xét đi kiện đợt này. Cái công lớn là ý tưởng của anh Hưng Bùi và anh Tú muốn gởi lời cảm ơn đến anh. Đó là điều mà tôi muốn nhắn gửi là như vậy. Mời anh! | Nguyễn Thanh Tú wanted me to convey his thanks to anh Hưng Bùi. During a livestream that Hưng Bùi did with me, Hưng Bùi suggested a very good idea, and Tú used that idea in connection with this latest effort to pursue the lawsuit. A significant part of the credit belongs to Hưng Bùi's suggestion, and Tú wanted to express his gratitude to you. That's the message I wanted to pass along. Please continue. |
| [00:02:42.05] - Hưng Bùi | [00:02:42.05] - Hưng Bùi |
| Vâng, gởi lời cảm ơn tới anh Nguyễn Thanh Tú, với lại anh Addison Nguyễn. Chúng ta trở về câu chuyện. Thì ngay từ đầu mọi người chúng ta đều biết rằng là Nguyễn Thanh Tú nộp đơn kiện Andrew Lê và Phố Bolsa TV của Vũ Hoàng Lân ở tòa tiểu bang Texas. Sau đó, những người này qua người luật sư đại diện của họ đã đưa vụ việc, họ di dời vụ kiện này lên tòa án liên bang thì khi lên liên bang thì nó nằm trong tay sự tài phán, phán xử của ông Tòa tên là Hittner. Thì trong vụ việc khi đưa lên thì hai bên đều có sự gọi là tranh chấp và cuối cùng thì ông chánh án Hittner, ổng đưa ra một án lệnh, một cái order là bắt buộc ông Nguyễn Thanh Tú phải có một lá thư chấp thuận từ Tòa án Liên bang. Bởi vì phía đối phương đã lập luận và cho rằng, chứng minh rằng ông Nguyễn Thanh Tú là một trong những người được có tên trong danh sách của những người chuyên môn gọi là phiền nhiễu về kiện tụng. | Thank you to Nguyễn Thanh Tú and Addison Nguyễn. Now, returning to the matter: from the beginning, everyone knew that Nguyễn Thanh Tú filed suit against Andrew Lê and Vũ Hoàng Lân's Phố Bolsa TV in Texas state court. Afterwards, through their attorney, the defendants removed the case to federal court. Once it reached federal court, it fell under the jurisdiction of Judge Hittner. After the case was removed, both sides engaged in litigation disputes, and ultimately Judge Hittner issued an order requiring Mr. Nguyễn Thanh Tú to obtain a letter of approval from the federal court. The reason was that the opposing side argued—and presented evidence—that Nguyễn Thanh Tú was listed among individuals classified as vexatious litigants. |

2

5

**EXHIBIT HB1 B TRANSCRIPT**
**(00:05:50.20)**

| [00:05:50.20] - Hưng Bùi | [00:05:50.20] - Hưng Bùi |
|---|---|
| Nguyễn Thanh Tú cho rằng đây là một cái phán quyết, anh chấp nhận phán quyết đó và anh giống như là một cái ván bài. Anh chơi bài ngửa là chấp nhận bỏ để mà mở lại một cái vụ kiện khác. Cũng những nhân vật này nhưng nằm ở trong một hoàn cảnh đặc biệt hơn, khác hơn so với Nguyễn Thanh Tú. Thì sau đó anh Nguyễn Thanh Tú bắt đầu tái khởi kiện. | Nguyễn Thanh Tú took the position that he accepted the ruling and treated it like a strategic move in a card game. He openly accepted the dismissal in order to file a new lawsuit later. It would involve the same individuals, but under a different and more specific set of circumstances than before. After that, Nguyễn Thanh Tú proceeded to file the lawsuit again. |

**EXHIBIT HB1 C TRANSCRIPT**
**(00:12:16.11 - 00:19:04.02)**

| [00:12:16.11] - Hưng Bùi | [00:12:16.11] - Hưng Bùi |
|---|---|
| Theo anh Nguyễn Thanh Tú là bỏ vụ việc để mà nhằm mục đích là gì? Là có thể là anh muốn thay đổi mà anh không muốn tốn tiền cho một trăm ngàn tiền bail của cái vụ việc đó, cộng với anh không muốn ông chánh án này sau này trở thành là một người tài phán trong tương lai. | According to Nguyễn Thanh Tú, he abandoned that particular case because he wanted to avoid having to post the $100,000 bond required in the matter, and because he did not want Judge Hittner to remain the presiding judge over the case in the future. Judge Hittner is known for being highly conservative. |
| [00:13:33.25] - Hưng Bùi | [00:13:33.25] - Hưng Bùi |
| Và cái lập luận của anh Nguyễn Thanh Tú, mình phải nói là tới giờ phút này, phải nói là giờ là chín mươi chín phần trăm… Mình không dám nói tới một trăm phần trăm là chín mươi chín phần trăm đã được, coi như là bà tòa chấp thuận bằng cách là gì? Là trong ngày cách đây khoảng chừng hai ba ngày gì đó thì bà chánh án đã đưa ra một quyết định. Và bà đưa ra một cái ngày là ngày hearing đầu tiên là ngày mười bảy tháng Sáu năm 2026. Và cái đặc biệt trong cái buổi hearing này là bà ấn định cái buổi, phiên họp Hearing này nó dựa trên một cái rule là cái Rule 16 của tòa án Liên bang. Cái rule này thì nói tóm lại là gì? Theo cái kinh nghiệm của nhiều luật sư trong trong tòa và trong cái diễn biến của sự việc này thì phải nói một điều là gì? Mình không dám nói một trăm | And I have to say that, at this point, Nguyễn Thanh Tú's arguments have been accepted—at least to a very significant degree. I will not say one hundred percent, but I would say ninety-nine percent that she accepted his argumnt. The reason I say that is because just a few days ago Judge Rosenthal issued a new order. In that order, she scheduled the first hearing for June 17, 2026. What is particularly important is that she set this hearing pursuant to Rule 16 of the Federal Rules. In practical terms, based on the experience of many attorneys and considering the developments in this case, I would say there is a ninety-nine percent likelihood that Nguyễn Thanh Tú's lawsuit against the defendants, Andrew Lê and Phố Bolsa TV, has officially moved forward in federal court. |

3

Exhibit HB1

| | |
|---|---|
| phần tram, là chín mươi chín phần trăm là cái đơn khiếu kiện của anh Nguyễn Thanh Tú đối với những người bị đơn là Andrew Lê và Phố Bolsa đã chính thức được xúc tiến tại tòa án của Liên bang. | |
| | |
| **[00:15:54.18] - Hưng Bùi** | **[00:15:54.18] - Hưng Bùi** |
| Thì nó tạo cho cái bà tòa này, mình phải nói là, mình nhìn thấy là, tạo ấn tượng cho cái bà tòa Lee Rosenthall này nó không có một cái ấn tượng tốt đẹp với những người luật sư này. Là bởi vì rõ ràng là gì? Họ là những người đại diện cho những người thân chủ có tiền và phải nói là rất là nhiều tiền mà đi kiện những cái người mà không có khả năng về pháp lý, không có khả năng và ngôn ngữ. | Judge Rosenthal has seen . . . . these attorneys represent clients with substantial financial resources—very substantial resources, and she does not have good impressions about these lawyers —and they are suing [actually Tu Nguyen sued them] individuals who generally lack legal sophistication, legal resources, and, in many instances, language proficiency. |

**EXHIBIT HB1 E TRANSCRIPT**
**(00:27:57.11 - 00:35:03.22)**

| [00:27:57.11] - Hưng Bùi | [00:27:57.11] - Hưng Bùi |
|---|---|
| Do đó, mình phải nói rằng cái này là một lợi thế rất là mạnh mẽ cho bên phía của anh Nguyễn Thanh Tú. Và đây là một điều không thể chối cãi được. Một cách rất là đơn giản là hồ sơ kiện của Nguyễn Thanh Tú đã chính thức bắt đầu khởi động. Và cái ngày 16 tháng 7 là một ngày rất là quan trọng. | Therefore, I have to say that this is a very significant advantage for Nguyễn Thanh Tú's side, and that is difficult to dispute. Put simply, Nguyễn Thanh Tú's lawsuit has now officially begun moving forward. |

**EXHIBIT HB1 F TRANSCRIPT**
**(00:38:06.15- 00:38:06.15)**

| [00:38:06.15] - Hưng Bùi | [00:38:06.15] - Hưng Bùi |
|---|---|
| Anh Nguyễn Thanh Tú là chơi một ván bài là mình phải nói đây là một ván bài "nhất chín nhì bù", nhưng cái phần thắng ông đã nắm chắc trong tay là anh đã quyết định là cái quyết định sáng suốt của Nguyễn Thanh Tú là gì? Là bỏ cái quyền tài phán của một người chánh án ông Hittner là một chánh án bảo thủ. | Mr. Nguyễn Thanh Tú is playing a very high-stakes game. I would say this is a gamble where it's either a big win or a big loss. However, the advantage he already has firmly in hand is that he made what I consider a wise decision. What was Nguyễn Thanh Tú's wise decision? He chose to give up having his case under the jurisdiction of Judge Hittner, who is a conservative judge. |

4

Exhibit HB1

In the instant case, Defendants satisfied this burden by attaching a sworn Certificate of Translation (Unsworn Declaration Pursuant to Tex. Civ. Prac. & Rem. Code § 132.001) executed by a competent, bilingual translator. The translator explicitly identified the source URL (https://www.facebook.com/reel/997494669412826), the date of the post (May 18, 2026), the title of the video, and the individuals speaking; and the two essential elements have been proven: (1) the translator's competence and (2) the accuracy of the translation. Therefore, Mr. Tu's objection should be overruled.

## II.  The Exhibit Is Not Inadmissible Hearsay

### A.  Adoptive Admission Principles Defeat Plaintiff's Hearsay Objection

Mr. Tu next objects under Rules 801 and 802, arguing that because the commentators in the video are "not a party to this suit," their statements constitute inadmissible hearsay. This argument fails for the following independent reasons:

First, Federal courts have established clear standards for admitting statements as adoptive admissions under Federal Rule of Evidence 801(d)(2)(B), which excludes from hearsay statements that a party has "manifested that it adopted or believed [them] to be true." Fed. R. Evid. 801(d)(2)(B). The key inquiry is whether the surrounding circumstances sufficiently connect the party to the statement, demonstrating the party's intent to adopt the statement or belief in its

8

truth. *See Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 259–60 (S.D.N.Y. 2003).

To establish that a party adopted a third party's statement, the proponent must show that the party "manifested its adoption or belief in the statement's truth." *United States v. Am. Tel. & Tel. Co.*, 516 F. Supp. 1237, 1241 (D.D.C. 1981). Such manifestation may occur "in any appropriate manner," **including through words**, **conduct, or silence**. *Penguin Books*, 262 F. Supp. 2d at 260.

### B. Application to Broadcasting Platforms and Third-Party Speakers

Significantly, federal courts have recognized that parties may adopt statements disseminated through third-party platforms when they use those platforms to communicate or advance their own messages, as Tu Nguyen has used this platform repeatedly since the beginning of this original filing in 2025. When a party uses a platform "in such a way as to manifest a belief in the truth of assertions contained therein," the party may be found to have adopted those assertions if they are later offered against the party-opponent. *In re CGR Invs. Ltd. P'ship*, 464 B.R. 678, 686 (Bankr. E.D. Pa. 2010). Likewise, the Ninth Circuit has held that "when a party acts in conformity with the contents of a document, [*the transcript in this case*], such an action constitutes an adoption of the statements contained therein even if the party never reviewed the document's contents." *Transbay Auto*

9

*Serv., Inc. v. Chevron USA Inc.*, 807 F.3d 1113, 1119 (9th Cir. 2015). **This principle extends to situations in which a party's use of another's platform "represents the party's intended assertion of the truth of the information therein."** *White Indus., Inc. v. Cessna Aircraft Co.*, **611 F. Supp. 1049, 1062 (W.D. Mo. 1985).**

### C. Personal Knowledge Not Required- Federal courts have consistently held that personal knowledge is not required for adoptive admissions.[1]

As the statements on the platform explicitly demonstrate, the commentators in the platform are not merely random, unconnected individuals. The broadcast opens (Ex. HB1 at 00:02:12, Dkt. 40-1) with the host delivering a direct, personal message from Mr. Tu Nguyen, thanking the co-host for providing the legal strategy used in this very lawsuit. By utilizing these commentators to frequently broadcast his personal messages and legal strategies to the public, Mr. Tu has, at minimum, manifested an adoption of their platform to speak on his behalf regarding this litigation.

---

[1] As one court explained, "even if the person adopting the statement had no personal knowledge or first-hand information about the reports, if a person manifests acceptance of information, the admission by adoption is admissible non-hearsay evidence." *Grundberg v. Upjohn Co.*, 137 F.R.D. 365, 372 (D. Utah 1991). The Advisory Committee Notes to Rule 801 likewise recognize that admissions are exempt from the firsthand-knowledge requirement. *See BDG Gotham Residential, LLC v. W. Waterproofing Co.*, 631 F. Supp. 3d 76, 94–95 (S.D.N.Y. 2022) (quoting Fed. R. Evid. 801 advisory committee's note). Accordingly, courts have held that "the only foundation required" for an adoptive admission is proof that the statement was made or adopted by the opposing party; no personal-knowledge requirement applies. *Id.*

**D. The Court Possesses Broad Discretion to Consider Evidence of Bad Faith**

Finally, Mr. Tu's rigid reliance on trial-level hearsay rules is misplaced in the context of a sanctions and preclusion inquiry. When a federal court exercises its inherent authority to evaluate contumacious conduct, judge-shopping, and bad-faith litigation tactics, the Court may consider a wide range of contextual evidence. The video transcript provides direct insight into Mr. Tu's admitted scheme to evade a $100,000 bond and manipulate the judicial assignment system. The Court may properly consider this evidence in deciding whether to dismiss the action with prejudice.

### III. Conclusion

Exhibit HB1 (Dkt. 40-1) is properly authenticated because it was translated by a competent translator who declared under oath that the translation is accurate.

Moreover, by utilizing another's platform to communicate his personal messages, litigation positions, and legal strategies to the public, Mr. Tu manifested his adoption of the platform and its broadcaster as a vehicle to speak on his behalf regarding this litigation.

Accordingly, Defendants respectfully request that the Court overrule Plaintiff's objection in its entirety and admit Exhibit HB1 into evidence.

11

Respectfully submitted,

**THE KELLEY LAW FIRM**
By: /s/ Lloyd E. Kelley
**Lloyd E. Kelley**
Texas Bar No.  11203180
kelley@lloydekelley.com
2726 Bissonnet, Suite 240 PMB 12
Houston, Texas 77005
Tel:(281) 492-7766
Fax:(281) 652-5973
**LEAD COUNSEL FOR DEFENDANTS
ATUTA, Inc. d/b/a PHO BOLSA TV,
VU HOANG LAN, ANDREW LE TV,
AN THIEN LE A/K/A ANDREW LE,
PREMIERLINE GROUP, LLC., TUAN
THANH HO, HGP USA CORP.,
HOANG GIA PEARL, JSC., PHUNG
BACH DOAN, ESTHER K. LE,
THANH NGA T. TRAN, PRISCILLA
T. LE, AND JOHN NGUYEN**

**THE TAMMY TRAN LAW FIRM**
By: /s/ Minh-Tam Tran
**MINH-TAM TRAN**
Texas State Bar No. 20186400
ttran@tt-lawfirm.com
4900 Fournace Place #418
Bellaire, Texas 77401
Tel: (713) 655-0737
Mobile: (832) 372-4403
**COUNSEL FOR DEFENDANT
PHUNG BACH DOAN AND
ATTORNEY IN CHARGE**

12

/s/ *Gary M. Polland*
**Gary M. Polland**
State Bar No. 16095800
**POLLAND & ASSOCIATES, P.C.**
1533 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 621-6335
Email: pollandlaw@yahoo.com
**COUNSEL FOR DEFENDANT**
**TAI VAN PHAM aka TONY PHAM**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2026, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff via the Court's electronic filing system and/or by email.

By: /s/ *Lloyd E. Kelley*
Lloyd E. Kelley

## VERIFICATION

**STATE OF TEXAS**        §
**COUNTY OF HARRIS**  §

Before me, a notary public, on this day, personally appeared **Minh-Tam Tran**, known to me to be the person whose name is subscribed to the foregoing document and, being by me duly sworn, declared that the statements therein contained are true and correct and within personal knowledge.

_____
**Minh-Tam Tran**

SUBSCRIBED AND SWORN TO BEFORE ME on this the 1st day of June 2026, to certify which witness my hand and seal of office.

Vinh-Huy Vincent Lam
NOTARY PUBLIC
STATE OF TEXAS
COMMISSION # 133396323
MY COMMISSION EXPIRES
October 16, 2029

_____
Notary Public, State of Texas

13