United States District Court
Southern District of Texas
**ENTERED**
June 29, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NGUYEN THANH TU, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-26-1218 |
| | § | |
| ATUTA INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

The plaintiff, Nguyen Thanh Tu, also known as Tu Nguyen, has a history of vexatious litigation. In this case, he has sued a variety of persons and entities for defamation and conspiracy to defame. The defendants removed on the ground of diversity jurisdiction, (Docket Entry No. 1), and Tu has moved to remand, (Docket Entry No. 4). In his own words, this case is a "re-file" of a case that was dismissed in November 2025 by Judge David Hittner, another judge in the Houston Division of the Southern District of Texas. (Docket Entry No. 4 ¶¶ 3–6). Based on the motions, the pleadings, the record, and the applicable law, the court denies Tu's motion to remand and dismisses this case, with prejudice. The reasons for these rulings are set out below.

I.      **Background**

This case is the latest in a series of lawsuits filed by Tu, whose state-court vexatious litigant designation was only lifted in April 2026.[1] (Docket Entry No. 15). In this case, as in others, Tu asserts defamation and conspiracy claims against many members of the Vietnamese and Vietnamese-American communities. (Docket Entry No. 1-1). Tu filed this case in state court in January 2026. (Docket Entry No. 1-1). The defendants removed on the basis of diversity

---

[1] Tu has filed a request for judicial notice of the order vacating his vexatious litigant designation. (Docket Entry No. 15). The court grants the request, although it is irrelevant to this court's legal analysis. The later lifting of his vexatious litigant sanction does not cure his prior failure to comply with Judge Hittner's order.

jurisdiction, arguing that an in-state defendant, John Nguyen, was improperly joined.  (Docket Entry No. 1).  Tu moved to remand, arguing that John Nguyen was properly joined and was the "nerve center" for another defendant, HGP USA.  (Docket Entry No. 4 ¶¶ 18, 19).

Tu's motion to remand set out the procedural background of this case.  Tu explained that he had filed the same case in state court and that the case was removed and assigned to Judge Hittner.  (Docket Entry No. 4 ¶ 2 (stating that "[t]his action" was originally filed in state court, removed to federal court, and assigned to Judge Hittner)).  That action was filed in October 2025.  Judge Hittner issued an order noting Tu's history of vexatious litigation and requiring him to obtain the requisite permission from a local Administrative Judge to file the suit by a certain date or the case would be dismissed.[2]  (*Id.* ¶ 2).  Tu admits that Judge Hittner dismissed the case after he failed to obtain the required permission.  (*Id.* ¶ 3).  Tu asserts that although the defendants sought dismissal with prejudice, Judge Hittner "did not do" so.  (*Id.* ¶ 4).  Tu states that he later received permission to "refile" the case from a local Administrative Judge.  (*Id.* (*Id.* ¶ 6).  He "refiled" in state court, and the defendants removed.  (*Id.* ¶¶ 6, 11).

The threshold issue, which the court may raise sua sponte,[3] is the preclusive effect of Judge Hittner's dismissal of Tu's earlier filed case.  As Tu admitted in his motion to remand, (Docket Entry No. 4 ¶ 4), Judge Hittner dismissed for Tu's "failure to comply" with a court order.  (Case No. 4:25-cv-04982, Docket Entry No. 17 at 2).  A dismissal for failure to comply with a court

---

[2] The court notes that, although not referenced in Tu's motion to remand, Judge Hittner's order also required Tu to post a security bond of $100,000, or in an amount otherwise determined by the local Administrative Judge, in accordance with Tex. Civ. Prac. & Rem. Code § 11052(b).  (Case No. 4:25-cv-04982, Docket Entry No. 8).

[3] Although the defendants did not raise the issue of res judicata themselves and did not file a motion to dismiss, "the Court may raise and consider the res judicata bar *sua sponte* and may take judicial notice of prior lawsuits."  *James v. Allstate Vehicle & Prop. Ins. Co.*, Civ. Action No. 4:24-CV-636, 2025 WL 847884, at *2 (S.D. Tex. Mar. 18, 2025).

order is a dismissal under Rule 41(b), which, by default, operates as an adjudication on the merits. FED. R. CIV. P. 41(b).  Judge Hittner's order did not say that the dismissal was "without prejudice"; to the contrary, the order stated that it was a "final judgment."  (Case No. 4:25-cv-04982, Docket Entry No. 17 at 2).  The phrase "final judgment" typically indicates a final determination of the claims on the merits.  *See, e.g.*, *Wilson Cypress Co. v. Atlantic Coast Liner R. Co.*, 109 F.2d 623, 625 (5th Cir. 1940) ("[A] judgment of dismissal which is intended to be and is, a disposition of the cause of action on its merits, is a final judgment and res judicata.").

Based on its review of Judge Hittner's order, this court ordered Tu to show cause why this case should not be dismissed with prejudice under res judicata.  (Docket Entry No. 14; *see also* Docket Entry No. 17).  Tu's response did not argue that any claims would not be precluded. (Docket Entry No. 18).  Instead, he argued: (1) that the dismissal was "procedural," and so the dismissal was without prejudice; (2) it would have been improper to dismiss the earlier case with prejudice because a dismissal with prejudice is a severe sanction; and (3) Judge Hittner did not use the defendants' proposed order, which had included the phrase "with prejudice," which "certainly suggests" that the dismissal "was not intended to be with prejudice."  (*Id.* ¶ 12–13, 16–20).  On May 22, 2026, the court heard oral argument on the motion to remand and the preclusive effect of the earlier dismissal.  (Docket Entry No. 21).  After the oral argument, the parties filed a variety of post-hearing briefs.  (Docket Entry Nos. 37, 39, 40, 41, 42).

## II.    The Legal Standard

### A.  The Improper Joinder Standard

"Under 28 U.S.C. § 1441(b), when original federal jurisdiction is based on diversity . . . a defendant may remove a state court civil action only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, Civ. Action No. H-10-1846, 2011 WL 240335,

at *2 (S.D. Tex. Jan. 20, 2011). "The doctrine of improper joinder, or fraudulent joinder, prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." *Id.* "Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction." *Id.*

"Improper joinder may be established by showing (1) actual fraud in the pleading of jurisdictional facts or (2) an inability to establish a cause of action against the non-diverse defendant in state court." *Id.* "Defendants claiming improper joinder based on the second type bear a heavy burden of showing that there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., in other words that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant." *Id.* "A 'reasonable basis' means more than a mere hypothetical basis." *Id.* "To determine whether a plaintiff has a 'reasonable basis for recovery under state law, the court may conduct a Rule 12(b)(6)-type analysis." *Id.* (quoting *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003)).

"First the court should look at the pleadings to determine whether the allegations state a claim under state law against the in-state defendant." *Id.* "If the 'plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder,' the court may look beyond the pleadings and consider summary judgment-type evidence." *Id.* "[T]he existence of even a single valid cause of action against the in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court." *Id.* (quoting *Grey v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 & n.11 (5th Cir. 2004)). "The district court must resolve all contested fact issues and ambiguities of state law in favor of the plaintiff and remand." *Id.*

4

### B. Res Judicata

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "Res judicata 'insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.'" *Id.* (quoting *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994)). "Res judicata prevents a later suit . . . from collaterally attacking a prior judgment by a court of competent jurisdiction." *Id.* "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

## III.   Analysis

### A.  The Motion to Remand

The motion to remand raises two issues: whether John Nguyen was improperly joined, and whether HGP USA is a citizen of California alone or both California and Texas. The court concludes that John Nguyen, a Texas citizen, was improperly joined and that HGP USA is a citizen only of California. Because complete diversity exists, so does federal removal jurisdiction.

First, there are no plausible claims asserted against John Nguyen. Tu's largely block-text 36-page complaint alleges no specific defamatory act by John Nguyen against Tu. (*See generally* Docket Entry No. 1-1).[4] Rather, the complaint alleges that John Nguyen was part of a conspiracy

---

[4] Tu's motion to remand identifies paragraphs 20, 28, 29, 32, 34, and 26 as the relevant paragraphs explaining HGP and John Nguyen's roles in the alleged conspiracy. (Docket Entry No. 4 ¶ 10). Despite Tu's assertion that these paragraphs provide "extensive detail about the roles that HGP USA Corp. and

to defame Tu based only on Nguyen's brief association with HGP USA.  Even assuming that Tu could bring viable defamation and conspiracy claims against HGP USA, he cannot bring claims against John Nguyen based only on Nguyen's brief tenure as one director of HGP USA.  *See, e.g., In re Cohen*, Bankr. No. 12-10027, 2013 WL 4079369, at *13 (Bankr. E.D. Tex. Aug. 13, 2013) ("Under Texas law, 'a director or officer of a corporation is not liable, merely because of his official character, for the fraud or false representations of the other officers or agents of the corporation . . . if such director or officer is not personally connected to the wrong and does not participate in it.'" (quoting *K&G Oil Tool & Serv. Co v. G&G Fishing Tool Serv.*, 314 S.W.2d 782, 793 (1958))); *Houston Chron. Pub. Co. v. Stewart*, 668 S.W.2d 727, 730 (Tex. App. 1983), *dismissed* (July 11, 1984) ("The appellee did not offer any evidence at the venue hearing connecting either of the appellants, Johnson and Pickels, with the alleged defamatory article. Although a corporate officer may be held individually liable for a corporate wrong in which he participates, he cannot be held personally liable merely by reason of his corporate office.").

Both Tu's motion to remand and his reply brief admit that he is bringing claims against John Nguyen only because of Nguyen's corporate role, and not because of any action Nguyen took or any decision he was involved in on behalf of HGP USA.  (Docket Entry No. 4 ¶ 19; *see generally* Docket No. 10; Docket Entry No. 11 at 3).  Tu has provided no evidence rebutting Nguyen's affidavit explaining his very limited role at HGP USA, which lasted only three months and had nothing to do with the alleged actions that form the basis for Tu's claims against HGP USA.[5]

---

John Nguyen played in this conspiracy," (Docket Entry No. 4 ¶ 10), these paragraphs provide no detail about John Nguyen's alleged role; his name is merely mentioned in passing.  HGP USA's role is not given "extensive detail" either.

[5] As noted above, Tu identifies six paragraphs as the basis of his defamation conspiracy claims against HGP USA.  Those paragraphs allege that on a single occasion, HGP USA's CEO, Thanh Tuan Ho, served as a cameraman for Pho Bolsa TV.

6

(Docket Entry No. 7-2).  There are no plausible claims against John Nguyen under state law; he is improperly joined in this lawsuit.

The court also concludes that HGP USA is a citizen of California.  The notice of removal states that HGP USA is incorporated and has its principal place of business in California.  (Docket Entry No. 1 ¶ 9).  In the case before Judge Hittner, Tu asserted that HGP USA was a California company and did not dispute that diversity jurisdiction existed.  (Case No. 4:25-cv-04982, Docket Entry No. 4-3 ¶ 9).  In his motion to remand, Tu now argues that because John Nguyen lives in Texas and is the "nerve center" of HGP USA, it is also a citizen of Texas.  (Docket Entry No. 4 ¶¶ 7, 19).  "A corporation's principal place of business is its 'nerve center'—the actual center of [a corporation's] direction, control, and coordination."  *NavSav Holdings, LLC v. Beber*, 724 F. Supp. 3d 615, 624 (E.D. Tex. 2024) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).  "This is generally a corporation's headquarters," *id.*, although it can also be where a single corporate officer makes decisions, *see Selenbio, Inc. v. Selenbio Chem., Inc.*, No. 1:22-CV-726-LY, 2022 WL 19404029, *3 (W.D. Tex. Nov. 17, 2022), *report and recommendation adopted*, No. 1:22-CV-726-LY, 2023 WL 2825851 (W.D. Tex. Jan. 9, 2023).

HGP USA has provided a Rule 7. 1 certificate stating that it is a citizen of California and has provided a document from the California Secretary of State showing that HGP USA was founded in California and has its principal address in California.[6]  (Docket Entry Nos. 33, 33-1). The only owner and director of HGP USA is Thanh Tuan Ho, a California citizen.  (Docket Entry No. 30).  Tu does not dispute that Ho, who he identifies as the CEO and Chairman of the Board of HGP USA, is a California citizen.  (Docket Entry No. 1-1 ¶ 12). The document from the California

---

[6] Although Tu's complaint labels HGP USA an LLC, (Docket Entry No. 1-1 ¶ 11), it is now (and was at the time of this suit's filing) a stock corporation, (Docket Entry No. 33-1).

Secretary of State states that Ho is HGP USA's agent and lists a California address. (Docket Entry No. 33-1). As John Nguyen explained in his affidavit and Ho explained in his affidavit, John Nguyen played only a limited role during his three months as one of the directors of HGP, a role that ended before this lawsuit even began. (Docket Entry Nos. 7-1, 7-2).

Tu's declaration in support of his motion for remand asserts that HGP USA is merely "disguised as a corporation" and "actually functions solely as Ho's personal alter ego." (Docket Entry No. 11 at 4). This assertion undercuts Tu's arguments that John Nguyen was HGP USA's "nerve center" and that the "nerve center" is anywhere but California, where Ho is domiciled. There is no credible allegation (or evidence) that Ho makes his corporate decisions elsewhere. Tu's attempt to recast HGP USA's citizenship in this second lawsuit based on John Nguyen's limited role and his presence in Texas is unavailing.[7]

The court concludes that HGP USA is a California citizen and that John Nguyen was improperly joined. Because complete diversity exists, the court denies the motion to remand.

### B. Res Judicata

Judge Hittner entered a final judgment dismissing Tu's earlier version of this case because Tu failed to comply with the court's order. A dismissal for failing to comply with a court order is a dismissal under Rule 41(b). See *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." (citing FED. R. CIV. P. 41(b)). The default rule is that a Rule 41(b) dismissal is with prejudice. *See* FED. R. CIV. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction,

---

[7] Tu's declaration also included "evidence" allegedly indicating that HGP USA planned to grow its business in Texas in the future. (*See generally* Docket Entry No. 11). The defendants object to Tu's testimony and evidence on multiple grounds. (*See generally* Docket Entry No. 12). In any event, that testimony and "evidence" merely underscores the fact that Texas is not currently HGP USA's principal place of business.

improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."); *Boykin for Roy Lee Kemp Tr. v. Wells Fargo Fin. Tex., Inc*., Civ. Action No. 4:17 02663, 2017 WL 6209606, at *3 (S.D. Tex. Dec. 8, 2017) ("A dismissal under Rule 41(b) is with prejudice unless otherwise stated in the dismissal order."); *Love v. Hunt*, 96 F.3d 1445, 1996 WL 512230, at *2 (5th Cir. 1996) ("Unless otherwise specified in the order of dismissal, a dismissal under Rule 41(b) operates as an adjudication on the merits, and thus as a dismissal with prejudice.").

Tu's primary response to the court's show cause order is that because Judge Hittner dismissed Tu's case "for a procedural failure" and did not reach the substantive merits of his defamation claims, the dismissal was not "on the merits." (Docket Entry No. 18 ¶ 13). Tu ignores the "well-settled law that a dismissal for failure to comply with court orders is an adjudication on the merits." *See Cardoza v. Broadway Moving & Storage Co.*, No. EP-06-CA-191-RPM, 2006 WL 8434121, at *2 (W.D. Tex. July 20, 2006) (concluding that a prior dismissal for failure to comply with a court order that did not specify that dismissal was without prejudice was an "adjudication on the merits" and that the plaintiff's claims were barred by res judicata). Such dismissals have claim preclusive effect. *See id; Dillard v. Sec. Pac. Brokers, Inc.*, 835 F.2d 607, 608 (5th Cir. 1988) ("[Plaintiff's] first argument—that *res judicata* should not apply because the [dismissal for failure to appear at a court-ordered deposition] was not an adjudication on the merits . . . is meritless."); *Ron Bianchi & Assoc., Inc. v. Ford Motor Co.*, Civ. A No. 88-2354, 1989 WL 13562, at *5 (E.D. La. Feb. 9, 1989) ("Although there was no trial on the merits of this claim . . . it is well-settled that dismissal with prejudice as a sanction for failing to follow a Court's orders is a dismissal on the merits and triggers claim preclusive effect."); *Cano v. Everest Minerals Corp.*, No. Civ. A. SA-01-CA-610XR, 2004 WL 502628, at *5–6 (W.D. Tex. Mar. 10, 2004) (concluding

9

that dismissals for failure to comply with the court's scheduling orders were "with prejudice" by default under Rule 41(b) and that res judicata applied).[8]

Tu's primary authority, *Costello v. United States*, 365 U.S. 265 (1961), is inapposite.  In *Costello*, the Supreme Court concluded that the failure to file an affidavit of good cause (a precondition to filing in that case) was a dismissal "for lack of jurisdiction" within the meaning of Rule 41(b), and so the dismissal fell within one of Rule 41(b)'s exceptions to the default rule of dismissal with prejudice.  *Id.* at 284–85.  As Tu admitted in his motion to remand, however, Judge Hittner specifically dismissed the prior case for Tu's failure to comply with a court order, not for failing to satisfy a precondition at the outset.  Federal courts have broad authority to control their own dockets and to dismiss for failures to comply with orders.  *See Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 253 (S.D. Tex. 2005) (noting that the inherent power of federal courts to manage their own affairs "necessarily includes the power of a court 'to control its docket by dismissing a case as a sanction for a party's failure to obey court orders.'" (quoting *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995))); *Pond v. Braniff Airways, Inc.*, 452 F.2d 347, 349 (5th Cir. 1972) ("We do not doubt the district court's power to dismiss with prejudice for failure to prosecute or to comply with court orders, either pursuant to the Federal Rules of Civil

---

[8] One of Tu's post-hearing briefs, (Docket Entry No. 39), quotes (with no analysis) *Semtek Int'l Inc. v Lockheed Martin Corp.*, which addressed the specific question of "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits" and considered the claim-preclusive effect in Maryland of a California federal diversity judgment.  531 U.S. 497, 499, 506 (2001); *see also Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 678 (5th Cir. 2003) ("*Semtek* held that when a diversity court dismisses a claim on state substantive law grounds, the preclusive effect of the judgment is measured not by rule 41(b), but by the preclusion law of the state in which the court sits.").  Tu does not explain why *Semtek* alters the outcome here, where the first case was not dismissed as a matter of state substantive law but as a matter of a federal court's authority to control its own docket.  *See Semtek*, 531 U.S. at 509 ("This federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests.  If, for example, state law did not accord claim-preclusive effect to dismissals for willful violation of discovery orders, federal courts' interest in the integrity of their own processes might justify a contrary federal rule."); *see also In re Container Store Grp.*, 676 B.R. 356, 381 (S.D. Tex. 2026).

10

Procedure or, *sua sponte*, in the exercise of the inherent power of federal courts to control their dockets.")

Finally, although the parties spend much of their supplemental briefing arguing whether Judge Hittner *should* have dismissed with prejudice, that is not the issue before this court. As the court discussed with Tu's counsel at the motion hearing, had Tu wanted to challenge Judge Hittner's dismissal order, Tu should have appealed that order rather than re-file the dismissed case before another judge. "When a dismissal with prejudice is entered, the plaintiff is not permitted to bring a subsequent lawsuit concerning the same claim or cause of action. The remedy in that circumstance is an appeal." *Comer v. Murphy Oil USA, Inc.*, 839 F. Supp. 2d 849, 866 (S.D. Miss. 2012), *aff'd*, 718 F.3d 460 (5th Cir. 2013). The court concludes that Judge Hitter's dismissal was with prejudice. Tu has identified no claims that would not be precluded in this case, which Tu himself describes as a "re-file" of the case that Judge Hittner dismissed for failure to comply with a court order. Preclusion applies. This case is dismissed, with prejudice. *See Cardoza*, 2006 WL 8434121, at *3.

## IV.    Conclusion

The motion to remand is denied and this case is dismissed, with prejudice. Final judgment is separately entered.

SIGNED on June 29, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

11